IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERFORMANCE PRICING, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., AOL LLC, MICROSOFT CORPORATION, YAHOO! INC., IAC SEARCH & MEDIA, INC., and A9.COM, INC., <br><br> Defendants. | Case No. 2:07-cv-432 (LED) <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT YAHOO! INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Yahoo! Inc. ("Yahoo!") respectfully submits its Answer, Affirmative Defenses, and Counterclaims to the Amended Complaint of Plaintiff Performance Pricing, Inc. ("Plaintiff "or "Performance Pricing"), dated October 16, 2007, and states as follows:

**INTRODUCTION**

1.  In answer to paragraph 1 of the Amended Complaint, Yahoo! lacks sufficient information to form a belief as to the allegation that "Performance Pricing is the exclusive licensee with all substantial rights in the invention described and claimed in United States Patent No. 6,978,253," and therefore denies that allegation. Yahoo! admits that the face of U.S. Patent No. 6,978,253 ("the '253 patent") lists its title as "Systems and Methods for Transacting Business Over a Global Communications Network such as the Internet." Except as expressly admitted, Yahoo! denies the remaining allegations in paragraph 1.

sf-2409327

## JURISDICTION AND VENUE

2. In answer to paragraph 2 of the Amended Complaint, Yahoo! admits that this action purports to arise under the Patent Laws of the United States, Title 35 of the United States Code, and that this Court has subject matter jurisdiction under 28 U.S.C. § 1338(a).

3. In answer to paragraph 3 of the Amended Complaint, Yahoo! admits that venue is proper in this district. Except as expressly admitted, Yahoo! denies the remaining allegations in paragraph 3.

## PLAINTIFF PERFORMANCE PRICING

4. In answer to paragraph 4 of the Amended Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

## DEFENDANTS

5. In answer to paragraph 5 of the Amended Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

6. In answer to paragraph 6 of the Amended Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

7. In answer to paragraph 7 of the Amended Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

8. In answer to paragraph 8 of the Amended Complaint, Yahoo! admits that it is a Delaware corporation having its principal place of business in Sunnyvale, California, that it is

registered to do business in the State of Texas, and that CT Corporation System is its registered agent for service of process in the State of Texas.

9. In answer to paragraph 9 of the Amended Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

10. In answer to paragraph 10 of the Amended Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

## FIRST CLAIM FOR ALLEGED PATENT INFRINGEMENT

11. In answer to paragraph 11 of the Amended Complaint, Yahoo! incorporates by reference its answers to paragraphs 1 through 10.

12. In answer to paragraph 12 of the Amended Complaint, Yahoo! admits that Exhibit A attached thereto appears to be a copy of the '253 patent, which, on its face, lists its issuance date as December 20, 2005. Yahoo! lacks sufficient information to form a belief as to the allegation that "Performance Pricing is the exclusive licensee with substantially all rights to the '253 patent, including the rights to pursue and collect damages for any infringement of the patent and to obtain injunctive relief to stop infringement," and therefore denies that allegation. Except as expressly admitted, Yahoo! denies the remaining allegations in paragraph 12.

13. In answer to paragraph 13 of the Amended Complaint, Yahoo! denies all of the allegations of paragraph 13 relating to Yahoo!, including the allegations that Yahoo! has infringed or is currently infringing the '253 patent "[w]ithout a license or permission from Plaintiff" "by making, using, providing, selling, and offering for sale products, methods, and systems that infringe the claims of the '253 patent including, without limitation, the products,

methods, and systems of . . . Yahoo!'s Search Marketing." Yahoo! lacks sufficient information to form a belief as to the allegations contained in paragraph 13 relating to the other defendants, and therefore denies those allegations.

14. In answer to paragraph 14 of the Amended Complaint, Yahoo! denies each allegation.

15. In answer to paragraph 15 of the Amended Complaint, Yahoo! denies each allegation.

16. An answer to paragraph 16 of the Amended Complaint is not necessary from Yahoo!

17. Yahoo! denies that Performance Pricing is entitled to any of the relief it seeks in its prayers for relief.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Yahoo! asserts the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available.

### FIRST DEFENSE
### (Failure to State a Claim)

18. The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Invalidity)

19. One or more of the claims of the '253 patent is invalid on the grounds that the purported invention claimed therein fails to meet the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 101, 102, 103 and/or 112.

### THIRD DEFENSE
### (Non-Infringement)

20.  Yahoo! does not and has not infringed, whether directly or indirectly, literally or by equivalents, any claim of the '253 patent. If the claims at issue are interpreted so broadly as to read on any accused product or method, Yahoo! does not and has not infringed any such claim of the '253 patent under the Reverse Doctrine of Equivalents.

