## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TEXAS

## MARSHALL DIVISION

| | |
|---|---|
| PERFORMANCE PRICING, INC., a Texas corporation;<br><br>   *Plaintiff*,<br><br>  vs.<br><br>GOOGLE INC., a Delaware corporation; AOL LLC, a Delaware limited liability company; MICROSOFT CORPORATION, a Washington corporation; YAHOO! INC., a Delaware corporation; IAC SEARCH & MEDIA, INC., a Delaware corporation; A9.COM, INC., a Delaware corporation;<br><br>   *Defendants*. | CASE NO. 2:07-cv-432 (LED)<br><br>**Jury Trial Demanded** |
| Microsoft Corporation,<br><br>   *Counterclaim-Plaintiff*,<br><br>  vs.<br><br>Performance Pricing, Inc.,<br><br>   *Counterclaim-Defendant*. | |

**DEFENDANT MICROSOFT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT**

For its answer to the amended complaint filed by Performance Pricing, Inc. on October 16, 2007 [Docket No. 16], Defendant Microsoft Corporation ("Microsoft") answers as follows, with each paragraph of the answer below responding to the corresponding numbered paragraph of the complaint:

## INTRODUCTION

1.   Microsoft lacks knowledge sufficient to form a belief as to the truth of plaintiff's allegations concerning licensing of the '253 patent, and on that basis denies such allegations. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph concerning other defendants, and on that basis denies such allegations. Microsoft denies the remaining allegations in this paragraph, and further denies that plaintiff is entitled to either damages or an injunction as sought.

## JURISDICTION AND VENUE

2.   Microsoft admits that Performance Pricing's amended complaint purports to state a cause of action under the Patent Act, 35 U.S.C. §§ 271 and 281, *et. seq*. Microsoft admits this Court may have subject matter jurisdiction over certain patent claims under 28 U.S.C. (S) 1338(a), but Microsoft lacks sufficient information to admit or deny that subject matter jurisdiction exists over this case and, accordingly, denies that it does. Microsoft further denies committing any infringement or other tortious or unlawful act.

3.   Microsoft admits, for purposes of this action only, that it transacts some business in this district, but denies that this business is relevant to, or infringes, the '253 patent, either directly or indirectly. Microsoft denies that venue is proper in this district and further states that even if venue is proper, it is inconvenient. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph concerning other defendants, and on that basis denies such allegations. Except as so admitted, Microsoft denies each and every allegation of this paragraph.

## PLAINTIFF PERFORMANCE PRICING

4.   Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

## DEFENDANTS

5.   Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

6.  Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

7.  Admitted.

8.  Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

9.  Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

10.  Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

## FIRST CLAIM OF PATENT INFRINGEMENT

### (infringement of the '253 patent)

11.  Microsoft incorporates by reference paragraphs 1–10 above.

12.  Microsoft admits that plaintiff purports to attach a copy of the '253 patent to the complaint as Exhibit A, and that the face of the '253 patent shows a title of "Systems and Methods for Transacting Business Over a Global Communications Network such as the Internet" and a patent date of December 20, 2005.  Microsoft lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies such allegations.

13.  Microsoft denies the allegations in this paragraph as applied to Microsoft. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph concerning other defendants, and on that basis denies such allegations.

14.  Microsoft denies the allegations in this paragraph as applied to Microsoft. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph concerning other defendants, and on that basis denies such allegations.

15.  Microsoft denies infringing the '253 patent, either directly or indirectly, and further denies that Performance Pricing is entitled to recover damages from Microsoft.

Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph concerning other defendants, and on that basis denies such allegations.

16.  Microsoft acknowledges and joins Performance Pricing's request for a trial by jury on all issues so triable in this action.

## PERFORMANCE PRICING'S PRAYER FOR RELIEF

Microsoft denies that Performance Pricing is entitled to any of the relief requested in its prayer for relief or any relief whatsoever, and in particular denies that Performance Pricing is entitled to an injunction under any circumstances.

Microsoft denies all allegations not expressly admitted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

On information and belief, prosecution history estoppel and/or prosecution disclaimer precludes any finding of infringement.

### THIRD AFFIRMATIVE DEFENSE

On information and belief, each and every claim of the '253 patent is invalid for failure to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101–103, 111–113, 133.

