IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERFORMANCE PRICING, INC., ) <br> a Texas corporation; ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> (1) GOOGLE INC., a Delaware corporation; ) <br> (2) AOL LLC, a Delaware limited liability ) <br>   company; ) <br> (3) MICROSOFT CORPORATION, a Washington ) <br>   corporation; ) <br> (4) YAHOO! INC., a Delaware corporation; ) <br> (5) IAC SEARCH & MEDIA, INC., a Delaware ) <br>   corporation; ) <br> (6) A9.COM, INC., a Delaware corporation; ) <br> ) <br> Defendants. ) | Civil Action No. 2:07-cv-432-LED-JDL <br><br><br><br> Hon. Leonard E. Davis (JURY) |

**DEFENDANT A9.COM, INC.'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
PERFORMANCE PRICING, INC'S FIRST AMENDED COMPLAINT**

Defendant A9.com, Inc. ("A9.com") answers the First Amended Complaint of Plaintiff Performance Pricing, Inc. ("Plaintiff") as follows:

1.     A9.com is without information or knowledge sufficient to form a belief as to the truth of whether Plaintiff is the exclusive licensee of U.S. Patent No. 6,978,253 ("the '253 patent") and on that basis denies the same.  A9.com admits that Plaintiff appears to be seeking damages and an injunction.  A9.com further denies any and all remaining allegations of paragraph 1 of the Complaint.

1

2. A9.com admits that the Amended Complaint purports to state a cause of action under the cited patent laws of the United States and that the court has jurisdiction over this action under 28 U.S.C. § 1338(a).

3. A9.com is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to any other Defendant and on that basis denies the same. A9.com denies all remaining allegations of paragraph 3.

4. A9.com is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 4, and on that basis denies the same.

5. A9.com is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 5, and on that basis denies the same.

6. A9.com is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 6, and on that basis denies the same.

7. A9.com is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 7, and on that basis denies the same.

8. A9.com is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 8, and on that basis denies the same.

9. A9.com is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 9, and on that basis denies the same.

10. Admitted.

11. A9.com incorporates by reference each of its responses to paragraphs 1-10.

12. A9.com admits that Exhibit A, on its face, purports to be a copy of the ‑253 patent, which lists its issue date as December 20, 2005. A9.com denies that the ‑253 patent was

duly and legally issued. A9.com is without knowledge or information sufficient to form a belief as to the truth of all other allegations of paragraph 12 and on that basis denies the same.

13. A9.com admits that it offers a service referred to as Clickriver. A9.com denies that it has infringed any valid claim of the ‑253 patent. A9.com is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to any other Defendant and on that basis denies the same. A9.com denies any and all other allegations of paragraph 13.

14. A9.com denies that it has infringed any valid claim of the ‑253 patent. A9.com is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to any other Defendant and on that basis denies the same. A9.com denies any and all other allegations of paragraph 14.

15. A9.com denies that it has infringed any valid claim of the ‑253 patent. A9.com is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to any other Defendant and on that basis denies the same. A9.com denies any and all other allegations of paragraph 15.

16. Paragraph 16 of the Complaint requires no response.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Amended Complaint, A9.com asserts the following defenses. A9.com reserves the right to amend its answer with additional defenses as further information is obtained.

### First Defense: Non-infringement of the Asserted Patents

1. A9.com has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the ‑253 Patent, and is not liable for infringement thereof.

2. All A9.com methods, systems, apparatus, and/or products that are accused of infringement have substantial uses that do not infringe and therefore cannot induce or contribute to the infringement of the '253 Patent.

### Second Defense:  Invalidity of the Asserted Patents

3. One or more of the claims of the '253 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including, without limitation, one or more of 35 U.S.C. §§ 101, 102, 103, and 112, *et seq.*.

### Third Defense:  Failure to Provide Notice

4. On information and belief, Plaintiff has failed to meet the requirements of 35 U.S.C. §§ 271(b) and (c), 284 and/or 287.

### Fourth Defense:  Prosecution History Estoppel

5. Plaintiff's alleged causes of action for patent infringement are barred under the doctrine of prosecution history estoppel, and Plaintiff is estopped from claiming that the '253 Patent covers or includes any accused A9.com method, system, and/or product.

