UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERFORMANCE PRICING, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC.; AOL LLC; MICROSOFT CORP.; YAHOO! INC.; IAC SEARCH & MEDIA, INC.; AND A9.COM, INC. <br><br> Defendants. | Civil Action No. 2-07CV-432-LED <br><br> JURY DEMANDED |

### AOL LLC'S ANSWER AND COUNTERCLAIMS TO PERFORMANCE PRICING, INC.'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant and counterclaimant AOL LLC ("AOL") by and through the undersigned counsel, answers the Amended Complaint for Patent Infringement ("Amended Complaint") of plaintiff and counterdefendant Performance Pricing, Inc. ("Plaintiff"), as follows:

#### Introduction

1.  AOL admits the United States Patent No. 6,978,253 (the "'253 patent") is entitled "Systems and Methods for Transacting Business Over a Global Communications Network such as the Internet." AOL denies that it has used, and continues to use, any technology claimed in '253 patent. AOL further denies that Plaintiff is entitled to the relief it seeks or any relief at all from AOL. AOL is without knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff is the exclusive licensee with all substantial rights in the invention described and claimed in the '253 patent as alleged in paragraph 1 and therefore denies this allegation. AOL denies any remaining allegations in paragraph 1 of the Amended Complaint.

**Jurisdiction and Venue**

2. AOL denies liability, but admits that this Court has subject matter jurisdiction over Plaintiff's action as pled in paragraph 2 of the Complaint. AOL denies any remaining allegations in paragraph 2.

3. In response to paragraph 3 of the Complaint and solely for the purpose of this action, AOL does not contest venue in this District. However, the interests and convenience of the parties would be better served by transferring this case to a different district. AOL admits that it is subject to personal jurisdiction in this District solely for the purpose of this action. AOL admits that it has conducted and does conduct business in the Eastern District of Texas. AOL denies that it has committed acts of infringement within the Eastern District of Texas, or any other District. AOL denies any remaining allegations in paragraph 3.

**Plaintiff Performance Pricing**

4. AOL lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 4 of the Amended Complaint and therefore denies them.

**Defendants**

5. AOL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Amended Complaint and therefore denies them.

6. Admitted.

7. AOL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Amended Complaint and therefore denies them.

8. AOL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Amended Complaint and therefore denies them.

9. AOL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Amended Complaint and therefore denies them.

10. AOL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Amended Complaint and therefore denies them.

**First Claim for Patent Infringement**
**(Infringement of the '253 patent)**

11. As to paragraph 11 of the Amended Complaint, AOL reasserts and incorporates its responses to paragraphs 1 through 10 of the Amended Complaint.

12. As to paragraph 12, AOL admits that the United States Patent and Trademark Office issued the '253 patent on December 20, 2005, and that a copy of the '253 patent was attached to the Amended Complaint as Exhibit A. Except as expressly admitted, AOL denies the remaining allegations of paragraph 12 of the Amended Complaint.

13. AOL denies the allegations in paragraph 13. To the extent the allegations set forth in paragraph 13 relate to other defendants, AOL lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations.

14. AOL denies the allegations of paragraph 14 of the Amended Complaint. To the extent the allegations set forth in paragraph 14 relate to other defendants, AOL lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations.

15. AOL denies the allegations of paragraph 15 of the Amended Complaint. To the extent the allegations set forth in paragraph 15 relate to other defendants, AOL lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations.

16. AOL admits that Plaintiff purports to demand trial by jury.

### Prayer for Relief

AOL denies that Plaintiff is entitled to the relief sought by its Prayer for Relief, set forth on page 5 of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE: Non-Infringement of the '253 Patent

AOL has not infringed and is not infringing any valid and enforceable claim of the '253 patent.

### SECOND AFFIRMATIVE DEFENSE: Invalidity and/or Enforceability of the '253 Patent

The claims of the '253 patent are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

### THIRD AFFIRMATIVE DEFENSE: Prosecution History Estoppel

The claims of the '253 patent are so limited by the prior art, by their terms, and/or by representations made to the United States Patent and Trademark Office during prosecution of the application which resulted in the '253 patent, that none of the claims of the patent are infringed by AOL.

