UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERFORMANCE PRICING, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC.; AOL LLC; MICROSOFT CORP.; YAHOO! INC.; IAC SEARCH & MEDIA, INC.; AND A9.COM, INC. <br><br> Defendants. | Civil Action No. 2-07CV-432-LED <br><br> JURY TRIAL REQUESTED |

### DEFENDANT GOOGLE INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PERFORMANCE PRICING, INC.'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant and counterclaimant Google Inc. ("Google") by and through the undersigned counsel, answers the Amended Complaint for Patent Infringement ("Amended Complaint") of plaintiff and counterdefendant Performance Pricing, Inc. ("Plaintiff"), as follows:

### Introduction

1.   Google admits the United States Patent No. 6,978,253 (the "'253 patent") is entitled "Systems and Methods for Transacting Business Over a Global Communications Network such as the Internet." Google denies that it has used, and continues to use, any technology claimed in '253 patent. Google further denies that Plaintiff is entitled to the relief it seeks or any relief at all from Google. Google is without knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff is the exclusive licensee with all substantial rights in the invention described and claimed in the '253 patent as alleged in paragraph 1 and therefore denies this allegation. Google denies any remaining allegations in paragraph 1 of the Amended Complaint.

## Jurisdiction and Venue

2.  Google denies liability, but admits that this Court has subject matter jurisdiction over Plaintiff's action as pled in paragraph 2 of the Complaint. Google denies any remaining allegations in paragraph 2.

3.  In response to paragraph 3 of the Complaint and solely for the purpose of this action, Google does not contest venue in this District. However, the interests and convenience of the parties would be better served by transferring this case to a different district. Google admits that it is subject to personal jurisdiction in this District solely for the purpose of this action. Google admits that it has conducted and does conduct business in the Eastern District of Texas. Google denies that it has committed acts of infringement within the Eastern District of Texas, or any other District. Google denies any remaining allegations in paragraph 3.

## Plaintiff Performance Pricing

4.  Google lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 4 of the Amended Complaint and therefore denies them.

## Defendants

5.  Admitted.

6.  Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Amended Complaint and therefore denies them.

7.  Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Amended Complaint and therefore denies them.

8. Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Amended Complaint and therefore denies them.

9. Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Amended Complaint and therefore denies them.

10. Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Amended Complaint and therefore denies them.

**First Claim for Patent Infringement**
**(Infringement of the '253 patent)**

11. As to paragraph 11 of the Amended Complaint, Google reasserts and incorporates its responses to paragraphs 1 through 10 of the Complaint.

12. As to paragraph 12, Google admits that the United States Patent and Trademark Office issued the '253 patent, albeit improperly, on December 20, 2005, and that Exhibit A to the Amended Complaint indicates on its face that it is the '253 patent. Except as expressly admitted, Google denies the remaining allegations of paragraph 12 of the Amended Complaint.

13. Google denies the allegations in paragraph 13. To the extent the allegations set forth in paragraph 13 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations.

14. Google denies the allegations of paragraph 14 of the Complaint. To the extent the allegations set forth in paragraph 14 relate to other defendants, Google lacks knowledge or

information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations.

15.     Google denies the allegations of paragraph 15 of the Complaint.  To the extent the allegations set forth in paragraph 15 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations.

16.     Google admits that Plaintiff demands a trial by jury.

### Prayer for Relief

Google denies that Plaintiff is entitled to the relief sought by its Prayer for Relief, set forth on page 5 of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE:  Non-Infringement of the '253 Patent

Google has not infringed and is not infringing any valid and enforceable claim of the '253 patent.

### SECOND AFFIRMATIVE DEFENSE:  Invalidity and/or Enforceability of the '253 Patent

The claims of the '253 patent are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

### THIRD AFFIRMATIVE DEFENSE:  Prosecution History Estoppel

The claims of the '253 patent are so limited by the prior art, by their terms, and/or by representations made to the United States Patent and Trademark Office during prosecution of the application which resulted in the '253 patent, that none of the claims of the patent are infringed by Google.

