**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PERFORMANCE PRICING, INC., a Texas corporation | Civil Action No. 2:07-cv-432 (LED) |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| GOOGLE INC., a Delaware corporation; AOL LLC, a Delaware limited liability company; MICROSOFT CORPORATION, a Washington corporation, YAHOO! INC., a Delaware corporation; IAC SEARCH & MEDIA, INC., a Delaware corporation; A9.COM, Inc., a Delaware corporation; | |
| Defendants. | |

**DEFENDANT IAC SEARCH & MEDIA, INC.'S
ANSWER AND COUNTERCLAIMS**

In response to the Amended Complaint for Patent Infringement (the "Amended Complaint") filed on October 18, 2007 by plaintiff Performance Pricing, Inc. ("Performance Pricing"), defendant and counterclaimant IAC Search & Media, Inc. ("IAC") pleads as follows:

**<u>Introduction</u>**

1.      In response to Paragraph 1, IAC responds as follows:  IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Performance Pricing is the exclusive licensee of United States Patent No. 6,978,253 (the "'253 patent"); IAC denies the allegation that it has used and continues to use patented technology of Performance Pricing; IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegation that the other defendants have used and continue to use patented technology of Performance Pricing, and therefore denies it; IAC admits that Performance Pricing is seeking damages and an injunction in its Amended Complaint, but denies that Performance Pricing is entitled to any relief.

1

Dockets.Justia.com

**Jurisdiction and Venue**

2.      In response to Paragraph 2, IAC responds as follows:  IAC admits that the Amended Complaint asserts a claim for patent infringement under the patent laws of the United States, and that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, IAC denies the allegations of Paragraph 2.

3.      IAC admits that it regularly does substantial business in this judicial district and that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400, and denies each and every remaining allegation of Paragraph 3 as to itself.  IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3 as to the other defendants, and therefore denies them.

**Plaintiff Performance Pricing**

4.      IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 4, and therefore denies them.

**Defendants**

5.      IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 5, and therefore denies them.

6.      IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 6, and therefore denies them.

7.      IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies them.

8.      IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies them.

9.      IAC admits the allegations of Paragraph 9.

10.      IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 10, and therefore denies them.

### First Claim for Patent Infringement

11.    In response to Paragraph 11, IAC incorporates by reference its responses to Paragraphs 1 through 10 above.

12.    In response to Paragraph 12, IAC admits that the face of the '253 patent) states that it was issued by the United States patent and Trademark Office ("PTO") on December 20, 2005, and that a copy of the text of the '253 patent is attached as Exhibit A to the Amended Complaint, but denies any allegation that the '253 patent was duly and legally issued.  Except as expressly admitted, IAC lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 12, and therefore denies them.

13.    IAC denies each and every allegation of Paragraph 13 regarding itself.  IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13 regarding the remaining defendants, and therefore denies them.

14.    IAC denies each and every allegation of Paragraph 14.

15.    IAC denies each and every allegation of Paragraph 15.

16.    Because Paragraph 16 demands a jury trial and does not state any facts, no response is required.

In response to the prayer for relief, IAC denies that Performance Pricing is entitled to any relief.

### AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, IAC asserts the following affirmative and other defenses.  IAC reserves the right to amend its Answer to add additional affirmative defenses (including the defense of inequitable conduct) as additional information becomes available.

### FIRST DEFENSE
#### (Invalidity)

17.    Each of the claims of the '253 patent is invalid on the grounds that the purported invention claimed therein fails to meet the conditions of patentability specified in Title 35 of the

United States Code, including, without limitation, Sections 41, 101, 102, 103, 112, 115, 116, and 132 of Title 35, and/or under the doctrine of obviousness-type double patenting.

## SECOND DEFENSE
### (Non-Infringement)

18.    IAC does not and has not infringed, induced infringement of, or contributed to the infringement of, any claim of the '253 patent, either literally or under the doctrine of equivalents, nor willfully or otherwise.  If the claims at issue are interpreted so broadly as to read on any accused product or method, IAC does not and has not infringed, induced infringement of, or contributed to the infringement of, any such claim of the patents under the reverse doctrine of equivalents.

## THIRD DEFENSE
### (Prosecution History Estoppel)

19.    The actions taken and representations made before the PTO in procuring the '253 patent precludes Performance Pricing from asserting or construing, whether literally or by the doctrine of equivalents, the claims of the patent in a way that would cover or read upon any product or method made, used, sold, or offered for sale by IAC, or made, used, sold, or offered for sale by another entity whose conduct forms the basis of an allegation that IAC contributed to or induced infringement.

## FOURTH DEFENSE
### (Equitable Defenses)

20.    Any claim for damages by Performance Pricing is barred by the equitable doctrines of laches, waiver, equitable estoppel, acquiescence, implied license, unclean hands, or any other equitable doctrine.

