IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERFORMANCE PRICING, INC., <br><br> Plaintiff, <br> v. <br><br> GOOGLE INC., AOL LLC, MICROSOFT CORPORATION, YAHOO! INC., IAC SEARCH & MEDIA, INC., and A9.COM, INC., <br><br> Defendants. | Case No. 2:07-cv-432 (LED) <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF AND COUNTERDEFENDANT PERFORMANCE PRICING, INC.'S REPLY TO COUNTERCLAIMS OF DEFENDANT YAHOO! INC.

Plaintiff Performance Pricing, Inc. ("Performance Pricing") hereby answers the counterclaims of Defendant Yahoo! Inc. ("Yahoo!"). The paragraphs in this reply begin at number 24 because they are numbered to correspond to the paragraph numbers in Yahoo's counterclaims. All of the allegations of the counterclaims not specifically admitted herein are specifically denied.

COUNTERCLAIMS

(Declaratory Judgment as to the '253 Patent)

24. With respect to Yahoo!'s incorporation by reference of paragraphs 1-17 of its answer, paragraphs 1-17 do not appear to contain any allegations, so no response appears necessary. To the extent that paragraphs 1-17 of Yahoo!'s answer contain any allegations, Performance Pricing denies those allegations. With respect to Yahoo!'s incorporation by

1

reference of paragraphs 18-23 of its affirmative defenses, Performance Pricing denies the allegations contained in those paragraphs.

25.  Performance Pricing admits the allegations in paragraph 25 of Yahoo!'s counterclaims.

26.  Performance Pricing admits the allegations contained in paragraph 26 of Yahoo!'s counterclaims.

27.  Performance Pricing admits the allegations contained in paragraph 27 of Yahoo!'s counterclaims.

28.  Performance Pricing denies the allegations contained in paragraph 28 of Yahoo!'s counterclaims.

29.  Performance Pricing denies the allegations contained in paragraph 29 of Yahoo!'s counterclaims, except to the extent that it admits that this Court has jurisdiction.

30.  Performance Pricing admits the allegations contained in paragraph 30 of Yahoo!'s counterclaims.

31.  Performance Pricing admits the allegations contained in paragraph 31 of Yahoo!'s counterclaims.

## COUNT ONE

(Declaratory Judgment of Non-Infringement)

32.  Performance Pricing incorporates by reference its responses to the facts and allegations in paragraphs 24-31 of the preceding paragraphs as if fully set forth herein. With respect to Yahoo!'s incorporation by reference of paragraphs 1-17 of its answer, paragraphs 1-17 do not appear to contain any allegations, so no response appears necessary. To the extent that paragraphs 1-17 of Yahoo!'s answer contain any allegations, Performance Pricing denies those

allegations. With respect to Yahoo!'s incorporation by reference of paragraphs 18-23 of its affirmative defenses, Performance Pricing denies the allegations contained in those paragraphs.

33.  Performance Pricing denies the allegations contained in paragraph 33 of Yahoo!'s counterclaims.

34.  Performance Pricing denies the allegations contained in paragraph 34 of Yahoo!'s counterclaims.

## COUNT TWO

(Declaratory Judgment of Invalidity of the '253 Patent)

35.  Performance Pricing incorporates by reference its responses to the facts and allegations in paragraphs 24-34 of the preceding paragraphs as if fully set forth herein. With respect to Yahoo!'s incorporation by reference of paragraphs 1-17 of its answer, paragraphs 1-17 do not appear to contain any allegations, so no response appears necessary. To the extent that paragraphs 1-17 of Yahoo!'s answer contain any allegations, Performance Pricing denies those allegations. With respect to Yahoo!'s incorporation by reference of paragraphs 18-23 of its affirmative defenses, Performance Pricing denies the allegations contained in those paragraphs. Performance Pricing denies the allegations contained in paragraph 36 of Yahoo!'s counterclaims.

36.  Performance Pricing denies the allegations contained in paragraph 36 of Yahoo!'s counterclaims.

## PRAYER FOR RELIEF

Plaintiff and Counterdefendant Performance Pricing denies that Yahoo! is entitled to the relief it seeks or any relief for the allegations made in its Answer or Counterclaims. Plaintiff and Counterdefendant Performance Pricing requests that judgment be entered in its

favor on all issues and it be awarded the appropriate damages, exceptional damages, costs, and attorneys' fees.

JURY DEMAND

Performance Pricing demands trial by jury of all issues.

Dated: December 26, 2007                                        Respectfully submitted,

By:   /s/ Christin Cho
     Christin Cho
     CA State Bar No. 238173
     Email: christin@dovellaw.com
     Gregory S. Dovel
     CA State Bar No. 135387
     Email:  greg@dovellaw.com
     Sean Luner
     CA State Bar No. 165443
     Email:  sean@dovellaw.com
     Dovel & Luner, LLP
     201 Santa Monica Blvd., Suite 600
     Santa Monica, CA 90401
     Telephone:  310-656-7066
     Facsimile:  310-657-7069

     S. Calvin Capshaw
     State Bar No. 03783900
     Elizabeth L. DeRieux
     State Bar No. 05770585
     Brown McCarroll, L.L.P.
     1127 Judson Road, Suite 220
     Longview, TX 75601
     Telephone:  (903) 236-9800
     Facsimile:  (903) 236-8787
     Email:  capshaw@mailbmc.com
     Email:  ederieux@mailbmc.com

     Robert M. Parker

State Bar No. 15498000
Email: rmparker@cox-internet.com
Robert Christopher Bunt
State Bar No. 00787165
Email: cbunt@cox-internet.com
Parker & Bunt, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone: 903/531-3535
Facsimile: 903/533-9687

Franklin Jones, Jr.
State Bar No. 00000055
Email: maizieh@millerfirm.com
Jones & Jones, Inc., P.C.
201 W. Houston St.
P.O. Drawer 1249
Marshall, TX 75670

Otis W. Carroll, Jr.
State Bar No. 03895700
Email: fedserv@icklaw.com
6101 S. Broadway, Suite 500
Tyler, TX 75703

ATTORNEYS FOR PLAINTIFF
PERFORMANCE PRICING, INC.

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 2nd day of January, 2008, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Christin K. Cho
Christin K. Cho