## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| PERFORMANCE PRICING, INC., | ) |
|  | ) |
| Plaintiff, | ) Case No. 2:07-cv-432 (LED) |
|  | ) |
| v. | ) JURY TRIAL DEMANDED |
|  | ) |
| GOOGLE INC., AOL LLC, MICROSOFT CORPORATION, YAHOO! INC., IAC SEARCH & MEDIA, INC., and A9.COM, INC., | ) |
|  | ) |
| Defendants. | ) |

## DISCOVERY ORDER

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1. **Disclosures.** On or by June 20, 2008 and without awaiting a discovery request, each party shall disclose to every other party the following information:

    A.  the correct names of the parties to the lawsuit;
    B   the name, address, and telephone number of any potential parties;
    C.  the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);
    D.  the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;
    E.  any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;
    F.  any settlement agreements relevant to the subject matter of this action;
    G.  any statement of any party to the litigation;

2. **Additional Disclosures.** Each party shall provide to every other party the following information:

    A.  the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;

    B.      to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules[1], on or by October 21, 2008, and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

    C.      on or by October 21, 2008, a complete computation of any category of damages claimed by any party to the action, wherein Plaintiff shall specify as to each Defendant the categories of damages that it seeks in regard to that Defendant, and making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

    D.      The parties have discussed the electronic production of electronically-stored and hard copy information. The parties have agreed to further meet and confer regarding the format of document production in advance thereof, including the format for the production of electronically-stored information.

3.      **Testifying Experts**. By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

    A.      the expert's name, address, and telephone number;

    B.      the subject matter on which the expert will testify;

    C.      the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting such information;

    D.      if the expert is retained by, employed by, or otherwise subject to the control of the disclosing party;

        (1)      the final versions of their expert reports, materials relied upon, and their invoices for work performed; and

        (2)      the expert's current resume and bibliography.

    E.      Testifying experts' draft reports, notes, and communications with counsel will not be subject to discovery, except to the extent relied upon by the expert in the final version of his or her report(s). The foregoing does not otherwise restrict discovery by oral deposition, and does not obligate any party to retain draft reports.

---

[1]      The Patent Rules are Appendix M to the Local Rules, which are available on the Court's website at www.txed.uscourts.gov.

4.    **Discovery Limitations**. Discovery is limited in this case to the disclosures described in Paragraphs 1 through 3, together with the following:

A.    Interrogatories: Plaintiff may serve up to 20 common interrogatories as to all Defendants, and an additional 10 interrogatories separately on each Defendant. Defendants may collectively serve up to 20 common interrogatories on Plaintiff, and each Defendant may serve separately up to 10 additional interrogatories on Plaintiff.

B.    Requests for Admission: Plaintiff may serve up to 50 common requests for admission as to all Defendants, and an additional 30 requests for admission separately on each Defendant.  Defendants may collectively serve up to 50 common requests for admission on Plaintiff, and each Defendant may serve separately up to 30 additional requests for admission on Plaintiff.  There is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents.  Requests for admission directed to document authentication shall be clearly denoted as such and shall be served separately from any requests for admission subject to the numerical limitations stated above.

C.    Depositions of Parties and Third-Parties: The parties agree to a limit of 30 fact depositions per side (presumptively no more than eight against each Defendant). The parties further agree that expert depositions will not count toward these limits.  The parties further agree that depositions taken pursuant to FRCP 30(b)(6) will count towards the 30 fact deposition limit.    The parties further agree that individual and 30(b)(6) depositions of third parties shall also count towards the 30 fact deposition limit. The parties reserve the right to revisit the issue of the number and length of depositions as discovery progresses.  If any party requests more than 7 hours for a particular deposition or if any side seeks more than 30 depositions, the parties agree to meet and confer in good faith to attempt to resolve the issue without intervention by the Court.

D.    Depositions of Experts: Plaintiff shall be entitled to a total of three expert witnesses on issues for which Plaintiff has the burden of proof.  Each Defendant shall be entitled to a total of two expert witnesses individually, and the defendants shall collectively share up to a total of three group experts on issues for which Defendants have the burden of proof.  Depositions of Defendant's expert witnesses shall be limited to 7 hours per witness per report.  Depositions of Plaintiff's experts also shall be limited to 7 hours per witness per report, unless their report addresses issues relating to multiple defendants.  If so, the parties agree that 7 hours per Plaintiff's expert may be insufficient to address issues relating to each defendant.  As such, the parties agree to meet and confer regarding additional hours for any such deposition.  The parties' ability to seek additional deposition hours of expert(s) shall not be prejudiced in any way by this subparagraph.

E.    Document Subpoenas on Third-Parties: The parties may serve as many document subpoenas on third-parties, and as many depositions on written questions of custodians of business records of third-parties, as needed.  However, oral depositions of third-parties are included in the calculation of the 30 fact

deposition limit set forth above in subparagraph C.

For the purposes of this Order, "side" means a party or a group of parties with a common interest.

5.    **Privileged Information**. There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  The parties agree that only documents created prior to September 27, 2007 need be identified on the privilege log.  A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the Court of that fact by the date provided in the Docket Control Order.

6.    **Pre-trial Disclosures**. By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

   A.    The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

   B.    The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

   C.    An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C." above. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7.    **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's

knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8. **Exchange of Disclosures**. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

9. **Notification of the Court**. The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

10. **Duty to Supplement**. After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11. **Protective Orders**. The parties intend to submit an agreed-upon Protective Order or their competing versions by June 13, 2008.

12. **Discovery Disputes**. Counsel are directed to contact the chambers of the undersigned for any "hotline" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

14. **Discovery Conferences.** Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person by telephone in an effort to resolve the dispute without Court intervention. Counsel shall promptly notify the Court of the results of the meeting. Attendance by proxy is not permitted. Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.

14. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

15. **Courtesy Paper Copies.** In cases pending before this Court, the parties are exempt from complying with Local Rule CV-5 which requires that paper copies be provided to the presiding judge's chambers if a document exceeds five pages in length. Paper copies will not be accepted by this Court unless specifically requested or as provided below.

16. **Hearing Notebooks.** With the exception of *Markman* notebooks required in the Docket Control Order, hearing notebooks are no longer required or requested. However, the Court may request hearing notebooks in specific instances.

sf-2452586

17.    **Requests for Production**. Because documents relevant to any claim or defense are to be produced pursuant to the patent rules and paragraphs one and two of this order, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter.

The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

Dated: May 8, 2008