UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERFORMANCE PRICING, INC., | |
| Plaintiff, | Civil Action No. 2-07CV-432-LED |
| v. | JURY TRIAL REQUESTED |
| GOOGLE INC.; AOL LLC; MICROSOFT CORP.; YAHOO! INC.; AND IAC SEARCH & MEDIA, INC., | |
| Defendants. | |

## DEFENDANT GOOGLE INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL 30(b)(6) TESTIMONY AND INTERROGATORY RESPONSES

### Preliminary Statement

Defendant Google Inc. hereby opposes Plaintiff's Motion to Compel Rule 30(b)(6) Testimony and Interrogatory Reponses. The issue presented in Plaintiff's motion--whether Plaintiff's demand for discovery of Google's non-infringement contentions is premature--has already been decided in a decision directly on point in *Jacobs Chuck Mfg. Co. v. Shandong Weida Mach., et al.*, Civil Action No. 2:05-CV-185 (E.D. Tex. 2006), Dkt. No. 93. (Attached as Exh. 1.) *Jacobs Chuck* specifically held that discovery into a defendant's non-infringement contentions is not proper before a claim construction ruling because it contradicts the procedures set forth in the Court's Local Patent Rules. In this case, the claim construction hearing is scheduled for June 18, 2009, almost 3 months from now. Thus, Plaintiff's motion to compel should be denied.

Dockets.Justia.com

**Background**

I.      **PLAINTIFF'S PREMATURE NON-INFRINGEMENT CONTENTION DISCOVERY.**

On December 30, 2008, Plaintiff served Google with a Rule 30(b)(6) deposition notice on the topic of Google's non-infringement contentions. (Declaration of Emily O'Brien in Support of Defendant Google Inc.'s Opposition to Plaintiff's Motion to Compel ("O'Brien Dec."), Exh. A.) The notice requested Google appear on January 14, 2009, 15 days later. Plaintiff did not contact counsel for Google before service of the notice as to whether the chosen date would work. (O'Brien Dec., Exh. B.)

On January 6, Google responded by letter pointing out several problems with Plaintiff's Notice. (*Id.*) In addition to the lack of sufficient notice and advance coordination on the date, Google pointed out the Notice was premature in light of the claim construction schedule set out by the Court. (*Id.*, 2.) For example, Defendants' Responsive Claim Construction brief is not due until May 15, 2009. (*Id.*) And the claim construction hearing is not until June 18, 2009. (*Id.*) Google, therefore, informed Plaintiff that the topic of the deposition was more appropriately addressed following the Court's construction of the claims at issue and/or in connection with expert discovery. (*Id.*) Google also noted that the topic calls for information that is protected by the attorney-client privilege and the work-product doctrine. (*Id.*)

On January 12, 2009, Plaintiff requested, in addition to presenting a witness for the noticed Rule 30(b)(6) deposition regarding Google's non-infringement contentions, that Google supplement its response to Interrogatory No. 1 seeking the same information. (O'Brien Dec., Exh. C.)

2

## II.  GOOGLE PROVIDES PLAINTIFF WITH THE *JACOBS CHUCK* ORDER THAT CONFIRMS PLAINTIFF'S REQUESTED DISCOVERY IS PREMATURE.

As part of the meet and confer process, Google offered to provide a Rule 30(b)(6) witness on the subject of the operation of the accused products, in lieu of providing a witness on Google's non-infringement contentions.  (O'Brien Dec., Exh. D.)  Plaintiff refused this offer.  (O'Brien Dec., Exh. E.)  Google also offered to craft a draft, non-binding response to Plaintiff's Interrogatory No. 1 seeking Google's non-infringement contentions to see whether that would resolve the parties' dispute.  (O'Brien Dec, Exh. F.)  Contrary to Plaintiff's suggestions, however, throughout the parties' meet and confer discussions, Google made clear that it believed Plaintiff's requests for further non-infringement contention discovery were premature and improper.  (*See e.g.*, O'Brien Dec., Exh. G.) ("we note again for the record that we do not believe this level of supplementation is yet required given the timing of the case".)

By letter of February 19, 2009, Google sent Plaintiff an Order it had recently become aware of from *Jacobs Chuck Mfg. Co. v. Shandong Weida Mach., et al.*, Civil Action No. 2:05-CV-185 (E.D. Tex. 2006).  (O'Brien Dec., Exh. H.)  Google pointed out that this Order was directly on point to the discovery issues Plaintiff and Google had been discussing--supporting Google's position that Plaintiff's requested discovery was premature and explicitly rejecting Plaintiff's position that it was not.  (*Id.*, 2.)  Google asked Plaintiff to explain why it was entitled to the non-infringement contention discovery it sought in light of *Jacobs Chuck*.  (*Id.*)  Plaintiff did not provide a legitimate basis for its premature demand for this discovery.  (*See* O'Brien Dec., Exhs. I-K.)  Two weeks later, Plaintiff filed the instant motion to compel.

