# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| PERFORMANCE PRICING, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., AOL LLC, MICROSOFT CORPORATION, YAHOO! INC., IAC SEARCH & MEDIA, INC., and A9.COM, INC., <br><br> Defendants. | Case No. 2:07-cv-432 (LED) <br><br> **JURY TRIAL DEMANDED** |

**Reply re: Plaintiff's Motion to Compel (30(b)(6) Testimony and Interrogatory Responses from Google**

**I. Introduction.**

Google attempts to delay revealing its noninfringement position by claiming that the 30(b)(6) testimony and interrogatory are premature. Its arguments should be rejected.

The applicable standard is unambiguous:

(1) "Parties may obtain discovery regarding <u>any</u> nonprivileged matter that is relevant to any claim or defense. *ReedHycalog UK, Ltd. v. United Diamond Drilling Servs.*, 2008 U.S. Dist. LEXIS 93177, 6-7 (E.D. Tex. Oct. 3, 2008) (emphasis added).

(2) "All discoverable material should <u>always</u> be produced <u>without delay</u>." MyMail v. AOL, Case No. 6:04-cv-00189 (E.D. Tex. Sept. 28, 2004) (emphasis added) (copy attached as exhibit N).

Thus, if information is relevant and nonprivileged, it must be produced promptly. Google does not contend that the topics are irrelevant, or that they are privileged in their entirety. Accordingly, this motion should be granted.

**II. Argument**

Google makes three unsuccessful arguments, which are rebutted in turn.

**A. Google's argument that it has no duty to have facts.**

Google suggests that it does not have any responsive facts in its possession yet. Google Response at 6. It argues whereas "Rule 11 required the plaintiff to have [its infringement position] finished when it filed its complaint . . . Google was sued in this case and had no similar requirement to marshal all the bases for non-infringement." Google Response at 6. That is false for two reasons.

*First*, Rule 11 applies equally to (i) a plaintiff pleading infringement, (ii) a defendant pleading non-infringement, and (iii) a defendant seeking declaratory relief of non-

infringement. Google (i) pleaded non-infringement as a defense, and (ii) filed counterclaims against Plaintiff seeking a declaration of non-infringement. Google had a duty under Rule 11 to identify evidentiary support for its factual contentions before pleading non-infringement. Fed R. Civ. Proc. 11(b) ("By presenting to the court a pleading . . . an attorney certifies . . . after <u>an inquiry</u> reasonable under the circumstances . . . the claims, <u>defenses</u>, and other legal contentions are warranted . . . [and] the <u>factual contentions have evidentiary support</u>" (emphasis added)).

Accordingly, Google necessarily was in possession of facts, documents, and witnesses on the date it filed its pleadings. Further, it is likely that Google has developed additional information since that date. Responding to discovery does not require Google to gather additional evidence, nor does it require that Google complete all of its analysis and trial preparation today. But whatever Google has in its possession <u>now</u> must be produced <u>now</u>.

*Second*, Google submitted an interrogatory response contending that "elements [a through s] of the independent and dependent claims of the '253 Patent are not present in aspects of Google AdWords that may be accused in this case." Exh. B. Google was required to have a factual basis for these contentions. Accordingly, whatever facts, documents, and witnesses Google identified to support that contention must be disclosed to Plaintiff. Similarly, Google represented to Plaintiff several times that it was working on a supplemental response to Interrogatory No. 1. Google must have investigated the facts related to noninfringement while it was "working on [the] draft" in February 2009. Exh. H. All of this information must be disclosed.

Google possesses facts and evidence supporting its noninfringement position. That information is relevant and must be disclosed without delay. *MyMail v. AOL*, Case No.

6:04-cv-00189 (E.D. Tex. Sept. 28, 2004) ("all discoverable material should always be produced without delay.").

B. **Google's multiple claim constructions argument.**

Google makes a related argument, that allowing "contention discovery before a claim construction ruling 'would require the disclosure of the attorneys' evaluation of the cited prior art, *in light of several possible claim constructions*." Google Response at 5-6, citing *Jacobs Chuck*.

This is fallacious reasoning. Plaintiff is entitled to know the facts Google relied upon in making its noninfringement assertion (using whatever claim construction Google used at that time). As discussed above, Google must have investigated the facts before asserting noninfringement as a defense, filing a claim for declaratory relief, and responding to Plaintiff's interrogatories. If Google based its contentions on one construction, then Plaintiff is entitled to know the facts underlying those contentions. If Google based its contentions on alternative constructions, then it must disclose the facts that it collected based on the alternative constructions. Plaintiff is not asking Google to perform any new analysis based on different possible claim constructions; Plaintiff is simply asking Google to disclose the facts it has already gathered in this case, using whatever construction Google already used.

