UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERFORMANCE PRICING, INC., | |
| Plaintiff, | Civil Action No. 2-07CV-432-LED |
| v. | JURY TRIAL REQUESTED |
| GOOGLE INC.; AOL LLC; MICROSOFT CORP.; YAHOO! INC.; AND IAC SEARCH & MEDIA, INC., | |
| Defendants. | |

## DEFENDANT GOOGLE INC.'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL 30(b)(6) TESTIMONY AND INTERROGATORY RESPONSES

The issue presented in Plaintiff's motion, whether Plaintiff's demand for discovery of Google's non-infringement contentions is premature, has already been decided in a decision directly on point, *Jacobs Chuck Mfg. Co. v. Shandong Weida Mach., et al.*, No. 2:05-CV-185 (E.D. Tex. 2006), Dkt. No. 93. Plaintiff raises various arguments to try to divert the Court from this dispositive case. Each is without merit. Plaintiff's motion to compel should be denied.

I. ***JACOBS CHUCK* IS DISPOSITIVE THAT PLAINTIFF'S REQUESTED DISCOVERY IS PREMATURE.**

Judge Ward's Order in *Jacobs Chuck* demonstrates conclusively that the non-infringement contention discovery requested in Plaintiff's motion to compel is premature. In denying the motion to compel in that case, Judge Ward stated "[a] requirement that a party provide contentions of this sort early in the litigation is in tension with the established time frames for declaring claim construction positions provided by the Patent Rules." *Id.* at 1. Judge Ward also found that "if the court required the plaintiffs to answer such an interrogatory at this stage of the case, the court would run the risk of requiring the disclosure of information protected by the attorney client privilege and work product doctrine." *Id.* at 1-2. The Court further held it was premature because a response to such an interrogatory before a claim construction ruling "would require the disclosure of the attorney's evaluation of the cited prior art, in light of several possible claim constructions."[1] *Id.* at 2. And the Court made clear there is "no reason why this holding would not apply equally to the reverse situation -- an interrogatory served by a plaintiff early on in the case asking a defendant to identify all of the limitations of an asserted claim that the defendant contends are not found in an accused product." *Id.* at 2 n.1.

---

[1] Plaintiff contends it is "fallacious" to argue Plaintiff's motion should be denied on this basis, but this was Judge Ward's reasoning in denying the motion to compel in *Jacob's Chuck*. (Dkt. 186, 3.)

Plaintiff argued in its motion that *Jacobs Chuck* is inapplicable because Defendants "have already disclosed their claim constructions." (Dkt. 179, 8.) As Google raised in its Opposition (and to Plaintiff before Plaintiff filed its motion), Judge Ward specifically allowed the defendant to only "renew its motion after the court issues the claim construction *opinion*," <u>not</u> after the parties had exchanged claim construction *positions* as Plaintiff seems to suggest. *Jacobs Chuck* at 2 (emphasis added). Moreover, Plaintiff's statement that the parties had already disclosed their claim constructions is now factually inaccurate. Plaintiff's Opening Claim Construction Brief, filed on April 15, 2009, argues that six of the claim terms at issue should be construed in a manner *different* from the constructions proposed by Plaintiff in the parties' Joint Claim Construction Statement, served on February 12, 2009. (Dkt. 187; Dkt. 166.) These new claim constructions were disclosed after Plaintiff served its Rule 30(b)(6) notice, after Plaintiff sought supplementation of Interrogatory No. 1, and after Plaintiff's Motion to Compel. Had Google provided a witness and supplemental interrogatory response prior to April 15, it would potentially have done so using a different set of constructions for those claim terms -- the very risk Judge Ward pointed to in denying the motion to compel in *Jacobs Chuck*.

Instead, Plaintiff now argues *Jacobs Chuck* is *dicta* because the motion to compel in *Jacobs Chuck* concerned validity contention discovery, not non-infringement. (Dkt. 186, 3.) But Plaintiff never explains why the holding in *Jacobs Chuck* should not apply equally to a defendant's non-infringement contentions, just as Judge Ward <u>specifically</u> found.

Plaintiff also argues that deferring contention discovery as the Court said was appropriate in *Jacobs Chuck* is contrary to Federal Rule of Civil Procedure 26(b)(1), which permits all "relevant discovery." (Dkt. 186, 3-4.) But Rule 26(b)(1) further states that "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)," which provides that in certain

circumstances a court "[o]n motion or on its own" "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule." (Fed. R. Civ. P. 26(b)(1), b(2)(C).) Thus, the Court does have authority to set and enforce its local rules just as it did in *Jacobs Chuck* and as it should here.[2]

## II.  PLAINTIFF FAILS TO DEMONSTRATE WHY IT NEEDS NON-INFRINGEMENT CONTENTION DISCOVERY NOW.

As Google demonstrated in its Opposition, Plaintiff's representation that it needs the requested contention discovery now to decide what terms to ask the Court to construe makes no sense because Plaintiff did not serve its Rule 30(b)(6) notice or ask for supplementation of Interrogatory No. 1 until <u>after</u> the parties had already identified terms for construction.[3] (Dkt. 182, 7.) In its Reply, Plaintiff argues that its stated need for this discovery holds water because it served Interrogatory No. 1 before the disclosure of claim terms were due. (Dkt. 186, 4-5.) But Google responded to this interrogatory on September 19, 2008, objecting -- as it does now -- that it was premature. (O'Brien Sur-reply Declaration, Exh. 1 at 5.) Plaintiff did not contest Google's objection until January 2009, <u>two months after</u> Plaintiff provided its terms for construction. (Dkt. 182, 2.) If Plaintiff really needed a response to this interrogatory to identify

---

[2]  Under Plaintiff's logic, the Local Patent Rules themselves violate the Federal Rules of Civil Procedure to the extent that they provide for disclosure of relevant discovery (i.e. invalidity contentions, proposed claim constructions, etc. . . .) later than at the outset of discovery.

