IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

**DATE:** 6/18/09

| JUDGE<br>JOHN LOVE | **REPORTER:** Shea Sloan<br>**LAW CLERK:** Jessica Hannah |
|---|---|
| **PERFORMANCE PRICING, INC.**<br>  Plaintiff<br><br>vs.<br><br>**GOOGLE INC., ET AL**<br>  Defendant | **CIVIL ACTION NO**: **2:07CV432**<br><br>**MARKMAN HEARING** |

| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
|---|---|
| Elizabeth DeRieux<br>Greg Doval | David Perison<br>Charles Verhoeven<br>Emily O'Brien<br>Brian Craft<br>Catherine Lacavera<br>Brian Craft<br>Brad Coffey |

On this day, came the parties by their attorneys and the following proceedings were had:

**OPEN:** 9:06 am                    **ADJOURN:** 2:51 pm

| TIME: | MINUTES: |
|---|---|
| 9:06 am | Ms. DeRieux and Mr. Doval announced ready on behalf of the plaintiff. Mr. Perison, Mr. Verhoeven, Ms. O'Brien, Mr. Craft, Ms. Lacavera and Mr. Coffey announced ready on behalf of the defendants'. |
| 9:07 am | The Court greeted the parties and stated we are here for a Markman Hearing. |
| 9:07 am | The plaintiff and Microsoft have reached an agreement to the terms and will get something on file as soon as possible. |
| 9:07 am | The Court will go ahead and get into the terms. |
| 9:08 am | Mr. Dovel stated the parties have reached an agreement of term "auction". |

**DAVID J. MALAND, CLERK**

**FILED:** 6/18/09

BY: *Mechele Morris*, Courtroom Deputy

| TIME: | MINUTES: |
|---|---|
| 9:09 am | Mr. Dovel began argument on proposed claim construction term "price determining activity". Mr. Dovel discussed Specification 1: not entertainment. Competition and/or entertainment means 1. Competition that is not entertainment 2. Competition that is entertainment, or 3. Entertainment that is not competition. Specification 2: marketing incentive argument. Any PDA that provides an opportunity to reduce price provides marketing incentive even if not inherently entertaining. Specification 3: list of examples. Specification 4: includes examples of PDAs that are not inherently entertaining. Specification 5: summary of the invention not claims. Price range, another buyer competing, a plurality of products and side benefit of the entertainment value are summaries of facets of the invention. Mr. Dovel discussed Prosecution 1. Not entertainment. Prosecution 2: argued basis was not entertainment. Prosecution 3: PTO allowed broader claim. He discussed "collateral": running beside a main activity and coinciding in effect with that main activity. Discussion made of meaning of "sale". It is not part of a conventional sales transaction. He discussed defendants' active participation argument. |
| 9:40 am | Mr. Verhoeven responded and made argument on behalf of the defendants'. He discussed that plaintiff proffers five new constructions after the deadline provided by local patent rules. PDA is a coined term. The parties agree that an auction is not a PDA. The dispute concerns whether the PDA is collateral to the sale and inherently entertaining. The PDA is collateral to the sale of the product. The summary of the invention identifies the PDA as a collateral activity. The abstract describes the PDA as a collateral activity. Plaintiff admits that the PDA must be a collateral activity. Given that the parties agree PDA must be a collateral activity, Defendants' construction should be adopted. The specification does not support plaintiff's "other than offering or accepting a price" language. Plaintiff's construction leads to absurd results. |
| 9:58 am | Mr. Dovel responded. He discussed the traditional transaction method and the conventional transaction method. |
| 10:02 am | Mr. Verhoeven further responded. He further discussed "collateral" and the meaning. |
| 10:05 am | Mr. Dovel further responded. |
| 10:05 am | Mr. Verhoeven further responded and argued term "PDA". He discussed the second issue of PDA in that the PDA must be an inherently entertaining activity. All embodiments in the specification are inherently entertaining. Specification directly equates a PDA to games. Applicant's positions during prosecution support defendants' construction. The "any other activity" catch-all language in the specification is not enabling. The "competitive or entertaining" language in the specification is not enabling. |
| 10:24 am | Recess until 10:35. |
| 10:42 am | Court resumed. Mr. Dovel responded and further argued "PDA". |
| 10:47 am | Mr. Verhoeven further responded and argued "PDA". |

