## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **PERFORMANCE PRICING, INC.,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION No. 2:07cv432** |
| § | |
| **GOOGLE INC., et al.,** § | |
| § | |
| **Defendants.** § | |

### ORDER

This provisional claim construction order sets forth the Court's initial constructions for the disputed claim terms in U.S. Patent No. 6,978,253 ("the '253 patent"). Plaintiff has filed an Opening Claim Construction Brief ("Opening") (Doc. No. 187) and a Reply Claim Construction Brief ("Reply") (Doc. No. 198). Defendants have filed a Joint Response Brief on Claim Construction ("Response") (Doc. No. 192), as well as a Joint Sur-Reply Brief on Claim Construction ("Surreply") (Doc. No. 207). A full analysis of the disputed claim terms will be included in the Memorandum Opinion and Order, which will be issued at a later point. Despite the issuance of the instant Order, the Court reserves the right to modify these initial constructions when the full Memorandum Opinion and Order is issued. The instant Order is provided in order to provide a guideline and framework from which to proceed at an earlier point in the litigation.

### BACKGROUND

On September 27, 2007, Plaintiff Performance Pricing, Inc. ("Performance Pricing") filed the instant action against Defendants Google, Inc. ("Google"); AOL LLC ("AOL"); Microsoft Corporation ("Microsoft"); and Yahoo! Inc. ("Yahoo") (collectively "Defendants"), alleging

infringement of the '253 patent.[1] (Doc. No. 1). Plaintiff asserts seven claims of the '253 patent. *See* NOTICE OF FILING OF P.R. 4-5(D) JOINT CLAIM CONSTRUCTION CHART, EXH. A ("Claim Chart") (Doc. No. 211). The Court held a *Markman* hearing on June 18, 2009. (Doc. No. 209).

## DISCUSSION

The parties present the following eight claim terms for construction: 1) "price determining activity;" 2) "price being . . . scaled to the performance of the buyer;" 3) "accepting;" 4) "first" and "second" / ordering of steps; 5) "auction;" 6) "performance of the buyer;" 7) "master controller;" and 8) "description of a product"/"data representing a plurality of products."[2]

## I. "price determining activity"

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| 1) any activity or combination of activities, other than offering or accepting a price, that is used to determine the price paid for the product or service; or<br>2) any form of competition or entertainment activity or combination of such activities, other than offering or accepting a price, that is used to determine the price paid for the product or service | inherently entertaining activity, such as a game, puzzle or quiz, that is used to set the product's price, but otherwise is collateral to its sale |

The Court finds that the proper construction of the term "price determining activity" is "any form of competition or entertainment activity or combination of such activities that is used to determine the price paid for the product or service and is not otherwise part of a sales transaction."

---

[1] Defendants IAC Search Media, Inc. ("IAC") and A9.com ("A9") were added when Plaintiff filed its First Amended Complaint for Patent Infringement (Doc. No. 16). At the *Markman* hearing held on Thursday, June 18, 2009, Defendant Microsoft announced that it had reached a settlement with Plaintiff and closing documents would be filed soon. As a result of this and previous settlements, the only remaining Defendants are Google and AOL.

[2] The parties have also agreed to a number of other constructions. PARTIES' COMPLIANCE WITH PATENT RULE 4-3 ("JT. PREHEARING STATEMENT") (Doc. No. 166) at 1–2.

## II. "price being . . . scaled to the performance of the buyer"

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| price being adjusted to a standard (defined by a ratio, table, or other algorithm) according to the performance of the buyer, such that achieving a better performance level results in a lower price than would otherwise apply | price being assigned from a predetermined set of graduated prices and corresponding performance levels, in which a lower price always corresponds to a better performance in the PDA and a higher price always corresponds to a worse performance in the PDA |

The Court finds that the proper construction of the term "price being . . . scaled to the performance of the buyer" is "price being adjusted by a ratio, table, or algorithm, wherein a lower price always corresponds to a better performance or better performance level in the PDA and a higher price always corresponds to a worse performance or worse performance level in the PDA."

