IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERFORMANCE PRICING, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>GOOGLE INC., AOL LLC, MICROSOFT CORP., YAHOO! INC., IAC SEARCH & MEDIA, INC., and A9.COM, INC.,<br><br>        Defendants. | CASE NO. 2:07-cv-432 (LED)<br><br>**Jury trial demanded** |

**Plaintiff Performance Pricing, Inc.'s Supplemental Claim Construction Brief**

**Note regarding citations.**

The steps of method claim 1 of U.S. patent No. 6,978,253 ("'253") are identified as [1a] through [1e] as follows:

    1.  A method of doing business over a global communications network comprising the steps:

    [1a] communicating to a buyer via the global communications network, a description of a product;

    [1b] accepting a first request from the buyer to buy the product for a price to be determined within a price range;

    [1c] accepting a second request from the buyer to allow the price to be determined based upon a performance of the buyer while participating in a Price-Determining-Activity (PDA);

    [1d] receiving data from the buyer over the global communications network, said data representing the performance of the buyer during the PDA;

    [1e] and determining the price of the product based at least partially upon the data received, said price being within the price range and scaled to the performance of the buyer.

The steps of method claim 18 of the '253 patent are identified as [18a] through [18d] as follows:

    18.  A method of determining a price of a product using a global communications network, comprising the steps:

    [18a] communicating to a buyer via the global communications network, data representing a plurality of products available, said plurality of products including a first product;

    [18b] accepting acknowledgement from the buyer representing an intent of the buyer to buy the first product at a price to be determined upon a performance of the buyer while participating in a Price-Determining-Activity (PDA), said acknowledgement being communicated over the global communications network;

    [18c] determining the performance of the buyer;

    [18d] and assigning a price to the product, said price being scaled to the performance of the buyer.

The programming requirements of system claim 30 of the '253 patent are identified as [30a] through [30d] as follows:

> 30. A system for conducting e-commerce over a global communications network, comprising:
>
> a computer server having access to the global communications network, and being programmed to:
>
> [30a] communicate to a buyer via the global communications network, data representing a plurality of products, said plurality of products including a first product;
>
> [30b] accept acknowledgement from the buyer representing an intent of the buyer to buy the first product at a price to be determined dependent on a performance of the buyer while participating in a Price-Determining-Activity (PDA), said acknowledgement being communicated over the global communications network;
>
> [30c] determining the performance of the buyer based upon data received over the global communications network; and
>
> [30d] assign a price to the product, said price being scaled to the performance of the buyer.

Plaintiff Performance Pricing, Inc. submits this Supplemental Claim Construction Brief pursuant to the Court's July 15, 2009 Order ("Order"). The Court requested further briefing on two issues – (1) how the differences among independent claims 1, 18 and 30 lead to different conclusions concerning the ordering of the steps of each claim, and (2) whether the terms "first" and "second" impact the ordering of the steps of claim 1.

**I.    Ordering of steps**

During the claim construction process, the parties met and conferred to narrow the disputed claim terms requiring the Court's attention. Because Defendants perform the steps of claim 18 in the order recited in the claim, Plaintiff chose not to contest Defendants' position that "the steps of claim 18 must be performed in order." Instead, the parties focused the dispute on the order of the steps of claim 1, which does bear on Defendant's infringement.

In light of the Court's request for briefing regarding the ordering of claims 18 and 30, Plaintiff analyzes the ordering of the steps of method claim 18 under the legal standard articulated by the Federal Circuit in *Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363, 1370 (Fed. Cir. 2003) – the same legal standard applied to the steps of claim 1 in Plaintiff's Opening Brief. This analysis shows that some, but not all, of the steps of claim 18 must be performed in order. Because claim 30 is a system claim, not a method claim, Plaintiff's position on claim 30 remains unchanged. Claim 30 has no steps that require ordering. Accordingly, Plaintiff modifies its proposal as follows:

| Phrase | Plaintiff's previous proposal | Defendants' proposal |
|---|---|---|
| ordering of the steps | "The steps of claim 1 may be performed before, at the same time as, or after any other step, except that steps [1b], [1c], and [1d] must occur before step [1e].<br><br>The steps of claim 18 must be performed in order." | "the steps of the asserted claims must be performed in order" |
| | Plaintiff's modified proposal | |
| | "The steps of claim 1 may be performed before, at the same time as, or after any other step, except that steps [1b], [1c], and [1d] must occur before step [1e].<br><br>The steps of claim 18 may be performed before, at the same time as, or after any other step, except that step [18a] must occur before step [18b], and steps [18a], [18b], and [18c] must occur before step [18d].<br><br>Claim 30 has no steps that require ordering." | |

