UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERFORMANCE PRICING, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC. and AOL LLC <br><br> Defendants. | Civil Action No. 2:07-CV-432-LED <br><br> JURY TRIAL REQUESTED |

**DEFENDANTS' JOINT SUPPLEMENTAL RESPONSE BRIEF ON CLAIM CONSTRUCTION**

# NOTE ON CITATIONS

1. References to Plaintiff Performance Pricing Inc.'s Supplemental Claim Construction Brief (July 22, 2009) are indicated by the abbreviation "Supp. Br.," followed by the page number being cited. "Supp. Br., 5" therefore refers to page 5 of Plaintiff's supplemental brief.

2. The Court's July 15, 2009 Claim Construction Order is referred to as "Order."

3. U.S. Patent. 6,978,253, the patent-in-suit, is attached to the Declaration of Antonio R. Sistos in Support of Defendants' Joint Response Brief on Claim Construction ("Sistos Declaration") as Exhibit 1. References to the patent are indicated by column and line number. A reference to "Col. 3:15" therefore means column 3, line 15 of the patent-in-suit.

4. Other exhibits are attached to the Sistos Declaration as Exhibits 2 through 8. Defendants' other exhibits are referred to with the prefix "Ex." followed by the number of the exhibit in question. "Ex. 2" therefore refers to Exhibit 2 of the Sistos Declaration.

5. The full text of asserted claims 1, 18, and 30 appears in Appendix A.

**Introduction**

In its July 15, 2009 Order, the Court directed Plaintiff to address how the claim language and specification justifies its differing positions on the order of the steps of claims 1, 18, and 30, because "[t]he parties agree that the steps disclosed in claim 18 must be performed in the order recited," but Plaintiff asserted the steps of claims 1 and 30 need not be performed in order. (Order, 4.) In its Supplemental Claim Construction Brief, Plaintiff fails to address this issue. Instead, perhaps realizing there is no justification for differentiating the claims, Plaintiff changes its claim construction position. Plaintiff now asserts that some but not all of the steps of claim 18 must be performed in order.

Plaintiff seeks to justify its about-face by stating that because Defendants allegedly "perform the steps of claim 18 in the order recited in the claim, Plaintiff chose not to contest Defendant's position" on that claim. (Supp. Br., 1.) This purported justification is not supported by the record. Even though Defendants' argument regarding claims 1 and 30 explicitly relied on Plaintiff's agreement that claim 18 must be performed in order (Defendants' Response Br., 27), Plaintiff never contested Defendants' statements. Instead, Plaintiff stated that "<u>claim 18 has a required order</u>. . . ." (Plaintiff's Opening Br., 20 (emphasis added).) Plaintiff should be bound by its prior admission.

**I. THE STEPS OF CLAIM 1 MUST BE PERFORMED IN ORDER.**

Defendants arguments regarding the ordering of claim 1 and the construction of "first request" and "second request" are identical, and are accordingly presented together. As the Court noted in its Order, Plaintiff previously failed to differentiate among claims 1, 18, and 30 to support its differing conclusions as to whether the steps must be performed in order. (Order, 4.) In its Supplemental Brief, Plaintiff again fails to differentiate the claims, although it switches its position on claim 18. Plaintiff had it right the first time – all the steps of claim 18 must be performed in order. The same is true for claim 1.

As a matter of logic, steps 1[a] and 1[b] must be performed in order. Plaintiff admits that with respect to claim 18, "the claim language <u>necessarily</u> implies that a *selection* by the buyer

1

has to take place. As a matter of logic, the buyer could only select 'the first product' from the 'plurality of products available' after being presented with the products available." (Supp. Br., 3 (underlined emphasis added).)

Similarly, in claim 1, Plaintiff concedes that "step [1a] requires communicating 'a description of a product,'" and "step [1b] requires accepting a request to buy that same product. . . ." (*Id.*) Thus, logically, in order for the system to "accept[] a first request from the buyer to buy the product for a price to be determined within a price range" in step 1[b], the product must first



be communicated to the buyer in step 1[a]. This applies equally in both claims 18[a] and [b] and 1[a] and [b]. Plaintiff admits it for claim 18; Plaintiff's failure to do so for claim 1 is inconsistent and unjustified.

Plaintiff's sole argument is that steps 1[a] and 1[b] do not need to occur in order because step 1[b] does not require the "selection" of a product. This is a red herring. Whether or not step 1[b] requires product "selection," Plaintiff admits that the "product" referenced in element 1[b] is "that same product" communicated in step 1[a]. As a matter of logic, in order for the system to "accept[] a first request from the buyer to buy <u>the product</u> for a price to be determined within a price range," it is necessary that "that same product" first have been communicated to the buyer in step 1[a]. Plaintiff has no response to this fundamental point.

