# EXHIBIT G

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700

March 16, 2009

VIA ELECTRONIC MAIL

Christin Cho
Dovel & Luner LLP
201 Santa Monica Boulevard, Suite 600
Santa Monica, CA 90401

Re: Performance Pricing, Inc. v. Google Inc. et al.

Dear Christin:

I write to summarize our telephone conference of March 13, 2009.

First, we discussed the HomeGopher server currently stored in Wayne Lin's garage. You stated that the server was prepared for sale in 2002, and that as a result of this preparation Mr. Lin believes there is no information on the server. However, Mr. Lin does not have the capabilities to confirm this. Therefore, you will have a data recovery service look at the server, to see if any information can be recovered. You stated that Mr. Lin is currently out of town until March 23, but you are working to get access to the server in advance of his return. Please keep us updated on the status of the data recovery service's work on the server, including the efforts used to recover data from the server.

Second, you stated that you now had the cellular phone containing an embodiment of U.S. Patent No. 6,978,253 that was created for Mr. Lin. You indicated that this phone was a Nokia, but did not have any additional model information. You are working on finding a charger for the phone. If you are unable to do so, you stated that you could then send the phone to your data recovery service, to work on recovering the program from the phone. Please keep us updated on your search for a charger, and if necessary the data recovery service's work on the phone.

quinn emanuel urquhart oliver & hedges, llp

LOS ANGELES | ...
NEW YORK | ...
SILICON VALLEY | ...
TOKYO | ...
LONDON | ...

51305/2836663.1

EXHIBIT 6
PAGE 98

Third, you are working on gaining access to Mr. Lin's financial documents. However, you stated that Mr. Lin is out of town until March 23. Therefore, you have not yet been able to gain access to these documents. Please let us know when you have gained access to the documents, and after you have completed your review of them.

Fourth, you stated that you have an original of the notarized document produced as part of the documents at P000368-400. You agreed to send us a better copy of this document, with appropriate page break. However, you stated that you cannot make better copies of the other documents in the range P000368-400, as you do not have originals of the handwritten drawings. I explained that we may want to send someone to inspect these documents at a later time.

Fifth, we discussed the issue of documents related the E-Dynamix Software. You stated that the E-Dynamix Software package was never created, and that there are no documents related to E-Dynamix Software.

Sixth, we discussed the general issue of the extent of Mr. Lin's search of his garage for materials responsive to the subpoenas served on him and PricePlay. You stated that you did ask him to search his garage again.

Seventh, we discussed Neal Cohen's planned revisions to his privilege log produced in this matter. You stated that Mr. Cohen would address the first issue raised in my February 24 letter, revising entries that improperly claimed work product protection. You also stated that Mr. Cohen would address the third issue raised, separately logging each document rather than grouping documents together on the log. You also stated that Mr. Cohen would address the fourth issue I had raised, regarding entries without any apparent "client."

With regard to the second issue raised, you indicated that you believed some of the Defendants' privilege log descriptions were similar to those used by Mr. Cohen, and therefore asked Defendants to reconsider their position on this issue. We do not have the other Defendants' privilege logs, but do not believe there is any inconsistency in our position. However, we will look at Mr. Cohen's revised privilege log after the other issues have been addressed, and then consider whether additional revisions need to be made to the descriptions.

With regard to the fifth issue raised, you stated that you had not yet considered this issue, and promised to get back to me after discussing with Mr. Cohen. As pointed out in my February 24 letter, you had agreed during the deposition of Mr. Cohen to provide us with the information that would be on a privilege log for the retention agreement between Mr. Cohen and Dovel & Luner. We therefore expect to see this information on Mr. Cohen's revised privilege log.

51305/2836663.1

EXHIBIT G
PAGE 98

As always, we remain willing to meet and confer to resolve any discovery issues, and hope that you similarly remain willing to work together on these issues in a timely and efficient manner. If you believe that a live discussion would be helpful, we are available to do so.

Cordially,

/s/ Emily C. O'Brien

Emily C. O'Brien
51305/2836663.1

51305/2836663.1

EXHIBIT 6
PAGE 99