# EXHIBIT L

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700

WRITER'S INTERNET ADDRESS
emilyobrien@quinnemanuel.com

May 22, 2009

**VIA ELECTRONIC MAIL**

Christin Cho
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401

Re: Revised privilege log for Neal M. Cohen and Vista IP Law Group in *Performance Pricing, Inc. v. Google, Inc. et al.*, Case No. 2:07-cv-432 (LED)

Dear Christin,

On Monday, May 18, 2009, we received the fifth version of Mr. Cohen's privilege log in the above referenced matter. The new privilege log still contains overbroad privilege assertions and insufficient document descriptions. After seven months and five different versions of the privilege log, it is unacceptable that the privilege log remains deficient.

First, as in his previous privilege logs, Mr. Cohen continues to assert work product protection over documents relating to patent prosecution or dating back to 1999-2001, during the time that he was prosecuting the '253 Patent. *See, e.g.*, Doc. Nos. 2-5, 2-6, 12, 13, 14, 15, 16. As noted in our previous letters, prosecution-related documents do not warrant work product protection as a general matter. *See, e.g., Info-Hold, Inc. v. Trusonic, Inc.*, No. 06-543, 2008 WL 2949399, at *4 (S.D. Ohio July 30, 2008) ("Generally, work performed by an attorney to prepare and prosecute a patent application does not fall within the parameters of the work-product protection.") (collecting cases). Thus, to the extent that the entries in Mr. Cohen's privilege log represent patent prosecution documents, Mr. Cohen is not entitled to assert work product protection over these documents.

Moreover, as discussed in our April 6, 2009 letter, Mr. Cohen admitted that he was not aware of any specific litigation he had in mind when prosecuting the '253 Patent. Because Mr. Cohen was not anticipating specific litigation when prosecuting the '253 Patent, he may not assert work product protection over patent prosecution documents. *See, e.g., Horn & Hardart Co. v. Pillsbury Co.*, 888 F.2d 8, 12 (2d Cir. 1989) ("The work product doctrine protects an attorney's mental impressions, opinions or legal theories *concerning specific litigation* from disclosure") (emphasis added); *Fox v. California Sierra Financial Servs.*, 120 F.R.D. 520, 525 (N.D. Cal. 1988) ("[I]n order for documents to qualify as attorney work-product, there must be an

quinn emanuel urquhart oliver & hedges, llp

51305/2869384.1

EXHIBIT L
PAGE 216

identifiable prospect of litigation (i.e., *specific claims* that have already arisen) at the time the documents were prepared.") (emphasis added); *Peripherals, Inc. v. Western Digital Corp.*, 1993 WL 726815 (N.D. Cal. June 8, 1993) (citing *Hercules Inc. v. Exxon Corp.*, 434 F. Supp. 136 (D. Del. 1977) ("When litigation is a 'mere contingency' at the time the document is prepared, the privilege applies if the prospect of litigation is identifiable because of *specific claims* that have already arisen.") (emphasis added).

Thus, despite your assurances that the revised privilege log would only claim work product protection where appropriate, it appears from our review that Mr. Cohen continues to claim work product immunity for ineligible documents. The privilege log must be revised to correct for all such errors.

Second, many of the document descriptions in the new privilege log remain deficient. For instance, Reference Nos. 10-1, 10-2, 11-1, 11-6, 29-1, and 29-2 — which Mr. Cohen seeks to protect under the attorney-client privilege — are all described as "Document concerning legal advice and including confidential communications between client and attorney." This "description" merely restates the legal standard for attorney-client privilege, and does not give any indication about the contents of the withheld documents. Additionally, a number of the entries the privilege log contain descriptions with insufficient detail to distinguish between documents, or determine whether documents are privileged as claimed by Mr. Cohen. For example, the revised privilege log contains descriptions such as "Letter concerning patent prosecution for the purpose of legal advice and including confidential communications between client and attorney," "Letter concerning foreign patent application for the purpose of legal advice and including confidential communications between client and attorney," "Document concerning licensing for the purpose of legal advice and including confidential communications between client and attorney," "Letter concerning trademark application for the purpose of legal advice and including confidential communications between client and attorney," and "Documents concerning representation for the purpose of legal advice and including confidential communications between client and attorney." *See, e.g.*, Reference Nos. 3-19, 3-20, 3-21, 3-22, 3-23, 3-24, 3-25, 3-26, 4-1, 4-2, 4-3, 4-4, 4-5, 4-6, 4-7, 4-8, 10-4, 11-13, 27-1, and 27-2. These descriptions fail to provide any information regarding the specific patents or trademarks being prosecuted, the subject matter of the licensing, the subject matter of the representation, etc. The privilege log must be revised to provide the parties with sufficient information to assess the claims of privilege as required by Federal Rule of Civil Procedure 45(d)(2).

Third, many of the documents that Cohen seeks to protect under the attorney-client privilege do not disclose any apparent "client." For instance, the privilege log lists over two dozen communications between Cohen and Hidehiko Okada, a Japanese attorney. *See, e.g.*, Doc. Nos. 7-1 through 7-7, 26-6 through 26-31. There is no showing that these *inter-attorney* communications included privileged *attorney-client* communications. Thus, Cohen may not assert attorney-client privilege over these documents.

We have already spoken several times regarding deficiencies in Mr. Cohen's privilege log, and you have committed to fixing certain issues in the log. Nonetheless, despite these conferences, the privilege log remains inadequate. We remain willing to meet and confer, but we cannot allow you to continue to delay production of a proper privilege log indefinitely. If we fail to

EXHIBIT L
PAGE 212

receive a legally sufficient privilege log within the next seven days, we will file a motion to compel a sufficient privilege log.

Sincerely,

/s/ Emily C. O'Brien

Emily O'Brien

EXHIBIT L
PAGE 218