# EXHIBIT N



**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700

June 8, 2009

VIA ELECTRONIC MAIL

Greg Dovel
Christin Cho
Dovel & Luner LLP
201 Santa Monica Boulevard, Suite 600
Santa Monica, CA 90401

Re:  Performance Pricing, Inc. v. Google Inc. et al.

Dear Greg & Christin:

I write to memorialize our meet and confer on June 4, 2009 regarding privilege log issues in the Performance Pricing, Inc. v. Google Inc. et al. matter. During our call, we discussed the revised privilege logs of Performance Pricing, PricePlay/Wayne Lin, and Neal Cohen/Vista IP Law Group that were served on May 29, 2009.

First, we discussed the issue of waiver of attorney-client privilege or work product protection. In particular, we noted that Neal Cohen/Vista IP Law Group had asserted attorney-client privilege for a number of documents in the May 18 and May 29, 2009 privilege logs, where attorney-client privilege had not been asserted in the previous logs. It was only after we had complained multiple times that documents in the Cohen privilege log were not entitled to work product protection—and after multiple iterations of that privilege log—that Cohen removed the assertion of work product protection, and added an assertion of attorney-client privilege for these documents. Having failed to previously assert attorney-client privilege for these documents, Cohen has waived the privilege and these documents must be produced. Specifically, Cohen must produce documents corresponding with privilege log entries 21, 43, 72, and 80. Additionally, Cohen must produce documents corresponding with privilege log entries, for which Cohen did not assert attorney-client privilege in his 3.18.2009 or 4.18.2009 privilege logs

quinn emanuel urquhart oliver & hedges, llp

LOS ANGELES | ...
NEW YORK | ...
SILICON VALLEY | ...
TOKYO | Akasaka ...
LONDON | ...

01002.51305/2961486.1

EXHIBIT N
PAGE 258

1-27, 7-1, 7-2, 7-3, 7-4, 7-5, 7-6, 7-7, 9-1, 9-2, 11-9, 26-4, 26-5, 26-6-7, 26-8-9, 26-10-11, 26-12-14, 26-15-16, 26-17-18, 26-19-18, 26-20, 30-1, 30-2, 30-3, 30-4, 30-5, 30-6-7, 30-10-11, 30-14, 30-15, 30-16, 30-1-19, 30-20, 30-21, 30-22-23, 30-24, 30-25-26, 30-27-32, 30-33-34, 30-35, 30-36-37, 30-38, 30-39-40. Finally, Cohen must produce documents corresponding to the following privilege log entries, for which Cohen did not assert attorney-client privilege in his original or first revised privilege logs: 2-5, 2-6, 2-11, 10-1, 10-2, 10-3, 10-4, 10-5, 10-6, 10-7, 29-1, 29-2.

Moreover, both PricePlay and Performance Pricing have improperly asserted work product protection or attorney-client privilege in later privilege logs for documents where this was not originally asserted in their first privilege log. These protections or privileges were thus waived. PricePlay must produce documents corresponding with bates numbers P 21956-66, 22026-7, 22115-6, and 22496-508. Similarly, Performance Pricing must produce documents corresponding with bates numbers P 9316-7, 9318-9, 9348-9, 9357-8, 9364-74, 9375-83, 11238-40, 11315-23, 11333-40, 12200-1, 12202-4, 12262-3, 12268-77, 12287-92, 12325, 13499-500, 13501, 13504-5, 13506-7, 13526-7, 15534, 17435, 17440-2, 17443-4, 17505-10, 18428-30, 18431-33, 18436-7, 18475-6, 18499-501, 18502-6, 18511-8, 19836-8, 19841-2, 19843-4, 19900-8, 19909-16, 19917-22, 20816, 9700-2, 13522-3, 21138, 8086, and 11387-400.

