# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **PERFORMANCE PRICING, INC.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | **CIVIL ACTION NO. 2:07cv432** |
| § | |
| **GOOGLE INC., et al.,** § | |
| § | |
| Defendants. § | |
| § | |

## ORDER

Before the Court is Defendants Google Inc. and AOL LLC's (collectively, "Defendants") Motion to Compel Production of Documents by Third Parties, Neal Cohen and Vista IP Law Group, LLP ("Motion") (Doc. No. 241). As represented in an Order (Doc. No. 23) issued in the Central District of California, case number 2:09-cv-06283-FMC-CT, and the parties' Joint Stipulation filed in this district (Doc. No. 241-2), Defendants subpoenaed third parties from which Defendants seek to compel documents that Performance Pricing claims are privileged. After this Motion was remitted to the United States District Court for the Eastern District of Texas, the Court held a telephonic hearing on October 1, 2009 to decide whether that privilege had been waived. Having considered the Motion, the parties' Joint Stipulation, and the Supplemental Memoranda (Doc. No. 242), the Court concludes that the Motion to Compel Third Parties should be **DENIED**.[1]

---

[1] The Court first denied this Motion at the conclusion of the October 1, 2009 hearing. Accordingly, the instant Order affirmatively memorializes the Court's ruling and sets forth accompanying reasoning.

**BACKGROUND**

On October 22, 2008, Defendants subpoenaed Mr. Cohen and Vista IP Law Group, LLP. JOINT STIPULATION at 2. The subpoenaed parties submitted a joint privilege log of documents withheld from production, and it was later discovered that this log, as well as later-supplemented privilege logs, contained an assortment of deficiencies. *Id*. at 4. At the hearing, counsel for Defendants represented that deficient entries in the privilege logs occurred within three basic categories:

1. Documents where Mr. Cohen failed to assert attorney-client privilege in the first four logs and did so for the first time his fifth log. Specifically, Defendants maintain that Mr. Cohen improperly asserted work product protection in the first four logs and then dropped work product assertions in the fifth log. JOINT STIPULATION at 8.

2. Documents where Mr. Cohen initially claimed attorney-client privilege, then dropped the privilege following objection from Defendants and later asserted work product protection instead of attorney-client privilege. *Id*. at 8–9.

3. Documents where Mr. Cohen did not assert attorney-client privilege in the first or second privilege logs, but later added or substituted claims of attorney-client privilege in his third privilege log. *Id*. at 9.

As a result of privilege log deficiencies, Defendants argue that Mr. Cohen waived attorney-client privilege and should be compelled to produce the documents at issue. JOINT STIPULATION at 1. Defendants additionally make the argument that Mr. Cohen's conduct was aimed to avoid production of discoverable documents pertaining to patent prosecution. *Id*. at 8–10.

Mr. Cohen and Performance Pricing jointly oppose Defendants' position by arguing that the circumstances surrounding the privilege holder's conduct do not support a finding of waiver. *Id*. at 12–15. It is apparently undisputed that privilege was continuously held by Mr. Cohen's client, Wayne Lin, JOINT STIPULATION at 15, and Plaintiff therefore maintains that Defendants' attacks on Mr. Cohen's conduct are problematic. Discussing circumstances that weigh against waiver, Plaintiff argues that where the client continuously holds privilege and the attorney's actions call such privilege into question, courts have held in favor of a waiver analysis that respects the confidential communications between an attorney and client. JOINT STIPULATION at 15 (citing *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 341 (9th Cir. 1996)).

Furthermore, to the extent that Mr. Cohen's log contained errors, Plaintiff maintains that Mr. Cohen made timely corrections in a good faith attempt to cure any inaccuracies. JOINT STIPULATION at 13. In addition to repeated, good faith supplementation of the log each time the Defendants requested more information, Plaintiff points to the protective order in this case where a mistake will not waive privilege. *Id*. at 13. Plaintiff argues that the Court entered a protective order, to which Defendants agreed, and even where a mistake is made and a privileged document is inadvertently produced, "no waiver of privilege" results. *Id*.

## ANALYSIS

While Mr. Cohen's repeated mis-logging of documents was less than ideal, it was not sufficiently egregious to give rise to a waiver of privilege. Mr. Lin and his company produced a privilege log asserting attorney-client privilege for confidential communications with Mr. Cohen, and at no time did Mr. Lin ever waive such privilege. Mr. Lin's continuous assertion of privilege

implicitly weighs against a potential waiver effected by Mr. Cohen, a thirty party to the litigation who is not the holder of privilege.

Similarly, although there was significant back-and-forth as to the claimed privileges, the challenged documents were never produced and the errors were ultimately corrected. Since privilege was claimed from the beginning, the disputed documents, even if inadvertently produced, would thereafter be subject to clawback provisions in the protective order. In sum, although the Cohen log did contain some mistaken assertions of privilege, all parties were aware that Mr. Cohen was asserting the attorney-client privilege and/or the work product doctrine and the course of conduct fell short of warranting waiver. Accordingly, the documents at issue will remain protected, as the privilege-holder intended, and are not subject to production. The Motion is **DENIED**.

**So ORDERED and SIGNED this 19th day of October, 2009.**

*[Signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE