IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERFORMANCE PRICING, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., AOL LLC, MICROSOFT CORPORATION, YAHOO! INC., IAC SEARCH & MEDIA, INC., and A9.COM, INC., <br><br> Defendants. | Case No. 2:07-cv-432 (LED) <br><br> **JURY TRIAL DEMANDED** |

### Plaintiff's Motion to Compel the Deposition of Michelle Lee

**I.     Introduction**

Plaintiff Performance Pricing seeks an order compelling Google to produce Google employee Michelle Lee for a deposition.

**II.    Background**

Performance Pricing asserts that Google's Adwords system infringes U.S. Patent No. 6,978,253 (the '253 patent). The patent describes a method for "conducting business transactions over the Internet, allowing buyers to reduce the price of the selected product/service based on the buyer's performance during a collateral activity." '253 Abstract.

**A.     Michelle Lee**

On June 27, 2008, the parties exchanged their initial disclosures. Google's initial disclosures identified five Google employees, including Michelle Lee, as "persons having knowledge of relevant facts." Exh. 1 at 6. Michelle Lee was the only person identified as having knowledge regarding "Google patent licensing practices and policies relating to AdWords." *Id.* In addition, she was also identified as someone with knowledge regarding "damages." *Id.*

1

Ms. Lee also appeared on Google's first supplemental initial disclosures, served on February 24, 2009, and again on Google's second supplemental initial disclosures, served on September 21, 2009. Cho decl. ¶4; exh. 2 at 6; exh. 3 at 6. Each time, she was the only person identified as a person with knowledge regarding "Google licensing practices and policies relating to AdWords." Cho decl. ¶4; *see also* exh. 2; Exh. 3.

Plaintiff served a notice of deposition for Michelle Lee on October 5, 2009. Cho decl. ¶5; exh. 4. Plaintiff separately noticed a 30(b)(6) deposition of Google on topics including Google's procedures and policies regarding patent infringement, patent licensing, non-practicing entities, and clearance searches. Cho decl. ¶6; exh. 5.

After Google objected to the 30(b)(6) deposition notice, on October 13, 2009, counsel for Plaintiff and Google had a telephone conference to discuss various issues. Cho decl. ¶9-10. Plaintiff stated that the individual deposition of Michelle Lee could be combined with the 30(b)(6) deposition topics on patent policy, since it appeared that Ms. Lee was knowledgeable on those topics. *Id.*

On October 16, 2009, Google's counsel called and stated that it had chosen to produce Eric Schulman, a Google employee, for the patent policy topics in the 30(b)(6) notice. *Id.* at ¶11. Google stated that it would swap out Ms. Lee for Mr. Schulman in the initial disclosures, and requested that Plaintiff drop the Michelle Lee deposition. *Id.*

On October 20, 2009, Plaintiff and Google met and conferred regarding the 30(b)(6) topics and Michelle Lee. *Id.* at 12. Google asserted that it did not have to produce any witnesses for deposition because Plaintiff was over the presumptive limit of eight depositions per party specified in this Court's Discovery Order. *Id.* Plaintiff explained that the order stated that it was permitted to take 30(b)(6) depositions, plus an additional 8 witnesses from Google and, therefore, had not reached the presumptive limit of 8. *Id.*; *see also* Discovery Order, dkt. 96 at 3. Google stated that it would consider whether to produce Ms. Lee. *Id.*

On October 23, 2009, Google sent Plaintiff a letter stating that it believed that statements by Michelle Lee in a Google blog were not relevant to this litigation, because it included

2

information regarding Google's lobbying efforts, which is protected by the First Amendment and not discoverable. *Id.* at ¶13. Plaintiff responded by stating that Plaintiff did not intend to ask Michelle Lee about lobbying efforts; instead, it intended to ask Michelle Lee about topics relating to Google's patent policies. *Id.*

On November 6, 2009, the parties had a final meet and confer regarding the deposition of Michelle Lee. *Id.* at ¶14. Plaintiff reiterated its position that it was entitled to the deposition of Michelle Lee because Ms. Lee had relevant information regarding Google's patent policies. *Id.* Google refused to produce Ms. Lee. *Id.* The parties reached an impasse, and this motion follows.

