**EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERFORMANCE PRICING, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC. and AOL LLC; <br><br> Defendants. | Civil Action No. 2-07CV-432-LED <br><br> JURY TRIAL REQUESTED |

## DEFENDANT GOOGLE INC.'S SECOND SUPPLEMENTAL INITIAL DISCLOSURES

Pursuant to Rules 26(a)(1) and (e) of the Federal Rules of Civil Procedure and paragraph 1(a) through (g) of the Court's Discovery Order, Defendant Google Inc. ("Google") hereby makes the following disclosures. Google bases the following disclosures on information currently and reasonably available. Google reserves the right to supplement these disclosures, as necessary, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, and to rely on the testimony of any person it subsequently identifies as having knowledge relevant to this dispute.

Google's current understanding of the accused product is based on Plaintiff Performance Pricing, Inc.'s ("Performance Pricing") Amended Infringement Contentions served on September 16, 2009 in which Performance Pricing disclosed that it is accusing certain features of Google AdWords of infringing U.S. Patent No. 6,978,253 ("the '253 patent").

### A. Correct Names of the Parties

The correct name of Defendant Google is Google Inc. On information and belief, the correct name of Plaintiff Performance Pricing is Performance Pricing, Inc., and the correct name of Defendant AOL is AOL LLC.

1

### B. Potential Parties

Wayne W. Lin and PricePlay, Inc. are potential additional parties to this action. Mr. Lin is the named inventor of the '253 patent and PricePlay is a company he founded. Both Mr. Lin and PricePlay may have an ownership interest in the '253 patent.

### C. Legal Theories and Factual Bases of Google's Claims and Defenses

#### 1. Invalidity

The '253 patent is invalid for failing to satisfy one or more requirements for patentability under the patent laws of the United States, as set forth in Title 35 of the United States Code, including without limitation, the requirements set forth in sections 101, 102, 103, and 112. Google provided details of its invalidity positions in Defendants Amended Invalidity Contentions, which were prepared pursuant to Patent Rule 3-3 and were served on October 30, 2008.

#### 2. Non-Infringement

Google has not infringed any valid and enforceable claim of the '253 patent. Properly construed, no valid and enforceable claim of the '253 patent covers, either literally or under the doctrine of equivalents, any features of Google AdWords. Facts supporting Google's non-infringement contentions may include, but are not limited to, the structure, characteristics, and operation of the accused features of Google AdWords, the '253 patent and its prosecution history, and any admissions by Performance Pricing regarding the '253 patent.

#### 3. Prosecution History Estoppel

The claims of the '253 patent are so limited by the prior art, by their terms, and/or by representations made to the United States Patent and Trademark Office during prosecution of the application which resulted in the '253 patent, that none of the claims of the patent are infringed by Google.

4. <u>Unclean Hands</u>

On information and belief, the claims of the '253 patent are unenforceable due to Plaintiff's unclean hands.

**D.    Persons Having Knowledge of Relevant Facts**

Based on Google's current understanding of the claims asserted by Performance Pricing, Google identifies the following individuals as having knowledge of relevant facts:

| Name and Contact Information (if known) | Connection with the Case | Substance of Known Information |
| --- | --- | --- |
| Wayne W. Lin<br>c/o Performance Pricing's counsel of record,<br>Dovel & Luner<br>201 Santa Monica Boulevard<br>Suite 600<br>Santa Monica, CA 90401 | Named inventor of the '253 patent. | Issues relating to the '253 patent's prosecution history; prior art; invalidity; conception; reduction to practice; construction of the claims in the '253 patent; embodiments of the '253 patent; Performance Pricing's claimed damages. |
| PricePlay, Inc.<br>3743 Irvine Blvd.<br>175<br>Irvine, CA 92602 | Company purporting to offer products covered by the '253 patent. | Issues relating to construction of the claims in the '253 patent; conception, development, design, and reduction to practice of the inventions disclosed in the '253 patent; Performance Pricing's claimed damages. |

