IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERFORMANCE PRICING, INC.,<br><br>      Plaintiff,<br>v.<br><br>GOOGLE INC., AOL LLC, MICROSOFT CORPORATION, YAHOO! INC., IAC SEARCH & MEDIA, INC., and A9.COM, INC.,<br><br>      Defendants. | Case No. 2:07-cv-432 (LED)<br><br>**JURY TRIAL DEMANDED** |

### Declaration of Christin Cho in Support of
### Plaintiff's Motion to Compel the Deposition of Michelle Lee

I, Christin Cho, declare:

    1.    I am an attorney licensed to practice before the United States District Court for the Eastern District of Texas. I am an associate with Dovel & Luner LLP, counsel of record for Plaintiff Performance Pricing, Inc. in the above-captioned matter. This declaration is submitted in support of Plaintiff's Motion to Compel (30(b)(6)) the Deposition of Michelle Lee.

    2.    On June 27, 2008, the parties exchanged their initial disclosures. Google's initial disclosures identified five Google employees, including Michelle Lee, as "persons having knowledge of relevant facts." Attached as Exhibit 1 is a copy of Google's initial disclosures.

    3.    Michelle Lee was the only person identified as having knowledge regarding "Google patent licensing practices and policies relating to AdWords" in Google's initial disclosures. *See* Exh. 1 at 6. In addition, she was also identified as someone with knowledge regarding "damages." *Id*.

    4.    Ms. Lee also appeared on Google's first supplemental initial disclosures, served on February 24, 2009, and again on Google's second supplemental initial disclosures, served on September 21, 2009. Google's first and second supplemental initial disclosures are attached as

1

exhibits 2 and 3, respectively. In each of those disclosures, Ms. Lee was the only person identified as a person with knowledge regarding "Google licensing practices and policies relating to AdWords." *See* Exh. 2, Exh. 3.

5. Plaintiff served a notice of deposition for Michelle Lee on October 5, 2009. Attached as exhibit 4 is a copy of the notice of deposition to Michelle Lee.

6. Plaintiff separately noticed a 30(b)(6) deposition of Google on topics including Google's procedures and policies regarding patent infringement, patent licensing, non-practicing entities, and clearance searches. Attached as exhibit 5 is a copy of the notice of 30(b)(6) deposition.

7. On October 8, 2009, counsel for Google sent a letter to Plaintiff stating that it objected to Plaintiff's 30(b)(6) deposition notice.

8. On October 9, counsel for Google sent an email to Plaintiff stating that it expected to reply by Monday, October 12 regarding the deposition of Michelle Lee.

9. On October 9, 2009, I requested a meet and confer regarding the 30(b)(6) deposition.

10. After Google objected to the 30(b)(6) deposition notice, on October 13, 2009, counsel for Plaintiff and Google had a telephone conference to discuss various issues. Plaintiff stated that the individual deposition of Michelle Lee could be combined with the 30(b)(6) deposition topics on patent policy, since it appeared that Ms. Lee was knowledgeable on those topics. Google's counsel stated that it would consult with the client regarding the deposition of Ms. Lee.

11. On October 16, 2009, Google's counsel called and stated that it had chosen to produce Eric Schulman, a Google employee, for the patent policy topics in the 30(b)(6) notice. Google stated that it would swap out Ms. Lee for Mr. Schulman in the initial disclosures, and requested that Plaintiff drop the Michelle Lee deposition.

12. On October 20, 2009, Plaintiff and Google met and conferred regarding the 30(b)(6) topics and Michelle Lee. Google asserted that it did not have to produce any witnesses

2

for deposition because Plaintiff was over the presumptive limit of eight depositions per party specified in this Court's Discovery Order. Plaintiff explained that the order stated that it was permitted to take 30(b)(6) depositions, plus an additional 8 witnesses from Google and, therefore, Plaintiff had not reached the presumptive limit of 8. Google stated that it would consider whether to produce Ms. Lee.

13. On October 23, 2009, Google sent Plaintiff a letter stating that it believed that statements made by Michelle Lee in a Google blog were not relevant to this litigation, because the blog included information regarding Google's lobbying efforts, which is protected by the First Amendment and not discoverable. Plaintiff responded by stating that Plaintiff did not intend to ask Michelle Lee about lobbying efforts; instead, it intended to ask Michelle Lee about topics relating to Google's patent policies.

14. On November 6, 2009, the parties had a final meet and confer regarding the deposition of Michelle Lee. I participated in the call. Google's trial counsel David Perlson, Emily O'Brien, and local counsel for Google participated. Plaintiff's lead trial counsel, Greg Dovel, and local counsel, Charles Ainsworth, also participated. Plaintiff reiterated its position that it was entitled to the deposition of Michelle Lee because Ms. Lee had relevant information regarding Google's patent policies. Google refused to produce Ms. Lee. The parties reached an impasse.

I declare, under penalty of perjury under the laws of the United States, that the foregoing is true and accurate.

Executed in Santa Monica, California, on November 11, 2009.

/s/ Christin Cho