### FOURTH DEFENSE
### (Prosecution History Estoppel)

21.  The actions taken and representations made before the United States Patent and Trademark Office in procuring the '253 patent preclude Performance Pricing from asserting or construing the claims of the patent in a way that would cover or read upon any product or service made, used, sold, or offered for sale by Yahoo!.

### FIFTH DEFENSE
### (Adequate Remedy at Law)

22.  Performance Pricing has an adequate remedy at law, and no basis exists for the grant of equitable relief.

### ADDITIONAL DEFENSES
### (Reserved)

23.  Yahoo! specifically reserves the right to assert any and all affirmative defenses that may become available through information developed in discovery, at trial or otherwise.

### COUNTERCLAIMS
### (Declaratory Judgment as to the '253 Patent)

24.  Yahoo! incorporates by reference paragraphs 1-23 as if fully set forth herein.

25.  Yahoo! is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 701 First Avenue, Sunnyvale, California  94089.

26.  Upon information and belief, Performance Pricing is a Texas corporation.

27. By its Complaint, Performance Pricing alleges that Yahoo! has infringed the '253 patent. Yahoo! has denied these allegations. A justifiable controversy therefore exists between Performance Pricing and Yahoo!.

28. A judicial declaration is necessary and appropriate at this time in order that Yahoo! may ascertain its rights and duties with respect to the '253 patent.

29. These counterclaims arise under federal statutory law, including 35 U.S.C. § 271 *et seq.* and 28 U.S.C. § 2201. Accordingly, this Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Additionally, because there are now pending before this Court claims involving substantially related questions of law and fact, this Court presently has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

30. By filing its Original Complaint, Performance Pricing has consented to the personal jurisdiction of this Court.

31. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b) and 1400.

## COUNT ONE
**(Declaratory Judgment of Non-Infringement of the '253 Patent)**

32. Yahoo! incorporates by reference Paragraphs 1-31 as if fully set forth herein.

33. Yahoo! does not and has not infringed, directly or indirectly, literally or by equivalents, any valid and enforceable claim of the '253 patent.

34. Additionally, Performance Pricing is precluded under the doctrine of prosecution history estoppel from asserting or construing the claims of the '253 patent in a way that would cover or read upon any product or service made, used, sold, or offered for sale by Yahoo!.

## COUNT TWO
**(Declaratory Judgment of Invalidity of the '253 Patent)**

35. Yahoo! incorporates by reference Paragraphs 1-34 as if fully set forth herein.

36. Upon information and belief, one or more claims of the '253 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 101, 102, 103 and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, defendant and counterclaimant Yahoo! prays for relief as follows:

A.   That the Court enter judgment in favor of Yahoo!, and against plaintiff Performance Pricing;

B.   That the Court find that Yahoo! has not infringed and is not infringing the '253 patent and enter declaratory judgment that Yahoo! has not infringed and is not infringing the '253 patent;

C.   That the Court find that the '253 patent is invalid and enter declaratory judgment that the '253 patent is invalid;

D.   That Performance Pricing take nothing by its Amended Complaint against Yahoo!;

E.   That the Court deny any and all of Performance Pricing's request for injunctive relief;

F.   That the Court deny any and all of Performance Pricing's requests for equitable relief;

G.   That the Court dismiss Performance Pricing's Amended Complaint in its entirety, with prejudice.

H.   That the Court find this case exceptional under 35 U.S.C. § 285, and award Yahoo! its costs and fees in this action, including attorneys' fees, and pre-judgment interest thereon; and

I.   That the Court grant Yahoo! such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Yahoo! hereby demands a trial by jury of all issues triable of right by a jury in the above-captioned case.

Dated: December 7, 2007                    Respectfully submitted,

/s/ Michael E. Jones
Michael A. Jacobs (mjacobs@mofo.com)
Lead Attorney
Rachel Krevans (rkrevans@mofo.com)
Richard S.J. Hung (rhung@mofo.com)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Tel: (415) 268-7000
Fax: (415) 268-7522

Michael E. Jones (mikejones@potterminton.com)
Potter Minton, A Professional Corporation
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Attorneys for Defendant/Counterclaimant
Yahoo! Inc.

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on the 7th day of December, 2007. Any other counsel of record will be served via electronic mail or facsimile transmission.

/s/ Michael E. Jones
Michael E. Jones