### FOURTH AFFIRMATIVE DEFENSE

Microsoft does not infringe any valid claim of the '253 patent, either directly or indirectly, literally or under the doctrine of equivalents.

### FIFTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff lacks standing to pursue the claims asserted in this action.

### SIXTHAFFIRMATIVE DEFENSE

To the extent that the alleged invention has been used or manufactured by or for the United States, the claims for relief are barred by 28 U.S.C. § 1498.

### SEVENTH AFFIRMATIVE DEFENSE

Microsoft reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### COUNTERCLAIMS

### NATURE OF THIS ACTION

1. Microsoft Corporation brings this compulsory counterclaim under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, to obtain a declaratory judgment that each and every claim of U.S. Patent No. 6,978,253 is neither valid nor infringed.

### PARTIES

2. Counterclaim-Plaintiff Microsoft Corporation ("Microsoft") is a Washington corporation with its principal place of business in Redmond, Washington.

3. On information and belief, Counterclaim-Defendant Performance Pricing, Inc. ("Performance Pricing") is a Texas corporation with its principal place of business in Austin, Texas.

## JURISDICTION AND VENUE

4. This counterclaim arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

5. Performance Pricing has consented to personal jurisdiction for this action in this district by filing the complaint in this action in this Court [Docket No. 16].

6. To the extent venue of the main action is found to be proper, venue for this counterclaim is also proper in this district pursuant to 28 U.S.C. § 1391(b)–(c).

## FACTUAL BACKGROUND

7. Performance Pricing has alleged that it is the exclusive licensee of U.S. Patent No. 6,978,253, entitled "Systems and Methods for Transacting Business Over a Global Communications Network such as the Internet," (the "'253 patent").

8. Performance Pricing has expressly charged Microsoft with infringement of the '253 patent by filing a complaint against Microsoft in this Court on October 16, 2007 [Docket No. 16]. Microsoft has denied these allegations. Thus, for at least this reason, there exists an actual controversy between Performance Pricing and Microsoft regarding the '253 patent.

## COUNT I

### Declaratory Judgment of Noninfringement of U.S. Patent No. 6,978,253

9. Microsoft repeats and incorporates by reference all of the allegations set forth in paragraphs 1–8.

10. Microsoft has not been and is not now infringing any claim of the '253 patent, either directly or indirectly.

## COUNT II

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,978,253

11. Microsoft repeats and incorporates by reference all of the allegations set forth in paragraphs 1–8.

12. Each and every claim of the '253 patent is invalid for failure to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101–103, 111–113, 133.

## DEMAND FOR JURY TRIAL

Microsoft demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft prays for judgment in its favor and against Performance Pricing as follows:

A. Dismissing with prejudice Performance Pricing's claims against Microsoft;

B. Declaring that Microsoft has not been and is not now infringing any claim of the '253 patent, either directly or indirectly;

C. Declaring that each and every claim of the '253 patent is invalid;

D. Denying Performance Pricing's request for damages, costs, attorneys' fees, interest, and injunctive relief;

E. Declaring this an "exceptional case" under 35 U.S.C. § 285 and awarding Microsoft its expenses, costs, and attorneys' fees; and

F. Granting Microsoft other and further equitable or legal relief as the Court deems just and proper.

Dated:  December 7, 2007                              Respectfully submitted,

/s/ Eric H. Findlay

Eric H. Findlay (Lead Counsel)
Ramey & Flock PC
100 E. Ferguson, Suite 500
Tyler, TX 75702-0629
Tel. (903) 510-5213
Fax (903) 597-2413
E-mail: efindlay@rameyflock.com

Richard A.Cederoth
Sidley Austin LLP
1 South Dearborn Street
Chicago, Illinois 60603
tel. 312-853-7000
fax 312-853-7036

*Attorneys for Microsoft Corporation*

## CERTIFICATE OF SERVICE

I, Eric H. Findlay, hereby certify that this document is being served via the Court's Electronic Filing System pursuant to Local Rule CV-5(a)(3) before 5 p.m. local time on December 7, 2007.

/s/ Eric H. Findlay
Eric H. Findlay