### Fifth Defense:  Dedication to the Public

6. Plaintiff has dedicated to the public any method, system, and/or product disclosed in the '253 Patent but not literally claimed therein and is therefore estopped from claiming infringement by any such public domain method, system, and/or product.

### Sixth Defense:  Failure to Join Indispensable Parties

7. Any parties retaining rights in the '253 Patent may be indispensable parties who must be joined.

4

**Seventh Defense:  Reverse Doctrine of Equivalents**

8. A9.com's accused methods and/or systems operate and/or are programmed in ways substantially different in principle from the way the invention described in the patent operates and/or is programmed, and Plaintiff cannot sustain its burden of proving otherwise.

**Eighth Defense: Failure to State a Claim**

9. Plaintiff has failed to state a claim for infringement under 35 U.S.C. §§ 271.

**COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

A9.com pleads the following counterclaims against Performance Pricing, Inc.:

**First Counterclaim:  Patent Non-infringement**

1. This counterclaim arises under the patent laws of the United States, Title 35 U.S.C.  This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. §§ 1338, 2201, and 2202.

2. A9.com, Inc. ("A9.com") is a Delaware corporation with its principal place of business in Palo Alto, California.

3. On information and belief, Plaintiff Performance Pricing, Inc. ("Plaintiff") is a Texas corporation having a principal place of business in Austin, Texas and has filed suit against A9.com in this district.

4. To the extent that this action remains in this district, venue for this counterclaim is proper within this district, because the counterclaim arises from facts and circumstances alleged in the Complaint filed by Plaintiff in this district.

5. Plaintiff purports to be the "exclusive licensee with all substantial rights in the invention described and claimed in" the U.S. Patent No. 6,978,253 ("the '253 Patent").

6. Plaintiff has alleged that A9.com has infringed the '253 Patent.

5

7. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Plaintiff, on the one hand, and A9.com, on the other hand, on the non-infringement of the -253 Patent.

8. A9.com has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the -253 Patent, and is not liable for infringement thereof.

9. All A9.com methods, systems, apparatus, and/or products that are accused of infringement have substantial uses that do not infringe and therefore cannot induce or contribute to the infringement of the -253 Patent.

## Second Counterclaim:  Patent Invalidity

10. A9.com repeats and realleges paragraphs 1-6 of its Counterclaims, as if fully set forth here.

11. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Plaintiff, on the one hand, and A9.com, on the other hand, on the invalidity of the -253 Patent.

12. One ore more of the claims of the -253 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, A9.com prays for the following relief:

A. A judgment against, and dismissing with prejudice, Plaintiff's Amended Complaint and all claims asserted therein against A9.com;

B. A judgment declaring that the asserted claims of the -253 Patent are invalid and not infringed by A9.com;

C. A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and an award to A9.com of its costs and reasonable attorneys' fees, together with interest, including prejudgment interest, thereon; and

D. Such other and further relief as may be deemed just and appropriate.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Defendant A9.com, Inc. demands a trial by jury.

Dated this 7th day of December, 2007    By: */s/ Andy Tindel w/permission of Lead Attorney*
**Kristin L. Cleveland** (OR Bar No. 001318)
kristin.cleveland@klarquist.com
Lead Attorney
Admitted *Pro Hac Vice*
**Jeffrey S. Love** (OR Bar No. 87398)
jeffrey.love@klarquist.com
Admitted *Pro Hac Vice*
**Richard D. Mc Leod** (TX Bar No. 24026836)
rick.mcleod@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204
Telephone:  503-595-5300
Fax:  503-595-5301

**David A. Zapolsky** (WA Bar No. 22451)
davidz@amazon.com
*Pro Hac Vice* Pending
Vice President and Associate General Counsel
AMAZON.COM, INC.
P.O. Box 81226
Seattle, Washington  98101
Telephone:  206-266-1323
Facsimile:  206-266-7010

**Andy Tindel** (TX Bar No. 20054500)
atindel@andytindel.com
PROVOST UMPHREY LAW FIRM, LLP
112 E. Line Street, Suite 304
Tyler, Texas  75702
Telephone:  903-596-0900
Facsimile:  903-596-0909

*Attorneys for Defendant A9.com, Inc.*

7

## CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 7th day of December, 2007. Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

                                              */s/ Andy Tindel*