### FOURTH AFFIRMATIVE DEFENSE: Unclean Hands

On information and belief, the claims of the '253 patent are unenforceable due to Plaintiff's unclean hands.

### FIFTH AFFIRMATIVE DEFENSE: Lack of Standing

On information and belief, Plaintiff lacks standing necessary to assert the claims of the '253 patent against AOL.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant AOL ("AOL") for its Counterclaims against Plaintiff Performance Pricing, Inc. ("Plaintiff"), alleges as follows:

### PARTIES

1.AOL is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Dulles, Virginia.

2.Plaintiff alleges that it is a corporation organized and existing under the laws of the state of Texas with its principal place of business in Austin, Texas.

### JURISDICTION AND VENUE

3.This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4.Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

### COUNTERCLAIMS

5.The '253 patent was issued, albeit improperly, by the United States Patent and Trademark Office on December 20, 2005. Plaintiff claims to be the exclusive licensee with all substantial rights to the '253 patent.

6.Plaintiff has alleged that certain acts by AOL infringe the '253 patent.

7.An actual controversy exists between AOL and Plaintiff regarding the validity and infringement of any valid and enforceable claim of the '253 patent.

**FIRST CAUSE OF ACTION: Declaratory Judgment of Non-Infringement**

8. AOL incorporates the allegations in paragraphs 1 through 16 of the answer and defenses herein and paragraphs 1 through 7 of these counterclaims as if fully set forth herein.

9. AOL has not infringed and is not infringing any valid and enforceable claim of the '253 patent.

**SECOND CAUSE OF ACTION: Declaratory Judgment of Invalidity and/or Unenforceability**

10. AOL incorporates the allegations in paragraphs 1 through 16 of the answer and defenses herein and paragraphs 1 through 9 of these counterclaims as if fully set forth herein.

11. The '253 patent is invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

**EXCEPTIONAL CASE**

12. On information and belief, this is an exceptional case entitling AOL to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Plaintiff's assertion of the '253 patent against AOL with the knowledge that the '253 patent is not infringed and/or invalid.

**RELIEF REQUESTED**

WHEREFORE, AOL respectfully requests the following relief:

1. A judgment in favor of AOL denying Plaintiff all relief requested in its Complaint in this action and dismissing Plaintiff's Amended Complaint for patent infringement with prejudice;

2. A judgment declaring that each claim of the '253 patent is invalid and/or unenforceable;

3.       A judgment declaring that AOL has not infringed and is not infringing any valid and/or enforceable claim of the '253 patent, and that AOL has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '253 patent;

4.       A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding AOL its costs, expenses, and reasonable attorneys' fees;

5.       That the Court award AOL such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), AOL demands a trial by jury on all issues so triable.


Dated:  December 7, 2007                     Respectfully submitted,


                                             _____/s/_____
                                             Harry L. Gillam, Jr.
                                             State Bar No. 07921800
                                             GILLAM & SMITH, LLP
                                             303 S. Washington Ave.
                                             Marshall, Texas 75670
                                             Telephone: (903) 934-8450
                                             Facsimile: (903) 934-9257

                                             CHARLES K. VERHOEVEN
                                             LEAD COUNSEL
                                             Cal. Bar No. 170151
                                             charlesverhoeven@quinnemanuel.com
                                             JENNIFER A. KASH
                                             Cal. Bar No. 203679
                                             jenniferkash@quinnemanuel.com
                                             KEVIN A. SMITH
                                             N.Y. Bar No. 4318952
                                             kevinsmith@quinnemanuel.com

>KATHERINE H. BENNETT
>Cal. Bar No. 250175
>katherinebennett@quinnemanuel.com
>50 California St., 22nd Floor
>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
>San Francisco, CA 94111
>Telephone: (415) 875-6600
>Facsimile: (415) 875-6700
>
>ATTORNEYS FOR DEFENDANT AOL LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 7, 2007. Any other counsel of record will be served by facsimile transmission and first class mail.

_____
Harry L. Gillam, Jr.