### FOURTH AFFIRMATIVE DEFENSE:  Unclean Hands

On information and belief, the claims of the '253 patent are unenforceable due to Plaintiff's unclean hands.

### FIFTH AFFIRMATIVE DEFENSE:  Lack of Standing

On information and belief, Plaintiff lacks the standing necessary to assert the claims of the '253 patent against Google.

### COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant Google ("Google") for its Counterclaims against Plaintiff Performance Pricing, Inc. ("Plaintiff"), alleges as follows:

### PARTIES

1.　Google is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA, 94043.

2.　Plaintiff alleges that it is a corporation organized and existing under the laws of the state of Texas with its principal place of business in Austin, Texas.

### JURISDICTION AND VENUE

3.　This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4.　Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## COUNTERCLAIMS

5. The '253 patent was issued, albeit improperly, by the United States Patent and Trademark Office on December 20, 2005. Plaintiff claims to be the exclusive licensee with all substantial rights to the '253 patent.

6. Plaintiff has alleged that certain acts by Google infringe the '253 patent.

7. An actual controversy exists between Google and Plaintiff regarding the validity and infringement of any valid and enforceable claim of the '253 patent.

### FIRST CAUSE OF ACTION: Declaratory Judgment of Non-Infringement

8. Google incorporates the allegations in paragraphs 1 through 16 of the answer and defenses herein and paragraphs 1 through 7 of these counterclaims as if fully set forth herein.

9. Google has not infringed and is not infringing any valid and enforceable claim of the '253 patent.

### SECOND CAUSE OF ACTION: Declaratory Judgment of Invalidity and/or Unenforceability

10. Google incorporates the allegations in paragraphs 1 through 16 of the answer and defenses herein and paragraphs 1 through 9 of these counterclaims as if fully set forth herein.

11. The '253 patent is invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

### EXCEPTIONAL CASE

12. On information and belief, this is an exceptional case entitling Google to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Plaintiff's assertion of the '253 patent against Google with the knowledge that Google does not infringe any valid or enforceable claim of the '253 patent and/or that the '253 patent is invalid and/or unenforceable.

## RELIEF REQUESTED

WHEREFORE, Google respectfully requests the following relief:

1. A judgment in favor of Google denying Plaintiff all relief requested in this action and dismissing Plaintiff's Amended Complaint for patent infringement with prejudice;

2. A judgment declaring that each claim of the '253 patent is invalid and/or unenforceable;

3. A judgment declaring that Google has not infringed and is not infringing any valid and/or enforceable claim of the '253 patent, and that Google has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '253 patent;

4. A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Google its costs, expenses, and reasonable attorneys' fees;

5. That the Court award Google such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Google demands a trial by jury on all issues so triable.

Dated:  December 7, 2007

           Respectfully submitted,

By:  /s/
    David J. Beck
    Texas Bar No. 00000070
    dbeck@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX.  77010
(713) 951-3700
(713) 951-3720 (Fax)

**LEAD ATTORNEY FOR DEFENDANT GOOGLE INC.**

    Geoff A. Gannaway
    State Bar No. 24036617
    ggannaway@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX.  77010
(713) 951-3700
(713) 951-3720 (Fax)

**OF COUNSEL
FOR DEFENDANT GOOGLE INC.**

        Charles K. Verhoeven,
        charlesverhoeven@quinnemanuel.com
        Attorney In Charge
        David A. Perlson,
        davidperlson@quinnemanuel.com
        Antonio R. Sistos,
        antoniosistos@quinnemanuel.com
        Emily C. O'Brien,
        emilyobrien@quinnemanuel.com
        Katherine H. Bennett,
        katherinebennett@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone:    (415) 875 6600
Facsimile:    (415) 875 6700

**OF COUNSEL**
**FOR DEFENDANT GOOGLE INC.**

## CERTIFICATE OF SERVICE

    I certify that counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

    /s/
    Geoff A. Gannaway

51300/2293836.1
**DEFENDANT GOOGLE INC.'S ANSWER TO COMPLAINT**    9