21.    IAC has no obligation with respect to any claim alleged in the Amended Complaint to the extent that such claim is barred by the equitable doctrines of laches, waiver, equitable estoppel, acquiescence, implied license, unclean hands, or any other equitable doctrine.

## FIFTH DEFENSE
### (Adequate Remedy at Law)

22.    Performance Pricing has an adequate remedy at law, and no basis exists for the grant of equitable relief.

## ADDITIONAL DEFENSES
### (Reserved)

23.    IAC specifically reserves the right to assert any and all affirmative defenses that may become available through information developed in discovery, at trial or otherwise.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, IAC hereby demands a trial by jury of all issues triable of right by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, defendant IAC Search & Media, Inc. prays for relief as follows:

A.    That the Court enter judgment in favor of IAC, and against plaintiff Performance Pricing;

B.    That the Court find the '253 patent invalid;

C.    That the Court find the '253 patent unenforceable;

D.    That the Court find the '253 patent not infringed by IAC;

E.    That Performance Pricing take nothing by its Amended Complaint against IAC;

F.    That the Court deny any and all of plaintiff Performance Pricing's requests for injunctive relief;

G.    That the Court deny any and all of plaintiff Performance Pricing's requests for equitable relief;

H.    That the Court dismiss Performance Pricing's Amended Complaint in its entirety, with prejudice;

I.    That the Court find this case exceptional under 35 U.S.C. § 285, and award IAC its costs and fees in this action, including attorneys' fees, and pre-judgment interest thereon; and

J.      That the Court grant IAC such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

### (Declaratory Judgment as to the '253 Patent)

1.      IAC incorporates by reference what is set out in the preceding paragraphs as if fully set forth herein.

2.      By its Amended Complaint, Performance Pricing alleges that the '253 patent is valid and enforceable and that IAC has infringed it.  IAC has denied these allegations.  A justifiable controversy therefore exists between Performance Pricing and IAC.

3.      A judicial declaration is necessary and appropriate at this time so that IAC may ascertain its rights and duties with respect to the '253 patent.

4.      These counterclaims arise under federal statutory law, including 35 U.S.C. § 271 *et seq.* and 28 U.S.C. § 2201.  Accordingly, this Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Additionally, because there are now pending before this Court claims involving substantially related questions of law and fact, this Court presently has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

## COUNT ONE

### (Declaratory Judgment of Non-Infringement of the'253 Patent)

5.      IAC incorporates by reference Paragraphs 1-4 of these Counterclaims as if fully set forth herein.

6.      IAC does not and has not infringed, directly or indirectly, willfully or otherwise, any valid and enforceable claim of the '253 patent, either literally or under the doctrine of equivalents.

7.      Additionally, Performance Pricing is precluded under the doctrine of prosecution history estoppel from asserting or construing, whether literally or by the doctrine of equivalents, the claims of the '253 patent in a way that would cover or read upon any product or method made, used, sold, or offered for sale by IAC.

## COUNT TWO

### (Declaratory Judgment of Invalidity of the '253 Patent)

8.      IAC incorporates by reference Paragraphs 1-7 of these Counterclaims as if fully set forth herein.

9.      Upon information and belief, the '253 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, Sections 41, 101, 102, 103, 112, 115 and 116 of Title 35, and/or under the doctrine of obviousness-type double patenting.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, IAC hereby demands a trial by jury of all issues triable of right by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, counterclaimant IAC Search & Media, Inc. prays for relief as follows:

A.      That the Court enter judgment in favor of IAC, and against plaintiff Performance Pricing;

B.      That the Court enter declaratory judgment that the '253 patent is invalid;

C.      That the Court enter declaratory judgment that the '253 patent is not infringed by IAC;

E.      That Performance Pricing take nothing by its Amended Complaint against IAC;

F.      That the Court deny any and all of plaintiff Performance Pricing' requests for injunctive relief;

G.      That the Court dismiss Performance Pricing's Amended Complaint in its entirety, with prejudice;

H.      That the Court find this case exceptional under 35 U.S.C. § 285, and award IAC its costs and fees in this action, including attorneys' fees, and pre-judgment interest thereon; and

   J.  That the Court grant IAC such other and further relief as the Court deems just and proper.

December 13, 2007      Respectfully submitted,

           /s/ Otis Carroll_____
           Otis Carroll, Lead Counsel
           State Bar No. 03895700
           Collin Maloney
           State Bar No. 00794219
           IRELAND, CARROLL & KELLEY, P.C.
           6101 S. Broadway, Suite 500
           Tyler, Texas 75703
           Tel: (903) 561-1600
           Fax: (903) 581-1071
           Email: Fedserv@icklaw.com

           *Attorneys for Defendant IAC Search*
           *& Media, Inc.*

## CERTIFICATE OF SERVICE

   This is to certify that a true and correct copy of the foregoing instrument was filed electronically in compliance with Local Rule CV-5(a)(3) and has been served this 13th day of December, 2007 on the counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile transmission or first class mail on this same date.

           /s/   Otis Carroll_____