3

<u>**Argument**</u>

I.     ***JACOBS CHUCK* IS DISPOSITIVE THAT PLAINTIFF'S REQUESTED DISCOVERY IS PREMATURE.**

Judge Ward's Order in *Jacobs Chuck* demonstrates conclusively that the non-infringement contention discovery requested in Plaintiff's motion to compel is premature. In *Jacobs Chuck*, defendant moved to compel plaintiffs to respond to a contention interrogatory seeking all the reasons why plaintiffs contended that the elements of the asserted claims were not present in the prior art references identified by defendants in their invalidity contentions. *Jacobs Chuck* at 1. The defendant filed its motion to compel five months before the scheduled claim construction hearing. *See Jacobs Chuck*, Dkt Nos. 41, 67.

Judge Ward agreed with the plaintiffs "that the interrogatory is premature, and for that reason" denied the motion to compel. *Jacobs Chuck* at 1. The Court stated "[a] requirement that a party provide contentions of this sort early in the litigation is in tension with the established time frames for declaring claim construction positions provided by the Patent Rules." *Id.* Judge Ward also found that "if the court required the plaintiffs to answer such an interrogatory at this stage of the case, the court would run the risk of requiring the disclosure of information protected by the attorney client privilege and work product doctrine." *Id.* at 1-2. The Court further held it was premature because a response to such an interrogatory before a claim construction ruling "would require the disclosure of the attorney's evaluation of the cited prior art, in light of several possible claim constructions." *Id.* at 2.

The Court made clear that this ruling would apply equally to a plaintiff seeking early contention discovery of a defendant's non-infringement contentions. Specifically, Judge Ward stated that he saw:

> no reason why this holding would not apply equally to the reverse situation- an interrogatory served by a plaintiff early on in the case asking a defendant to

identify all of the limitations of an asserted claim that the defendant contends are not found in an accused product.

*Id.* at 2 n.1.

The Order in *Jacobs Chuck* confirms that Plaintiff's demand for contention discovery through a supplementation of Google's response to Plaintiff's Interrogatory No. 1 and a Rule 30(b)(6) witness are premature under the Patent Rules. Defendants' Responsive Claim Construction brief is not due until May 15, 2009. The claim construction hearing in this case is not until June 18, 2009. Thus, Plaintiff's demand for non-infringement contention discovery would be inefficient and burdensome because it could require analysis under several different potential constructions. *See Jacobs Chuck* at 2. As the Court stated in *Jacobs Chuck*, such discovery as to non-infringement contentions should be deferred until after a claim construction ruling and/or in connection with expert discovery.

## II.  PLAINTIFF FAILS TO DEMONSTRATE THAT ITS REQUESTED DISCOVERY IS NOT PREMATURE.

### A.  Plaintiff's Attempt to Distinguish *Jacobs Chuck* Is Without Merit.

Plaintiff argues the *Jacobs Chuck* case is inapplicable because Defendants "have already disclosed their claim constructions." (Plaintiff's Motion to Compel 30(b)(6) Testimony and Interrogatory Responses from Google ("Br."), 8.) This purported distinction is specious. Judge Ward specifically allowed the defendant to only "renew its motion after the court issues the claim construction *opinion*," not after the parties had exchanged claim construction *positions* as plaintiff seems to suggest.[1] *Jacobs Chuck* at 2 (emphasis added). And one of the reasons Judge Ward denied the motion to compel in *Jacobs Chuck* was that a response to the non-infringement

---

[1]  Google pointed this out to Plaintiff two weeks before Plaintiff filed its motion. (O'Brien Dec., Exh. K.)  Plaintiff had no response then.  Plaintiff again ignores this in its brief.

contention discovery before a claim construction ruling "would require the disclosure of the attorneys' evaluation of the cited prior art, *in light of several possible claim constructions*." *Id.* (emphasis added.) That the parties have already proposed competing constructions here does not eliminate this concern. It highlights it.

Plaintiff also relies heavily on an Order in *MyMail Ltd. v. America Online, Inc. et al.*, Case No. 6:04-cv-189 (E.D. Tex. 2004). In *MyMail*, a defendant sought a Rule 30(b)(6) witness regarding the plaintiff's Patent Rule 4-1 infringement contentions. That is not the case here. Plaintiff seeks information related to Google's *non*-infringement contentions. Thus, the later decision in *Jacobs Chuck*, not the earlier decision in *MyMail*, addresses the issue of timing of non-infringement contention discovery at issue here.