C. **Google's claim construction ruling argument**.

Google argues that it is entitled to delay discovery until after a claim construction ruling, citing a footnote in *Jacobs Chuck*. Google Response at 4-5. This argument fails.

<u>First</u>, the footnote relied on by Google is dicta, and not binding on this court. *See Jacobs Chucks* at 2 n. 1 ("The court sees no reason why this holding would not apply [to a different situation not before this court]. . ."). This footnote certainly cannot overrule Federal

3

Rule 26. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.").

*Second*, this court's case law makes clear that a party may not unilaterally decide the order or timing of discovery. *See MyMail Ltd. v. America OnLine, Inc.* Case No. 6:04-cv-00189 (E.D. Tex. September 28, 2004) ("parties do not have authority to determine when information will be disclosed. Unless the court . . . orders otherwise, methods of discovery may be used in any sequence"); *Garmin Ltd. v. TomTom, Inc.*, 2007 U.S. Dist. LEXIS 74032 at *23 (E.D. Tex. Oct. 3, 2007) (a party "may not withhold discovery under the guise of deferring until a [later] ruling"); *STMicroelectronics, Inc. v. Motorola, Inc.,* 308 F. Supp. 2d 754, 756 (E.D. Tex. 2004). The information sought is highly relevant, and Google is in possession of it. Google has identified no legitimate reason why it should be allowed to sit on this information until August of this year – the very end of the discovery process. *See MyMail Ltd. v. America OnLine, Inc.* Case No. 6:04-cv-00189 (E.D. Tex. September 28, 2004) (stating that this Court has a "policy of liberal, open, and forthright discovery"); *see also Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. Tex. 1990) (stating that the district court "acted properly in denying Geiserman additional time to respond to Attorney's interrogatories and in refusing to consider Geiserman's responses to Attorney's interrogatories, which were returned over four weeks late").

*Third*, Google argues that Plaintiff does not need this discovery now because "Plaintiff did not serve its Rule 30(b)(6) notice or ask for supplementation . . . until after the parties had already identified terms for construction on November 3, 2008." Google Response at 7. But Plaintiff asked for facts related to noninfringement on August 21, 2008, when it served Interrogatory No. 1 asking Google to "set forth in specific detail each fact, opinion, argument, inference, and Document that supports your contention that you have not infringed any claim of

the '235 Patent (including the name, address, and telephone number of each person who has firsthand knowledge or possession of each such fact, opinion, and Document)." *See* Exh. B. Google's response was due in September of 2008, months before the claim terms for construction were identified, the claim construction briefs were due, and the claim construction hearing. Similarly, Plaintiff served its 30(b)(6) deposition notice months before the parties claim constructions and claim construction briefs were due. Moreover, a party's decision to propound discovery on a particular date versus another provides no legal basis for the opposing party to withhold information. *MyMail Ltd. v. America OnLine, Inc.* Case No. 6:04-cv-00189 (E.D. Tex. September 28, 2004) ("parties do not have authority to determine when information will be disclosed. Unless the court . . . orders otherwise, methods of discovery may be used in any sequence").

## III.  Conclusion

Google sought declaratory relief for noninfringement and asserted noninfringement as a defense over a year ago. It must have had a factual basis for doing so. Plaintiff seeks the facts that form the basis of Google's claim of noninfringement, and requests that the Court grant its motion to compel 30(b)(6) testimony within 5 days, and full and complete responses to interrogatory within 10 days.

Dated: April 10, 2009                    By:    /s/ Christin Cho

Christin Cho
CA State Bar No. 238173
Email: christin@dovellaw.com
Gregory S. Dovel
CA State Bar No. 135387
Email: greg@dovellaw.com
Sean Luner
CA State Bar No. 165443
Email: sean@dovellaw.com

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, L.L.P.
Energy Centre
1127 Judson Road, Ste 220
P. O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: capshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

Robert M. Parker
State Bar No. 15498000
Email: rmparker@cox-internet.com
Robert Christopher Bunt
State Bar No. 00787165
Email: cbunt@cox-internet.com
Parker & Bunt, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone: 903/531-3535
Facsimile: 903/533-9687

Franklin Jones, Jr.
State Bar No. 00000055
Email: maizieh@millerfirm.com
Jones & Jones, Inc., P.C.
201 W. Houston St.
P.O. Drawer 1249
Marshall, TX 75670

Otis W. Carroll, Jr.
State Bar No. 03895700
Email: fedserv@icklaw.com
6101 S. Broadway, Suite 500
Tyler, TX 75703

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing document was served, via E-mil, on counsel for Defendants this 10th day of April, 2009. Personal service will also be made on counsel for Google on March 20, 2009.

/s/ Christin Cho
Christin Cho