[3]  Plaintiff argues Google is withholding facts because it was working on a draft, non-binding response to Plaintiff's Interrogatory No. 1. (Dkt. 186, 2.) Google is not withholding facts, nor are facts what Plaintiff wants. Google offered to provide a Rule 30(b)(6) witness to testify regarding the "facts" as to how the accused system works, but Plaintiff refused Google's offer. (Dkt. 183, Exh. D at 4, Exh. E at 1.) Instead, Plaintiff wants a premature disclosure of Google's work product regarding its non-infringement theories just as the court found inappropriate in *Jacobs Chuck*. Plaintiff also suggests Rule 11 requires Google to have the information it needs to respond to Plaintiff's contention discovery. (Dkt. 186, 2). But Rule 11 does not require Google to marshal <u>all</u> its potential non-infringement arguments at the start of the case, which is what Plaintiff seeks from its premature contention discovery.

claim terms, it would have asked Google to supplement <u>before</u> identifying claim terms.[4] And while Plaintiff states it served its Rule 30(b)(6) notice before the parties' proposed claim constructions and claim construction briefs were due, Plaintiff does not explain what this has to do with the supposed purpose of the discovery it seeks to compel -- picking claim terms.

### III. PLAINTIFF'S ARGUMENTS ARE INCONSISTENT WITH ITS OWN CONDUCT.

In its Reply, Plaintiff argues "this court's case law makes clear that a party may not unilaterally decide the order of timing of discovery." (Dkt. 186, 4.) Plaintiff also argues "whatever Google has in its possession <u>now</u> must be produced <u>now</u>." (*Id.*, 2.) (emphasis in original.) But despite having information in its "possession" to respond, Plaintiff has deferred providing complete disclosures to Google on several issues.

For example, the Discovery Order required Plaintiff to provide a complete computation of damages by October 22, 2008, and Google's Interrogatory No. 3, served December 9, 2008, requested Plaintiff to provide what it "assert[s] to be a reasonable royalty to be paid by GOOGLE under 35 U.S.C. § 284, including the complete factual bases on which you base your calculation of such royalty rate." (Dkt. 95, 2; O'Brien Sur-reply Dec., Exh. 2 at 8.) Plaintiff provides no substantive disclosure for either. Instead, Plaintiff states that it "will provide a detailed computation of damages after damages-related discovery is made available by defendants and after such information has been evaluated by an expert." (O'Brien Sur-reply Dec., Exh. 3 at 1, Exh. 4 at 7.) Google produced damages-related financial documents which are now in Plaintiff's "possession." (Dkt. 183, Exh. F.) Yet, Plaintiff has not supplemented its

---

[4] Plaintiff again fails to explain why even if its request for non-infringement contentions was not premature, Plaintiff would need *both* a Rule 30(b)(6) deposition and a response to an interrogatory on the exact same subject.

required damages disclosure or its interrogatory response to provide any computation of damages or any facts or documents upon which it bases its claim for damages.[5] (Dkt. 16, 4-5.) Instead, Plaintiff is waiting for an expert to evaluate this information, just as it argues is improper for Google to do.

As part of the parties' meet and confer efforts, Plaintiff justified its refusal to supplement this discovery as follows:

> Plaintiff believes that it is required to supplement any interrogatory with any facts, documents, or persons with information responsive to the damages interrogatory, <u>to the extent that Plaintiff has knowledge of the facts, and has identified responsive documents or persons with information</u>...Plaintiff is not aware of any additional facts, documents, or persons with information responsive to that interrogatory. Plaintiff has not yet reviewed the revenue and other damages-related documents that Google has produced. Because of this, Plaintiff cannot identify which of those documents are responsive to the interrogatory. Once Plaintiff reviews the production and becomes aware of any documents that are responsive to that interrogatory, it will supplement its response.

(O'Brien Sur-reply Dec., Exh. 5.) (emphasis in original). In other words, Plaintiff says it need not supplement its discovery because it is somehow not "aware" of Google's produced documents in Plaintiff's possession. Not only does this make no sense, but it contradicts what Plaintiff now argues in its brief -- i.e. that all information in a party's "possession" must be provided in discovery "<u>now</u>." (Dkt. 186, 2.) Thus, Plaintiff's complaints regarding Google's responses to discovery ring hollow and should be rejected.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel Rule 30(b)(6) Testimony and Interrogatory Reponses should be denied.

---

[5] Plaintiff similarly objected to Defendants' Joint Interrogatory Nos. 3, 4, 5, 6, and 7 and Google's Individual Interrogatory Nos. 2 and 3 "to the extent [they] call[] for premature disclosure of documents that relate to or disclose expert opinions." (O'Brien Sur-reply Dec., Exh. 6 at 8, 11, 18, 54-55, Exh. 4 at 6-7.)

DATED: April 20, 2009

By /s/ David A. Perlson
 Charles K. Verhoeven, *pro hac vice*
 David A. Perlson, *pro hac vice*
 Jennifer A. Kash, *pro hac vice*
 Antonio R. Sistos, *pro hac vice*
 Emily C. O'Brien, *pro hac vice*
 Joshua L. Sohn, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David J. Beck
Texas Bar No. 00000070
dbeck@brsfirm.com
Michael E. Richardson
State Bar No. 24002838
mrichardson@brsfirm.com
Beck, Redden & Secrest, L.L.P.
One Houston Center
I22I McKinney St., Suite 4500
Houston, TX. 77010
(713) 951-3700
(713) 951-3720 (Fax)

Attorneys for Defendant Google Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 20, 2009.

By /s/ David A. Perlson