| TIME: | MINUTES: |
|---|---|
| 10:53 am | Mr. Doval began argument proposed claim constriction term "price being...scaled to the performance of the buyer" on behalf of the plaintiff. He discussed the claim language 1: ordinary meaning. Scaled is not a technical term of art. Discussion made of claim language 2: determined partially by auction. Discussion made of claim language 3: determined partially by another factor. He discussed specification 1: no limits on "scaled", specification 2: summary of invention not limited, specification 3: examples. Mr. Doval discussed specification 4: algorithm. He discussed the prosecution history. Discussion was make of the prosecution appeal. He argued issue 2: than would otherwise apply versus always. Discussion was made of claim language 1: determined partially. Mr. Dovel discussed specification 1: determined partially by auction. Discussion was made of specification 2: market incentive. He discussed the prosecution history. No disavowal that better performance must always result in lower price. |
| 11:29 am | The Court will take lunch break now and resume at 1:00 p.m. |
| 11:29 am | Mr. Anderson stated that he Microsoft has no objection and will be leaving. |
| 11:30 pm | Recess. |
| 1:06 pm | Court resumed. Mr. Dovel continued argument on meaningless 1: without the better performance level. Discussion given on meaningless 2: need to analyze...infinite...results. |
| 1:15 pm | Mr. Dovel began argument on proposed construction term "performance of the buyer" on behalf of the plaintiff. |
| 1:20 pm | Mr. Verhoeven began argument on proposed construction term "performance of the buyer" on behalf of the defendants'. The claim language demonstrates that "performance" is the buyer's level of success. The specifications supports defendants' construction. The summary of the invention demonstrates that "performance" is the buyer's level of success. In every embodiment, "performance" is the buyer's level of success. |
| 1:26 pm | Mr. Verhoeven began argument on proposed construction term "price being...scaled to the performance of the buyer" on behalf of the defendants'. Plaintiff asserts improper claim construction standards. Every embodiment supports defendants' construction. Defendants' use of "always" is proper. The extrinsic evidence supports defendants' construction. Plaintiff's definitions are inconsistent with the context of the term. The patent's use of "algorithm" supports defendants' construction, not plaintiff's. Plaintiff's focus on "other" data affecting the price is misleading. Defendants' construction works with every embodiment identified by plaintiff. Plaintiff's construction is contrary tot he purpose of the patent. Plaintiff's hypothetical formula is inconsistent with the intrinsic evidence. Plaintiff's construction would render the patent indefinite. |
| 1:52 pm | Mr. Dovel responded and further made argument of terms. He further discussed the meaning of algorithm. |
| 2:04 pm | Mr. Dovel began argument on proposed construction term "accepting". He discussed the claim language context and the ordinary meaning. He discussed defendants' additional selection of the product limitation. Mr. Dovel discussed rewriting the claim. |

| TIME: | MINUTES: |
|---|---|
| 2:14 pm | Mr. Verhoeven began argument on behalf of the defendants'. He discussed the summary of disputes. The claims show the buyer selects a particular product communicated to the buyer. |
| 2:20 pm | Mr. Dovel further discussed claim 1 regarding a selection of a product. |
| 2:22 pm | Mr. Verhoeven further responded and discussed claim 1 and claim 18. |
| 2:23 pm | Mr. Dovel further responded. |
| 2:27 pm | Mr. Dovel began argument on proposed construction term " first and second" / "ordering of steps" on behalf of the defendant. He discussed the ordering of steps. Discussion of claim 1 analysis. |
| 2:33 pm | Mr. Verhoeven began argument on proposed construction term "first and second" / "ordering of steps" on behalf of the defendants. He discussed the steps of method claim 1 must be performed in order. |
| 2:36 pm | Mr. Dovel began argument on proposed construction term "master controller". |
| 2:39 pm | Mr. Verhoeven began discussion on the master controller. The specification demonstrates the price range. The specification demonstrates the "master controller" being a centralized server. |
| 2:51 pm | The Court asked about mediation. Parties stated they have one scheduled. |
| 2:51 pm | There being nothing further, Court is adjourned. |