## III. "accepting a first request from the buyer to buy the product"

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| receiving with consent or approval a request from the buyer to buy the product or service | accepting from the buyer a selection of the product to buy |

**"accepting a second request from the buyer to allow the price to be determined"**

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| receiving with consent or approval a second request from the buyer to allow the price to be determined | accepting a request from the buyer that the price of the selected product be determined |

**"accepting acknowledgment from the buyer representing an intent of the buyer to buy the first product"**

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| receiving with consent or approval an acknowledgment from the buyer representing an intent of the buyer to buy the first product or service | accepting from the buyer a selection of the first product to buy |

The Court finds that these terms require no construction.

## IV. "first" and "second"

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| the terms "first" and "second" are used to distinguish one instance of the same thing from another. For example, the phrase "second request" means a request other than the "first request." The terms "first" and "second" do not refer to time sequence. | the "first" request must precede and is separate from the "second" request |

**ordering of steps**

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| The steps of claim 1 may be performed before, at the same time as, or after any other step, except that steps [b], [c], and [d] must occur before step [e]. The steps of claim 18 must be performed in order. | The steps of the asserted claims must be performed in order. |

The parties agree that the steps disclosed in claim 18 must be performed in the order recited. OPENING at 20. However, the parties dispute whether claims 1 and 30 must be performed in the recited order. OPENING at 19–23; RESPONSE at 26–27; REPLY at 16. Plaintiff did not address the differences in the claim language, nor disclosures in the specification, that differentiate among claims 1, 18, and 30, such that differing conclusions are appropriate. Additionally, none of

4

the parties have adequately addressed the basis for their respective positions on the "first" and "second" terms, as well as the ordering of the steps recited in the claims. Therefore, all parties are **ORDERED** to submit further briefing limited to five (5) pages on these disputes. Plaintiff is **ORDERED** to submit briefing by **Monday, July 20, 2009**, and Defendants are **ORDERED** to respond by **Friday, July 24, 2009**.

## V. "auction"

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| process for selling a product or service by taking bids and selling to the winning bidder; an auction is not a PDA | a public sale of property to the highest bidder (as by successive increased bids) |

At the hearing, the parties indicated that they had come to an agreement regarding the proper construction of the term "auction." The Court finds that the parties' joint proposed construction for auction is proper, and therefore, the construction the Court will adopt for the term "auction" is "process for selling a product or service that includes taking bids and selling to the winning bidder; an auction is not a PDA."

## VI. "performance of the buyer"

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| the buyer's actions or deeds in the Price-Determining Activity | the buyer's level of success (at the Price-Determining-Activity) |

The Court finds that the proper construction for "performance of the buyer" is "the buyer's level of success at the Price Determining Activity ("PDA")."

### VII. "master controller"

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| a device or subsystem that has overall control of other devices or systems | centralized server |

The Court finds that the proper construction for the term "master controller" is "a computer server, centralized server, operation controller, or content server for managing transactions."

### VIII. "description of a product"

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| information sufficient to identify a product or service | information sufficient to identify a particular product |

**"data representing a plurality of products"**

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| data sufficient to identity two or more products or services | data sufficient to identify two or more particular products |

The Court finds that the proper construction of the term "description of a product" is "information sufficient to identify a product or service." The Court finds that the proper construction of the term "data representing a plurality of products" is "data sufficient to identify two or more products or services."

### IX. "price range"

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| upper and lower bounds within which the price may vary | specified upper and lower bounds within which the price may vary |

The Court finds that the proper construction for "price range" is "upper and lower bounds within which the price may vary."

## **CONCLUSION**

For all the foregoing reasons, the Court sets forth the foregoing constructions on a provisional basis. The Court reserves the right to modify these provisional constructions when a full Memorandum Opinion and Order on the disputed claim constructions is issued.