**A.      Governing legal standard.**

The governing legal standard, which is explained in more detail in Plaintiff's Opening Brief, is reproduced here for ease of reference:

*Basic test*: "Unless the steps of a method actually recite an order, the steps are not ordinarily construed to require one." *Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363, 1370 (Fed. Cir. 2003) (internal quotes omitted). The court uses "a two-part test for determining if the steps of a method claim that do not otherwise recite an order, must nonetheless be performed in the order in which they are written. First, we look to the claim language to determine if, as a matter of logic or grammar, they <u>must be performed</u> in the order written. If not, we next look to the rest of the specification to determine whether it directly or implicitly <u>requires</u> such a narrow construction. If not, the sequence in which such steps are written is not a requirement." *Id*. (emphasis added).

**B.      The claim language of claim 18**

Just as we did with claim 1 in the Opening Brief, we examine each step of claim 18 to see if it makes use of a result from a previous step. Claim 18 is reproduced above in the note regarding citations (pg. i).

Step [18a] must occur before step [18b]. In step [18a], the buyer is presented with several available products ("a plurality of products available, said plurality of products including a first product."). In step [18b] the buyer expresses an intent to buy one of the plurality of available products ("the first product"). Thus, the claim language necessarily implies that a *selection* by the buyer has to take place. As a matter of logic, the buyer could only select "the first product" from the "plurality of products available" after being presented with the products available. Therefore, step [18a] must be performed before step [18b].

In contrast, the claim language of claim 1 does not require a selection and, as a result, step [1b] can logically occur before or after step [1a]. Unlike step [18a], step [1a] does not require communicating to the buyer data representing a "plurality of products." Instead, step [1a] requires communicating "a description of a product," which, as a matter of claim construction, can refer to a single product. *See Baldwin Graphic Sys., Inc. v. Siebert Inc.*, 512 F.3d 1338, 1342 (Fed. Cir. 2008) (the word "a" means one or more). Because step [1b] requires accepting a request to buy that same product ("a/the product"), no selection would be made by the buyer. Thus, the reasoning that required step [18a] to precede step [18a] does not apply to claim 1.[1]

Steps [18a], [18b], and [18c] must occur before step [18d]. In step [18d], the system assigns a price to the product, and the price is scaled to the performance of the buyer. Because step [18d] makes use of the PDA to determine price, step [18b]'s acceptance of the buyer's acknowledged intent to use a PDA must occur before step [18d]. Similarly, step [18c] must occur before step [18d] because step [18d]'s price determination makes use of the buyer's performance determined in step [18c]. Step [18a] must occur before step [18d], because, as explained *supra*, step [18a] must occur before step [18b], which must occur before step [18d].[2]

---

[1] Further explanation of why steps [1a] and [1b] do not require ordering is provided in Plaintiff's Opening Brief at 20-21.

[2] The reasoning explaining why steps [18b] and [18c] must occur before step [18d] largely mirrors the explanation in Plaintiff's Opening Brief at 21-22 explaining why steps [1b], [1c], and [1d] must occur before step [1e].

Step [18c] can occur before, at the same time, or after step [18b]. The buyer can acknowledge its intent to buy the product at a price based on a PDA before the buyer performs the PDA and before the performance of the buyer is determined in step [18c]. Step [18b] requires *acceptance* of the buyer's acknowledgement of his intent. The system can *accept* the buyer's acknowledgment before, after, or at the same time as the performance of the buyer is determined in step [18c].[3]

### C. The claim language of claim 30.

Required ordering of limitations is solely the province of method claims, and claim 30 is not a method claim. Claim 30 claims *a system* "comprising[] a computer server" with certain programming requirements.[4] This Court previously rejected an argument, like Defendants', seeking to impose sequential requirements in an apparatus claim for a computer program. *See Creative Internet Adver. Corp. v. Yahoo!, Inc.*, 2008 U.S. Dist. LEXIS 95394, *43-44 (E.D. Tex. 2008) (J. Love) ("While the sequence of steps in a method or process claim is properly a part of claim construction, apparatus claims recite structure--not steps or processes. Here, claim 45 is directed to a computer program and recites the structure--logic--comprising the computer program. Thus, claim 45 is an apparatus claim and does not recite steps or processes that must take place in a particular order. To import a sequential limitation into an apparatus claim such as this would be improper.").