As to the remaining steps, Plaintiff agrees that step 1[e] must be performed prior to steps 1[b], 1[c], and 1[d]. Further, as to steps 1[b] and 1[c], the parties agree the "price" the buyer agrees to have determined based on his performance in a PDA in step 1[c] is the price of "the product" in step 1[b]. (JCCS, 11.) Thus, the "<u>first</u> request from the buyer to buy *the product*" in 1[b] must necessarily occur before the <u>second</u> request from the buyer in 1[c] "to allow the price

2

[of *the product*] to be determined based upon a performance of the buyer" in a PDA. Otherwise, the second request could not be made in reference to the price of "the product" which must previously be determined by step [b]. Similarly, step 1[c], where the buyer requests that the price of the product be determined based on his performance in a PDA, must occur before step 1[d], which requires that the buyer has already participated in the PDA.

The specification is in accord. The steps of claim 1 occur in sequence in every embodiment in the specification. For example, in the Mark McGwire rookie card embodiment, the seller communicates a description of the McGwire card "in mint condition" (1[a]). ('253 Patent, 5:44-47.) Next, the buyer selects the McGwire card for a price between $500 and $575



Fig. 1

(1[b]). (*Id.*, 5:47-48.) "He is <u>then</u> presented with a pull-down menu of five different 'games' (PDAs) to choose from, along with price determination rules explaining how each PDA will be used to determine the ultimate price of the McGwire card. . . . [H]e decides to go for the trivia quiz (step 120), in which he is informed that he only needs to answer 9 out of 10 multiple choice questions correctly within a fifteen minute period to achieve the $500.00 price" (1[c]). (*Id.*, 5:49-66 (emphasis added).) He participates in the PDA and achieves a performance of 9 out of 10 correct (1[d]). (*Id.*, 6:5-15.) His performance then "locks in the price at $500.00! (step 160)" (1[e]). (*Id.*, 6:13-15.) This sequence of steps – with corresponding claims added – is reflected in the "flow-chart" in the specification reproduced to the left. (*Id.*, Fig. 1.)

Moreover, even if the Court is persuaded that a few of the steps could be performed in any order, because "most" of the steps "refer to the completed results of the prior step," under Federal Circuit precedent, <u>all</u> of the steps claim 1 must be performed in order. *See E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213, 1222 (Fed. Cir. 2007) (holding that where "most of

3

the steps" of a "method claim refer to the completed results of the prior step," the steps must be "performed in order").

## II. THE STEPS OF CLAIM 18 MUST BE PERFORMED IN ORDER.

Plaintiff agrees most of the steps of claim 18 must be completed in order because they refer to completed results of the prior steps. In particular, Plaintiff concedes that step 18[a] must occur before step 18[b], and steps 18[a], 18[b], and 18[c] must occur before step 18[d]. (Supp. Br., 2.) As there is no dispute that most of the steps refer to the completed results of the prior steps, claim 18 must be performed in order. *See E-Pass Techs., Inc.*, 473 F.3d at 1222.

The only pair of steps in claim 18 that Plaintiff contends may be performed out of order are steps 18[b] and 18[c]. Logic, however, dictates that these steps must also be performed in order. Logically, the buyer would need to acknowledge his intent "to buy the first product at a price to be determined upon a performance of the buyer while participating in a Price-Determining-Activity (PDA)" in step 18[b] before the determination of the performance of the buyer in step 18[c]. Indeed, in every embodiment in the specification, the seller accepts the buyer's acknowledgement of his intent to participate in a PDA before he participates in the PDA. (*See* '253 Patent, 8:30-37 ("For example, a player may sign-up for the race, and await at his terminal for the trumpet noise, which he would then acknowledge. . . . Once the server has received nine acknowledgements, the ten second countdown could begin and the PDA would then occur."), Fig. 1, 5:16-18, 5:44-6:15.)

Nevertheless, Plaintiff argues that step 18[b] may occur before step 18[c] because the system could "accept" the buyer's acknowledgement of his intent to participate in a PDA after he participates in the PDA. (*See* Supp. Br., 4.) Plaintiff provides no support from the specification or anywhere else for its position, and there is no such support. It is also inconsistent with Plaintiff's admission that steps 18[b] and 18[d] must be performed in order: "In step [18d], the system assigns a price to the product, and the price is scaled to the performance of the buyer. Because step [18d] makes use of the PDA to determine price, step [18b]'s acceptance of the buyer's acknowledged intent to use a PDA must occur before step [18d]." (Supp. Br., 3.)