Plaintiff asked that we provide authority for the position that the failure to assert privilege or protection in the earlier logs waived the privilege or protection, absent disclosure of the documents. While we continue to believe that such case law is unnecessary given Federal Rule of Civil Procedure Rule 26(b)(5)'s requirement that a party asserting a privilege or protection to "make the claim expressly",[1] we direct Plaintiff's attention to the following case. *See Lockheed Martin Corp. v. L-3 Comm'ns Corp.*, No. 05-1580, 2007 WL 2209250, *7 (M.D. Fla. July 29, 2007) (finding that Lockheed Martin had "waived its assertions of the attorney-client privilege in the present case by failing to state them expressly in its original and supplemental privilege logs", after plaintiff tried to serve a new privilege log asserting attorney-client privilege). If you continue to believe that it was appropriate for you to later assert attorney-client privilege or work product doctrine for documents where it had not been previously asserted, please provide us with case law in support of your position.

Because they have waived attorney-client privilege or work product protection for the documents listed above, we expect Plaintiff, Mr. Lin and Mr. Cohen to produce these documents no later than the end of this week.

Second, we discussed the issue of the privilege log descriptions remaining inadequate. We agreed to provide examples of descriptions that we believed needed to be corrected, and you

---

[1] We further note that the Advisory Committee Notes to the 1993 Amendments of Rule 26 state that a party's failure to notify other parties that it is withholding documents because of an assertion of a privilege or work product protection "may be viewed as a waiver of the privilege or protection."

EXHIBIT  N 
PAGE  259

agreed to address these issues by the end of the week. The parties agreed that at that point, we would either accept these descriptions as they were or move to compel.

Consistent with our discussion, we note that the descriptions in the Cohen privilege log remain inadequate. Cohen's log contains multiple iterations of the same descriptions, such that it is impossible to assess his claims of attorney-client privilege. For example, numerous entries contain the description "Letter concerning patent prosecution for the purpose of legal advice and including confidential communications between client and attorney." *See, e.g,* 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11, 1-12, 1-13, 1-14, 1-15, 1-16, 1-17, 1-18, 1-19, 1-20, 1-21, 1-22, 1-23, 1-24, 1-25, 1-16, 1-27, 2-5, 2-6, 2-11, 3-1, 3-2, 3-3, 3-4, 3-5, 3-6, 3-7, 3-8, 3-9, and 3-10. Cohen also repeatedly uses a number of similar descriptions, such as for example "Document concerning patent prosecution for the purpose of legal advice and including confidential communications between client and attorney"; "Email chain concerning patent prosecution for the purpose of legal advice and including confidential communications between client and attorney"; and "Email concerning patent prosecution for the purpose of legal advice and including confidential communications between client and attorney." These descriptions are insufficient, and do not allow us to assess Cohen's claims as required by Federal Rule of Civil Procedure 45(d)(2). Indeed, this is illustrated by the fact that Cohen uses one of these descriptions regarding "patent prosecution" for documents dated <u>after</u> the prosecution of the '253 Patent had ended and the patent had issued. *See, e.g.,* 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, and 93. Cohen's abbreviation section defined "patent" as the '253 Patent. These documents could not possibly be about the '253 Patent prosecution, given that they are dated so long after the '253 Patent had already issued. Therefore, these descriptions are wrong and must be revised.

Cohen's log must be amended to provide descriptions that are sufficient to assess his claims of privilege.[2]

Finally, while we did not discuss it during our meet and confer, we noticed that the 5.18 and 5.29 versions of the Cohen log contained additional entries that were not contained in the earlier logs. *See* 26-22, 26-23-24, 26-25, 26-26, 26-27, 26-28-29, 26-30, and 26-31-33. Please explain the addition of these entries.

---

[2] Please note that while we continue to believe that the PricePlay and Performance Pricing privilege logs contain inadequate descriptions for many of the same issues, we will address them separately depending on the resolution of the issues on the Cohen log.

EXHIBIT N
PAGE 260

As always, we remain willing to meet and confer to resolve any discovery issues, and hope that you similarly remain willing to work together on these issues in a timely and efficient manner. If you believe that a telephone conference would result in a more expeditious resolution of this issue, please let me know so we can setup a time to discuss.

Cordially,

/s/ Emily C. O'Brien

Emily C. O'Brien

EXHIBIT N
PAGE 261