**III. Argument**

**A. Michelle Lee has relevant information regarding patent licensing practices and policies.**

It is undisputed that Michelle Lee is a person with knowledge relevant to this litigation. Google itself identified Michelle Lee three times as a person (indeed the only person) with knowledge regarding "Google patent licensing practices and policies relating to AdWords" and also as someone with knowledge regarding "damages." Exh. 1, 2, 3; Cho decl. ¶2-4. In addition, that (1) Ms. Lee was the head of patents and patent strategy at Google, and (2) that she authored a blog regarding Google's patent policy, indicate that she has relevant knowledge about Google's patent policy.

Google's objection to the Michelle Lee deposition boils down to "we'd prefer to produce Eric Schulman instead." Google does not dispute that Ms. Lee has relevant information. Google provides no explanation why it chose to identify Ms. Lee three times on its initial disclosures, only to delete her name once Plaintiff requested a deposition. Nor does Google explain why Ms. Lee cannot be produced. It only states that it now prefers to switch Ms. Lee for Mr. Schulman. This is insufficient.

Moreover, there is no suggestion that Mr. Schulman has more information about patent policy than Ms. Lee. Google fails to argue that Mr. Schulman was ever the head of patents or patent strategy, or that he held a similarly high position which would make him more

knowledgeable that Ms. Lee. In addition, Plaintiff was unable to find any evidence suggesting that Mr. Schulman ever wrote publicly about Google's patent policy, unlike Ms. Lee. Finally, a search for "Eric Schulman" in the Google productions results in zero hits. There are no documents produced by Google that even mention Mr. Schulman. Based on this, it seems extremely unlikely that Mr. Schulman is better suited for a deposition on patent policy than Ms. Lee.

Indeed, because Google is affirmatively seeking to substitute Mr. Schulman for Ms. Lee, it is reasonable to infer that Google believes Ms. Lee will likely provide information that is *more helpful to Plaintiff* and that will be perceived by the jury as *more probative* than Mr. Schulman's information.

### B. Plaintiff is not over the limit on depositions.

This Court's discovery order states:

> <u>Depositions of Parties and Third-Parties</u>: The parties agree to a limit of 30 fact depositions per side (presumptively no more than eight against each Defendant). The parties further agree that expert depositions will not count toward these limits. The parties further agree that depositions taken pursuant to FRCP 30(b)(6) will count towards the 30 fact deposition limit. The parties further agree that individual and 30(b)(6) depositions of third parties shall also count towards the 30 fact deposition limit.

Dkt. 96 at 3.

Plaintiff has noticed and taken five individual depositions (as opposed to 30(b)(6) depositions) of Google employees. In addition, Plaintiff has taken three 30(b)(6) depositions, two of which were court-ordered.

Plaintiff has not exceeded the presumptive limit of "eight against each Defendant", because only the individual depositions count against this limit. Google argues, however, that the three 30(b)(6) depositions should also count against Plaintiff's limit of eight, which would put Plaintiff at eight depositions against Google.

The Court's Order is structured so that it expressly identifies which limit a 30(b)(6) deposition will count towards. It states that the 30(b)(6) depositions "will count towards the <u>30 fact deposition limit</u>," but the Order does not state that 30(b)(6) depositions count against the presumptive limit of eight against each Defendant. Dkt. 96 at 3.

In addition, interpreting the Order such that 30(b)(6) depositions also count towards the limit of eight depositions against each Defendant would lead to absurd results. A Defendant can choose to provide the same 30(b)(6) witness for each noticed topic, or choose to provide different witnesses for each topic. If the 30(b)(6) depositions count against the limit of eight, a defendant could exhaust Plaintiff's limit of eight by producing eight different witnesses on the first eight topics in a noticed 30(b)(6) deposition.

Moreover, two of the Google 30(b)(6) depositions should not count against Plaintiff, because they were court ordered and would have been avoided if Google had agreed to respond to other discovery methods. The court ordered depositions were (1) the Silverman deposition, regarding the facts supporting Google's non-infringement position, and (2) the Furrow deposition, regarding Google's source code.