| Name and Contact Information (if known) | Connection with the Case | Substance of Known Information |
|---|---|---|
| Clayton J. Haynes<br>c/o Performance Pricing's counsel of record,<br>Dovel & Luner<br>201 Santa Monica Boulevard<br>Suite 600<br>Santa Monica, CA 90401 | Director of Performance Pricing | Issues relating to the '253 patent's prosecution history; prior art; invalidity; conception; reduction to practice; construction of the claims in the '253 patent; embodiments of the '253 patent; Performance Pricing's licensing practices; Performance Pricing's claimed damages. |
| Paul R. Ryan<br>c/o Performance Pricing's counsel of record,<br>Dovel & Luner<br>201 Santa Monica Boulevard<br>Suite 600<br>Santa Monica, CA 90401 | Director of Performance Pricing | Issues relating to the '253 patent's prosecution history; prior art; invalidity; conception; reduction to practice; construction of the claims in the '253 patent; embodiments of the '253 patent; Performance Pricing's licensing practices; Performance Pricing's claimed damages. |
| Robert L. Harris<br>c/o Performance Pricing's counsel of record,<br>Dovel & Luner<br>201 Santa Monica Boulevard<br>Suite 600<br>Santa Monica, CA 90401 | Director of Performance Pricing | Issues relating to the '253 patent's prosecution history; prior art; invalidity; conception; reduction to practice; construction of the claims in the '253 patent; embodiments of the '253 patent; Performance Pricing's licensing practices; Performance Pricing's claimed damages. |

| Name and Contact Information (if known) | Connection with the Case | Substance of Known Information |
|---|---|---|
| Neal M. Cohen<br>Vista IP Law Group, LLP<br>2040 Main Street<br>9th Floor<br>Irvine, CA 92614 | Prosecuting attorney of the '253 patent | The prosecution of the '253 patent; prior art; invalidity; conception; reduction to practice; construction of the claims in the '253 patent. |
| Clayton Bavor<br>c/o Google's counsel of record<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111 | Google employee and former Product Manager for Google AdWords' Ads Quality. | Past design, development, and operation of Google AdWords. |
| Andrew Silverman<br>c/o Google's counsel of record<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111 | Google employee. | Design, development, and operation of Google AdWords; prior art; invalidity; non-infringement; damages. |
| Karen Aviram<br>c/o Google's counsel of record<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111 | Google employee. | AOL Search Marketplace; damages. |
| Shane Antos<br>c/o Google's counsel of record<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111 | Google employee. | Past business and financial aspects of Google AdWords; damages. |
| Evan Sidarto<br>c/o Google's counsel of record<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111 | Google employee. | Business and financial aspects of Google AdWords; damages. |

| Name and Contact Information (if known) | Connection with the Case | Substance of Known Information |
|---|---|---|
| Michelle Lee<br>c/o Google's counsel of record<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111 | Google employee. | Google patent licensing practices and policies relating to AdWords; damages. |
| Mary Hollendoner<br>c/o Google's counsel of record<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111 | Google employee. | Business and financial aspects of Google Adwords; damages. |
| Jonathan Alferness<br>c/o Google's counsel of record<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111 | Google employee. | Design, development, and operation of aspects of Google AdWords; prior art; invalidity; non-infringement; damages. |
| Hal Varian<br>c/o Google's counsel of record<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111 | Google employee | Design, development, economics, and operation of aspects of Google AdWords; prior art; invalidity; non-infringement; damages. |
| Ariel Bardin<br>c/o Google's counsel of record<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111 | Google employee. | Design, development, and operation of aspects of Google AdWords. |
| Bartholomew Furrow,<br>c/o Google's counsel of record<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111 | Google employee | Design, development, and operation of aspects of Google AdWords. |
| Advanced Information Systems<br>P.O. Box 1236<br>Midland, MI 48641 | Potential prior art witness. | Prior art to the '253 patent, including U.S. Patent No. 6,783,028 |