The different rulings also make sense. Patent Rule 3-1 already required the plaintiff in *MyMail* to formulate and disclose its infringement contentions and Rule 11 required the plaintiff to have them finished when it filed its complaint. By contrast, Google was sued in this case and had no similar requirement to marshal all the bases for non-infringement based on multiple potential constructions as Plaintiff seeks through its requested discovery. Plaintiff also relies heavily on *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 756 (E.D. Tex. 2004), and other cases, for the general proposition that a party may not choose when to respond to discovery. The defendant moving to compel in *Jacobs Chuck* presented *STMicroelectrics* and other authority for this same proposition. *Jacobs Chuck*, Dkt. No. 67 at 4, 7. The court, however, rejected defendant's argument as the Patent Local Rules made the requested discovery

premature, rather than a party's unilateral decision to withhold it. Plaintiff's argument should be similarly rejected here.[2]

**B.**      <u>Plaintiff fails to demonstrate why it needs non-infringement contention discovery now.</u>

Plaintiff says it needs both a Rule 30(b)(6) deposition and supplementation of Google's response to Interrogatory No. 1[3] now because "[o]nly by knowing the basis of Google's non-infringement position can Plaintiff effectively identify claim language that Google is attempting unfairly to exploit, and that the Court therefore needs to construe." (Br., 6.) But Plaintiff did not serve its Rule 30(b)(6) notice or ask for supplementation of Google's response to Interrogatory No. 1 until *after the parties had already identified terms for construction* on November 3, 2008.[4] In other words, Plaintiff says it needs the requested discovery to assist it in a task done four months ago.

Notably, the defendant seeking early contention discovery in *Jacobs Chuck* similarly argued it needed early contention discovery to decide which terms to construe. (*See Jacobs Chuck*, Dkt. No. 67 at 5) ("Without an understanding of *Jacobs Chuck's* position on invalidity,

---

[2]   This is also why Google opposes Plaintiff's motion to compel in this case, but has moved to compel discovery regarding a plaintiff's infringement contentions in *Northeastern University et al. v. Google Inc.*, Case No. 2:07-cv-00486-CE. Indeed, in its briefing in the *Northeastern* case, Google specifically noted that *Jacobs Chuck* properly applies to a situation such as the one here, where information that is sought through contention discovery is "not already subject to mandatory disclosure under the patent local rules". *Northeastern*, Dkt No. 54 at 3 n.2.

[3]   Even if Plaintiff's request for non-infringement contentions was not premature, there would still be no reason that Plaintiff would need *both* a Rule 30(b)(6) deposition and a response to an interrogatory on the exact same subject.

[4]   Plaintiff argues that waiting until after a claim construction ruling for non-infringement contention discovery would create a "delay" from when it was first requested. (Br., 5-6.) But any such "delay" is solely a result of Plaintiff's decision to prematurely seek to compel discovery.

OPPOSITION TO MOTION TO COMPEL

OWT will be required to designate each and every limitation of each asserted claim as a term that needs to be construed. On the other hand, if Jacobs Chuck answers this interrogatory, OWT will know which limitations are in dispute and will need to be considered during the claim construction process.") Judge Ward nevertheless denied the motion to compel. The Court should do so here as well.

<u>Conclusion</u>

For the foregoing reasons, Plaintiff's Motion to Compel Rule 30(b)(6) Testimony and Interrogatory Reponses should be denied.

DATED: April 1, 2009

By   /s/ David A. Perlson
     Charles K. Verhoeven, *pro hac vice*
     David A. Perlson, *pro hac vice*
     Jennifer A. Kash, *pro hac vice*
     Antonio R. Sistos, *pro hac vice*
     Emily C. O'Brien, *pro hac vice*
     Joshua L. Sohn, *pro hac vice*
     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     50 California Street, 22nd Floor
     San Francisco, California 94111
     Telephone:    (415) 875-6600
     Facsimile:    (415) 875-6700

     David J. Beck
     Texas Bar No. 00000070
     dbeck@brsfirm.com
     Michael E. Richardson
     State Bar No. 24002838
     mrichardson@brsfirm.com
     Beck, Redden & Secrest, L.L.P.
     One Houston Center
     I22I McKinney St., Suite 4500
     Houston, TX. 77010
     (713) 951-3700
     (713) 951-3720 (Fax)

     Attorneys for Defendant Google Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 1, 2009.

By /s/ David A. Perlson