**So ORDERED and SIGNED this 15th day of July, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **PERFORMANCE PRICING, INC.,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION No. 2:07cv432 |
| **GOOGLE INC., et al.,** | § § | |
| Defendants. | § § § | |

**APPENDIX A**

| Claim Language | Claim Number | Plaintiff's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|---|
| price determining activity ("PDA") | 1, 18, 30 | any activity or combination of activities, other than offering or accepting a price, that is used to determine the price paid for the product or service<br><br>OR<br><br>any form of competition or entertainment activity or combination of such activities, other than offering or accepting a price, that is used to determine the price paid for the product or service | inherently entertaining activity, such as a game, puzzle or quiz, that is used to set the product's price, but otherwise is collateral to its sale | any form of competition or entertainment activity or combination of such activities that is used to determine the price paid for the product or service and is not otherwise part of a sales transaction |
| price being . . . scaled to the performance of the buyer | 1, 18, 30 | price being adjusted to a standard (defined by a ratio, table, or other algorithm) according to the performance of the buyer, such that achieving a better performance level results in a lower price than would otherwise apply | price being assigned from a predetermined set of graduated prices and corresponding performance levels, in which a lower price always corresponds to a better performance in the PDA and a higher price always corresponds to a worse performance in the PDA | price being adjusted by a ratio, table, or algorithm, wherein a lower price always corresponds to a better performance or better performance level in the PDA and a higher price always corresponds to a worse performance or worse performance level in the PDA |
| accepting a first request from the buyer to buy the product | 1 | receiving with consent or approval a request from the buyer to buy the product or service | accepting from the buyer a selection of the product to buy | no construction necessary |
| accepting a second request from the buyer to allow the price to be determined | 1 | receiving with consent or approval a second request from the buyer to allow the price to be determined | accepting a request from the buyer that the price of the selected product be determined | no construction necessary |

| Claim Language | Claim Number | Plaintiff's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|---|
| accept[ing] acknowledgment from the buyer representing an intent of the buyer to buy the first product | 18, 30 | receiving with consent or approval an acknowledgment from the buyer representing an intent of the buyer to buy the first product or service | accepting from the buyer a selection of the first product to buy | no construction necessary |
| first/second | 1, 11, 12, 18, 30 | the terms "first" and "second" are used to distinguish one instance of the same thing from another. For example, the phrase "second request" means a request other than the first request. The terms "first" and "second" do no refer to time sequence. | The "first" request must precede and is separate from the "second" request. | |
| ordering of steps | 1, 18, 30 | The steps of claim 1 may be performed before, at the same time as, or after any other step, except that steps [b], [c], and [d] must occur before step [e]. The steps of claim 18 must be performed in order. | The steps of the asserted claims must be performed in order. | |
| auction | 13, 22 | process for selling a product or service by taking bids and selling to the winning bidder; an auction is not a PDA | a public sale of property to the highest bidder (as by successive increased bids) | process for selling a product or service that includes taking bids and selling to the winning bidder; an auction is not a PDA |
| performance of the buyer | 1, 18, 30 | the buyer's actions or deeds in the Price-Determining-Activity | the buyer's level of success at the Price-Determining-Activity | the buyer's level of success at the Price Determining Activity |
| master controller | 12 | a device or subsystem that has overall control of other devices or systems | centralized server | computer server, centralized server, operation controller, or content server for managing transactions |
| description of a product | 1 | information sufficient to identify a product or service | information sufficient to identify a particular product | information sufficient to identify a product or service |

| Claim Language | Claim Number | Plaintiff's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|---|
| data representing a plurality of products | 18, 30 | data sufficient to identify two or more products or services | data sufficient to identify two or more particular products | data sufficient to identify two or more products or services |
| price range | 1, 11 | upper and lower bounds within which the price may vary | specified upper and lower bounds within which the price may vary | upper and lower bounds within which the price may vary |