### D. Specification.

As explained in Plaintiff's Opening Brief, the specification of the '253 patent does not impose any ordering requirements beyond those compelled by the claim language itself. Defendants are not able to identify any specification statements that unequivocally preclude any particular order of steps. *See Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1346

---

[3] The reasoning explaining why step [18b] can occur before, at the same time, or after step [18c] largely mirrors the explanation in Plaintiff's Opening Brief at 22 explaining why step [1c] can occur before, at the same time, or after step [1d].

[4] Claim 30 is reproduced above in the note regarding citations (pg. ii).

(Fed. Cir. 2008) (specification statements must "unequivocally preclude a different order of steps"). Defendants' reliance on mere examples or embodiments, preferred or otherwise, is unavailing. *See Superspeed, L.L.C. v. IBM Corp.*, 2009 U.S. Dist. LEXIS 10124, *16-17 (E.D. Tex. Feb. 11, 2009) ("that the steps happen in a specific sequence in the preferred embodiment is not enough to impose that limitation on the claim.").

## II. "First" And "Second"

| Phrase | Plaintiff's proposal | Defendants' proposal |
|---|---|---|
| "first" and "second" | "The terms 'first' and 'second' are used to distinguish one instance of the same thing from another. For example, the phrase 'second request' means a request other than the 'first request.' The terms 'first' and 'second' do not refer to time sequence." | "the 'first' request must precede and is separate from the 'second' request" |

The words "first" and "second" do not refer to time sequence and have no ordering significance. For example, the words "first" and "second" in steps [1b] and [1c] of claim 1 are merely used to distinguish one request from another. *See Free Motion Fitness, Inc. v. Cybex Int'l*, 423 F.3d 1343, 1348 (Fed. Cir. 2005) ("As we have previously held, the use of the terms 'first' and 'second' is a common patent-law convention to distinguish between repeated instances of an element or limitation.") (internal quotes omitted). Indeed, the Federal Circuit has found legal error where a district court interpreted "first" and "second" to require that the limitations be performed sequentially. *See, e.g., 3M Innovative Props. Co. v. Avery Denison Corp.*, 350 F.3d 1365, 1371 (Fed. Cir. 2003) (reversing court district holding that the "first pattern" be created before the "second pattern") ("In the context of claim 1, the use of the terms "first . . . pattern" and "second . . . pattern" is equivalent to a reference to "pattern A" and "pattern B," and should not in and of itself impose a serial or temporal limitation onto claim 1.").

## III. Conclusion

For the reasons explained in Plaintiff's brieifing, Plaintiff urges the Court to adopt Plaintiff's positions.

| | |
|---|---|
| Dated: July 22, 2009 | By:   /s/ Christin Cho<br>Christin Cho<br>CA State Bar No. 238173<br>Email: christin@dovellaw.com<br>Gregory S. Dovel<br>CA State Bar No. 135387<br>Email: greg@dovellaw.com<br>Sean Luner<br>CA State Bar No. 165443<br>Email: sean@dovellaw.com<br>Dovel & Luner, LLP<br>201 Santa Monica Blvd., Suite 600<br>Santa Monica, CA 90401<br>Telephone: 310-656-7066<br>Facsimile: 310-657-7069<br><br>S. Calvin Capshaw<br>State Bar No. 03783900<br>Elizabeth L. DeRieux<br>State Bar No. 05770585<br>Capshaw DeRieux, L.L.P.<br>1127 Judson Road, Suite 220<br>Longview, TX 75601-5157<br>Telephone: (903) 236-9800<br>Facsimile: (903) 236-8787<br>Email: capshaw@capshawlaw.com<br>Email: ederieux@capshawlaw.com<br><br>Robert M. Parker<br>State Bar No. 15498000<br>Email: rmparker@cox-internet.com<br>Robert Christopher Bunt<br>State Bar No. 00787165<br>Email: cbunt@cox-internet.com<br>Parker & Bunt, P.C.<br>100 East Ferguson, Ste. 1114<br>Tyler, TX 75702<br>Telephone: 903/531-3535<br>Facsimile: 903/533-9687<br><br>ATTORNEYS FOR PLAINTIFF<br>PERFORMANCE PRICING, INC. |

.

## CERTIFICATE OF SERVICE

       I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on July 22, 2009, with a copy if this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Christin Cho