4

**III.     THE STEPS OF CLAIM 30 MUST BE PERFORMED IN ORDER.**

Claim 30 is a system version of claim 18, consisting of essentially the same steps. Although Plaintiff previously presented no substantive argument as to this claim, Plaintiff now agrees that claim 30 is simply a computer server programmed to perform the method of claim 18. (*See* Ex. 8, 55-58 (explicitly referring back to claim 18 with respect to each element of its infringement contentions as to claim 30).) Courts have imposed a sequential ordering of method steps in the context of device and system claims, particularly when, as here, the apparatus performs essentially similar steps as a method claim. *See Versata Software, Inc. v. SAP Amer., Inc.*, 2009 WL 1408520, at *13 (E.D. Tex. 2009); *see also Oak Tech., Inc. v. ITC*, 248 F.3d 1316, 1325 (Fed. Cir. 2001); *Visto Corp. v. Good Tech., Inc.*, 2008 WL 163576, at *6 (E.D. Tex. 2008).[1] To hold otherwise would grant a significantly larger scope to the device version of a method claim, leading to the bizarre result that a server could infringe a patent even though operating the server would not infringe. Thus, claim 30 must be performed in order.

**Conclusion**

Defendants respectfully request that the Court adopt their constructions of the disputed claim terms.

Dated: July 30, 2009

Respectfully submitted,

By: ___/s/ David A. Perlson_____
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Charles K. Verhoeven
   David A. Perlson
   Jennifer A. Kash
   Antonio R. Sistos
   Emily C. O'Brien
50 California Street, 22nd Floor
San Francisco, California 94111

---

[1] In *Superseed, L.L.C. v. IBM Corp.*, cited by Plaintiff, the parties did not cite these cases – or any other applicable cases – to the Court. 2009 U.S. Dist. LEXIS 10124, *16-17 (E.D. Tex. Feb 11, 2009).

Telephone: (415) 875-6600  
Facsimile: (415) 875-6700  
charlesverhoeven@quinnemanuel.com  
davidperlson@quinnemanuel.com  
jenniferkash@quinnemanuel.com  
antoniosistos@quinnemanuel.com  
emilyobrien@quinnemanuel.com  

BECK REDDEN & SECREST, L.L.P.  
   David J. Beck  
   Michael Ernest Richardson  
One Houston Center  
1221 McKinney St. Suite 4500  
Houston, Texas 77010-2010  
Telephone: (713) 951-3700  
Facsimile: (713) 951-3720  
jbeck@brsfirm.com  
mrichardson@brsfirm.com  

Attorneys for Defendants Google Inc. and AOL LLC

**CERTIFICATE OF SERVICE**

       I certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 30, 2009.

                                     /s/ David A. Perlson
                                      David A. Perlson

# Appendix A

The asserted claims relevant to this Supplemental Responsive Claim Construction Brief are listed below. The letters are added to claims 1 and 18 for convenience.

**1**. A method of doing business over a global communications network comprising the steps:

    (a)    communicating to a buyer via the global communications network, a description of a product;

    (b)    accepting a first request from the buyer to buy the product for a price to be determined within a price range;

    (c)    accepting a second request from the buyer to allow the price to be determined based upon a performance of the buyer while participating in a Price-Determining-Activity (PDA);

    (d)    receiving data from the buyer over the global communications network, said data representing the performance of the buyer during the PDA; and

    (e)    determining the price of the product based at least partially upon the data received, said price being within the price range and scaled to the performance of the buyer.

**18.** A method of determining a price of a product using a global communications network, comprising the steps:

    (a)    communicating to a buyer via the global communications network, data representing a plurality of products available, said plurality of products including a first product;

    (b)    accepting acknowledgement from the buyer representing an intent of the buyer to buy the first product at a price to be determined upon a performance of the buyer while participating in a Price-Determining-Activity (PDA), said acknowledgement being communicated over the global communications network;

    (c)    determining the performance of the buyer; and

    (d)    assigning a price to the product, said price being scaled to the performance of the buyer.

**30.** A system for conducting e-commerce over a global communications network, comprising:

    a computer server having access to the global communications network, and being programmed to:

(a)     communicate to a buyer via the global communications network, data representing a plurality of products available, said plurality of products including a first product;

(b)     accept acknowledgement from the buyer representing an intent of the buyer to buy the first product at a price to be determined upon a performance of the buyer while participating in a Price-Determining-Activity (PDA), said acknowledgement being communicated over the global communications network;

(c)     determining the performance of the buyer; and

(d)     assign a price to the product, said price being scaled to the performance of the buyer.