Plaintiff first propounded an interrogatory seeking the facts supporting Google's non-infringement position, which Google refused to answer. Plaintiff was then forced to file a motion to compel on both the interrogatory and deposition, because Google refused to answer the interrogatory and also refused to produce a witness on the topic. If Google had agreed to answer the interrogatory, no motion to compel or court-ordered deposition would have been necessary. See Dkt. 179-2 ¶11-19 (Plaintiff told Google that "if the information received in Google's supplemental response to Interrogatory No. 1 was sufficiently detailed, <u>it would not be necessary to go forward with the Rule 30(b)(6) deposition topic noticed on Google</u>," however, Google refused to supplement and a motion to compel followed. (emphasis added)).

The same is true of the second court-ordered deposition, which concerned the Google source code for calculating actual cost per click and quality score. Plaintiff's original request to Google was for the documents relating to these calculations – not a deposition. But because

Google refused to produce the relevant documents, Plaintiff was forced to file a motion to compel. In that motion, Plaintiff did not explicitly request a deposition, but the Court ordered Google to produce both the documents and a witness who could testify about the source code. *See* dkt. 215 at 7 (Plaintiff's motion to compel requesting that "this Court Court move to compel Google to produce all documents regarding Google's calculation of actual cost per click and Quality Score"); dkt. 236 (Court Order regarding Plaintiff's motion to compel). Again, this deposition could have been avoided had Google timely produced the documents originally requested by Plaintiff, instead of forcing Plaintiff to go to the Court.

In light of the circumstances, these two 30(b)(6) depositions should not count against Plaintiff's limit of eight under any interpretation. This would reduce Plaintiff's total depositions against Google to six even by Google's count (five individual depositions plus one 30(b)(6) deposition), which would allow Plaintiff to proceed with the deposition of Michelle Lee.

Finally, the limit of eight depositions against each Defendant is only a presumptive limit. If this Court decides that both the individual depositions and each of the 30(b)(6) depositions should count against the limit, Plaintiff requests leave of the court to seek the deposition of Ms. Lee. As discussed above, Google does not dispute that Ms. Lee has knowledge relevant to this litigation. In addition, her position as the former head of patents and patent strategy, her repeated presence on Google's initial disclosures list, and the fact that she wrote a blog on Google's patent policy indicates that she has substantial relevant knowledge. On that basis, Plaintiff seeks leave to depose Ms. Lee.

## IV. Conclusion

For the foregoing reasons, Plaintiff requests that this Court compel Google to produce Michelle Lee for a deposition within 7 days.

Dated: November 11, 2009    By:    /s/ Christin Cho

                                                                                  Christin Cho
CA State Bar No. 238173
Email: christin@dovellaw.com
Gregory S. Dovel

CA State Bar No. 135387
Email: greg@dovellaw.com
Sean Luner
CA State Bar No. 165443
Email: sean@dovellaw.com
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, L.L.P.
Energy Centre
1127 Judson Road, Ste 220
P. O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: capshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

Robert M. Parker
State Bar No. 15498000
Email: rmparker@cox-internet.com
Robert Christopher Bunt
State Bar No. 00787165
Email: cbunt@cox-internet.com
Parker & Bunt, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone: 903/531-3535
Facsimile: 903/533-9687

ATTORNEYS FOR PLAINTIFF
PERFORMANCE PRICING, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document was served, via the Court's CM/ECF system per Local Rule CV-5(a)(3), on counsel for Defendants this 11th day of November, 2009.

/s/ Christin Cho
Christin Cho

## CERTIFICATE OF CONFERENCE

I am lead trial counsel for Plaintiff Performance Pricing, Inc. I participated in a meet and conference pursuant to Local Rule CV-7(h) regarding the subject of this motion. Local counsel also participated in a meet and conference regarding the subject of this motion. The conference took place by telephone on November 6, 2009, beginning at 4 p.m. CT. On Google's behalf, David Perlson, Emily O'Brien, and local counsel participated. Plaintiff's local counsel Charley Ainsworth also participated. The parties were not able to reach an informal resolution of this motion, and the motion is opposed. The parties have reached an impasse on this issue and it is clear that motion practice is necessary to resolve this dispute.

/s/ Gregory S. Dovel
Lead trial counsel

/s/ Charles Ainsworth
Local counsel / by permission CA