| Name and Contact Information (if known) | Connection with the Case | Substance of Known Information |
|---|---|---|
| Amazon.com<br>1200 12th Ave., Ste. 1200<br>Seattle, WA 98144<br>Phone: (206) 266-1000<br>Fax: (206) 622-2405 | Potential prior art witness. | Prior art to the '253 patent. |
| AOL LLC<br>22000 AOL Way<br>Dulles, VA 20166 | Potential prior art witness. | Prior art to the '253 patent, including the "You Guessed It!" game offered by Compuserve, and individual advertisement auctions offered by Netscape |
| AT&T<br>New York, NY | Potential prior art witness. | Prior art to the '253 patent, including U.S. Patent No. 4,850,007 |
| Bell Laboratories<br>Murray Hill, NJ | Potential prior art witness. | Prior art to the '253 patent, including U.S. Patent No. 4,850,007 |
| Broadvision<br>Los Altos, CA | Potential prior art witness. | Prior art to the '253 patent, including U.S. Patent No. 5,710,887 |
| Concept Shopping, Inc.<br>Lisle, IL | Potential prior art witness. | Prior art to the '253 patent, including U.S. Patent No. 6,389,401 |
| Daniel M. Miller<br>53 Highland Rd.<br>Mahopac, NY 10541 | Potential prior art witness | Prior art to the '253 patent, including U.S. Patent No. 6,064,981 |
| Dwight A Merriman<br>AlleyCorp<br>40 West 20th Street<br>6th Floor<br>New York, NY 10011 | Potential prior art witness | Prior art to the '253 patent, including U.S. Patent No. 7,039,599 |
| eBay Inc.<br>2145 Hamilton Avenue<br>San Jose, CA 95125 | Potential prior art witness. | Prior art to the '253 patent. |

| Name and Contact Information (if known) | Connection with the Case | Substance of Known Information |
|---|---|---|
| Expanse Networks, Inc.<br>Doyletown, PA | Potential prior art witness | Prior art to the '253 patent, including U.S. Patent No. 6,324,519 |
| IBM Corporation<br>1 New Orchard Road<br>Armonk, New York 10504 | Potential prior art witness. | Prior art to the '253 patent, including U.S. Patent Nos. 6,151,589 and 7,089,194 |
| Incentech, Inc.<br>Abilene, TX | Potential prior art witness | Prior art to the '253 patent, including U.S. Patent No. 6,516,302 |
| Infospace, Inc.<br>601 108th Avenue NE<br>Bellevue, WA 98004 | Potential prior art witness. | Prior art to the '253 patent, including the Dogpile metasearch site |
| Intel Corporation<br>2200 Mission College Blvd<br>Santa Clara, CA 95054 | Potential prior art witness. | Prior art to the '253 patent, including U.S. Patent Nos. 5,752,238 and 5,724,521 |
| James Logan<br>18 Castle Hill Road<br>Windham, NH 03087 | Potential prior art witness. | Prior art to the '253 patent, including U.S. Patent No. 5,721,827 |
| Kevin O'Connor<br>O'Connor Ventures<br>koconnor@oconnorventures.com | Potential prior art witness | Prior art to the '253 patent, including U.S. Patent No. 7,039,599 |
| MobShop, Inc.<br>208 Utah Street<br>Suite 310<br>San Francisco, CA 94103 | Potential prior art witness. | Prior art to the '253 patent, including U.S. Patent No. 6,269,343 |
| Neil A. Barni<br>2220 Canton Lofts #103<br>Dallas, TX  75201 | Potential prior art witness | Prior art to the '253 patent, including U.S. Patent No.6,064,981 |
| Ok-Sun Byon<br>108-202 Parktown 52 Sunae-dong,<br>Bundang-gu, Songnam-shi,<br>Kyonggi-do 463-020, Rep. of Korea | Potential prior art witness. | Prior art to the '253 patent, including U.S. Patent No. 5,890,718 |

| Name and Contact Information (if known) | Connection with the Case | Substance of Known Information |
|---|---|---|
| Priceline.com<br>800 Connecticut Avenue<br>Norwalk, CT 06854 | Potential prior art witness. | Prior art to the '253 patent |
| Response Reward Systems, LLC<br>2165 55th Avenue<br>Vero Beach, FL 32966 | Potential prior art witness. | Prior art to the '253 patent, including U.S. Patent No. 5,916,024 |
| Richard Zandi<br>34 Ridge Rd.<br>Chappaqua, NY 10515 | Potential prior art witness. | Prior art to the '253 patent, including U.S. Patent No. 5,966,699 |
| Rodstock Leisure Limited<br>Wigna, United Kingdom | Potential prior art witness. | Prior art to the '253 patent, including U.S. Patent No. 4,869,500 |
| Shoe Carnival, Inc.<br>7500 East Columbia Street<br>Evansville, IN 47715 | Potential prior art witness. | Prior art to the '253 patent |
| Thomas Mureko, Jr.<br>643 N. Abingdon St.<br>Arlington, VA 22203 | Potential prior art witness | Prior art to the '253 patent, including U.S. Patent No. 6,578,014 |
| Vulcan Inc.<br>505 Fifth Ave S<br>Suite 900<br>Seattle, WA 98104 | Potential prior art witness. | Prior art to the '253 patent, including U.S. Patent Nos. 6,604,089 and 7,146,330 |
| Walker Asset Management Limited Partnership<br>Four High Ridge Park<br>Stamford, CT 06905 | Potential prior art witness. | Prior art to the '253 patent, including U.S. Patent No. 5,779,549 |
| Walker Digital Management, LLC<br>5 High Ridge Park, Suite 1B<br>Stamford, CT 06905 | Potential prior art witness. | Prior art to the '253 patent, including U.S. Patent No. 6,161,059 |
| Yahoo! Inc.<br>701 First Avenue<br>Sunnyvale, CA 94089 | Potential prior art witness. | Prior art to the '253 patent, including any Goto.com pay-per-click systems and U.S. Patent No. 6,631,372 |
| Joe Milam<br>556 Red Maple Dr.<br>Mandeville, LA 70448 | Potential prior art witness. | Prior art to the '253 patent, including Shoe Carnival. |

In addition to the above-listed individuals, Google incorporates by reference the individuals disclosed by Performance Pricing, AOL, Microsoft, Yahoo, IAC, and A9 pursuant to Fed. R. Civ. Pro. 26 as if set forth fully herein. Google expressly reserves the right to supplement this response pursuant to Fed. R. Civ. Pro. 26(e) as its investigation continues.

### E. Any Indemnity and Insuring Agreements

Google is not aware at this time of any indemnity or insuring agreements under which any person or entity may be liable to satisfy part or all of any judgment entered in this action against Google, or to indemnify Google for payments made to satisfy any such judgment.

### F. Settlement Agreements

Plaintiff has entered into settlement agreements with Microsoft Corporation, Yahoo! Inc., A9.com, Inc., Looksmart, Ltd.

### G. Statement of Any Party to the Litigation

At the present time, Google has no statements other than those disclosed above and those that may be produced in documents pursuant to the schedule set forth in the Court's Docket Control Order.

### H. Testifying Experts

Google will provide this information no later than the deadline set by the Court's docket control order.

DATED: September 21, 2009

Respectfully submitted,

By /s/ David A. Perlson
    David A. Perlson

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Charles K. Verhoeven
  David A. Perlson
  Jennifer A. Kash
  Antonio R. Sistos
  Emily C. O'Brien

50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
charlesverhoeven@quinnemanuel.com
davidperlson@quinnemanuel.com
jenniferkash@quinnemanuel.com
antoniosistos@quinnemanuel.com
emilyobrien@quinnemanuel.com

BECK REDDEN & SECREST, L.L.P.
  David J. Beck
  Michael Ernest Richardson
One Houston Center
1221 McKinney St. Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
jbeck@brsfirm.com
mrichardson@brsfirm.com


Attorneys for Defendant Google Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record are being served via electronic mail with a copy of this document on September 21, 2009.

    /s/ Emily C. O'Brien
Emily C. O'Brien, *pro hac vice*
emilyobrien@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700