UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERFORMANCE PRICING, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC. AND AOL LLC, <br><br> Defendants. | Civil Action No. 2-07-CV-432-LED <br> (Eastern District of Texas) <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 101

# TABLE OF CONTENTS

                                                                               **Page**

NOTE ON CITATIONS ................................................................................................ iii

INTRODUCTION ........................................................................................................1

STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ................................1

STATEMENT OF UNDISPUTED FACTS ..................................................................1

LEGAL STANDARD...................................................................................................2

ARGUMENT................................................................................................................2

I.      THE ASSERTED CLAIMS OF THE '253 PATENT ARE INVALID UNDER SECTION 101..................................................................................................2

          A.      The Asserted Claims of the '253 Patent Are Not Tied to a Particular Machine or Apparatus.......................................................................................3

          B.      The Asserted Claims of the '253 Patent Do Not Transform a Particular Article Into a Different State or Thing....................................................................4

          C.      The '253 Patent's Invalidity Under Section 101 Extends to "System" Claim 30 As Well As "Method" Claims 1, 2, 12-15, 18, and 20-23. ......................5

CONCLUSION.............................................................................................................6

# TABLE OF AUTHORITIES

Page

## Cases

*In re Bilski*,
 545 F.3d at 951 ............................................................................................1, 2, 3, 4, 5, 6, 7

*Ex Parte Cornea-Hasegan*,
 89 U.S.P.Q. 2d 1557 (B.P.A.I. 2009)...............................................................................6

*CyberSource Corp. v. Retail Decisions, Inc.*,
 620 F. Supp. 2d 1068 (N.D. Cal. 2009) ....................................................................2, 3, 6

*Dealertrack, Inc. v. Huber*,
 __ F.R.D. __, 2009 WL 2020761 (C.D. Cal. July 7, 2009) .............................................4

*Every Penny Counts, Inc. v. Bank of Am. Corp.*,
 No. 07-042 (M.D. Fla. May 27, 2009) .............................................................................6

*Fort Properties, Inc. v. Am. Master Lease, LLC*,
 609 F. Supp. 2d 1052 (C.D. Cal. 2009) ............................................................................5

*Ex Parte Greene*,
 No. 2008-4073, 2009 WL 1134839 (B.P.A.I. April 24, 2009) .........................................4

*H & R Block Tax Serv's, Inc. v. Jackson Hewitt Tax Serv., Inc.*,
 No. 08-37 (E.D. Tex. Nov. 10, 2009) .......................................................................4, 5, 6

*Ex Parte Harris*,
 No. 2007-0325, 2009 WL 86719 (B.P.A.I. Jan. 13, 2009) ...............................................3

*Ex Parte Johnson*,
 No. 2009-000470, 2009 WL 1719521 (B.P.A.I. June 10, 2009) ......................................4

*Ex Parte Noguchi*,
 90 U.S.P.Q. 2d 1379 (B.P.A.I. 2008)................................................................................3

*Prometheus Labs., Inc. v. Mayo Collaborative Serv's*,
 581 F.3d 1336 (Fed. Cir. 2009).........................................................................................3

*In re Schrader*
 22 F.3d 290 (Fed. Cir. 1994).............................................................................................6

## Statutes

35 U.S.C. § 101................................................................................................1, 2, 3, 5, 7

Fed. R. Civ. P. 56(c) ........................................................................................................2

# NOTE ON CITATIONS

The Court's Memorandum Opinion and Order on claim construction issued on August 13, 2009 (Dkt. 231) is referred to as the "Order."

The patent-in-suit, U.S. Patent No. 6,978,253 ("'253 Patent"), is attached as Exhibit A. References to patents are indicated by column and line number, or by claim number. A reference to "3:15" means column 3, line 15.

The other documents cited herein are attached as Exhibits B and C.

## INTRODUCTION

As stated in *In re Bilski*, a process is patentable under Section 101 only if "(1) it is tied to a particular machine or apparatus, or (2) it transforms a particular article into a different state or thing." 545 F.3d 943, 954 (Fed. Cir. 2008) (en banc). The '253 Patent fails to satisfy either prong of the *Bilski* test. Rather, it claims business methods, conducted over a global communications network and/or by a "server," for scaling the price of a product based on the buyer's performance in a Price-Determining Activity ("PDA"). The recitation of a global communications network or server does not tie the '253 Patent to a "particular machine," nor do any of the other generalized computer components recited in certain of the asserted claims. Moreover, the process of scaling a product's price based on the buyer's PDA performance does not "transform a particular article into a different state or thing." Accordingly, Defendants request that the Court grant summary judgment of invalidity under Section 101.

## STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1. Whether claims 1, 2, 12-15, 18, 20-23, and 30 of the '253 Patent are patentable under Section 101 given that these claims are not tied to a particular machine or apparatus and do not transform a particular article into a different state or thing.

## STATEMENT OF UNDISPUTED FACTS

1. Plaintiff filed its complaint on September 27, 2007, accusing Defendants of infringing the '253 Patent. (Dkt. 1.) Plaintiff accuses Defendants of infringing claims 1, 2, 12-15, 18, 20-23, and 30 of the '253 Patent.

2. Independent claim 1 is a business method claim. Claim 1 recites:

A method of doing business over a global communications network comprising the steps:

a) communicating to a buyer via the global communications network, a description of a product;

b) accepting a first request from the buyer to buy the product for a price to be determined within a price range;

> c) accepting a second request from the buyer to allow the price to be determined based upon a performance of the buyer while participating in a Price Determining-Activity (PDA);
>
> d) receiving data from the buyer over the global communications network, said data representing the performance of the buyer during the PDA; and
>
> e) determining the price of the product based at least partially upon the data received, said price being within the range and scaled to the performance of the buyer.

3. Independent claim 18 also is a business method claim with similar steps to those of claim 1. (Claim 18.) Independent claim 30 is substantially identical to claim 18, except that it requires a "computer server having access to the global communications network" be programmed to perform essentially the same steps as recited in method Claim 18. (Claim 30.)

4. The asserted dependent claims recite common features that one might expect to find in prior art e-commerce business methods: "accepting payment information from the buyer over the global communications network" (claims 2 and 20); a "master controller" programmed to perform essentially the same steps as claim 18 (claim 12); the Internet (claim 14); and features of auctions (claims 13, 15, and 21-23). (*Id.*)

## LEGAL STANDARD

The Court should enter summary judgment where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Patentability under Section 101 is a pure question of law and thus may be appropriately resolved at summary judgment. *See, e.g., CyberSource Corp. v. Retail Decisions, Inc.*, 620 F. Supp. 2d 1068, 1080 (N.D. Cal. 2009); *accord Bilski*, 545 F.3d at 951 ("Whether a claim is drawn to patent-eligible subject matter under § 101 is a question of law that we review de novo.")

## ARGUMENT

**I. THE ASSERTED CLAIMS OF THE '253 PATENT ARE INVALID UNDER SECTION 101.**

In *Bilski*, the Federal Circuit held that a process is patentable only if "(1) it is tied to a particular machine or apparatus, or (2) it transforms a particular article into a different state or

thing." *Id.* at 954.[1] The asserted claims of the '253 Patent do not meet either prong of the machine-or-transformation test. Accordingly, they are invalid under Section 101.

### A. The Asserted Claims of the '253 Patent Are Not Tied to a Particular Machine or Apparatus.

The '253 Patent does not recite a "particular machine or apparatus" as required by the first prong of *Bilski*. Although the '253 Patent's independent claims recite "a global communications network," (claims 1, 18, and 30), and dependent claim 14 specifies that "the global communications network is the Internet," neither a global communication network nor the Internet is a "particular machine or apparatus" under *Bilski*. Indeed, in the 12 months since *Bilski* issued, both courts and the Board of Patent Appeals and Interferences ("BPAI") have consistently held that linked computer networks – including the Internet – are <u>not</u> "particular machines." *See, e.g., CyberSource*, 620 F. Supp. 2d at 1077 (holding that the Internet is not a "particular machine" under *Bilski*); *Ex Parte Noguchi*, 90 U.S.P.Q.2d 1379, at *6 (B.P.A.I. 2008) (holding that a "computer connected to an external network" did not tie patent application to a particular machine); *see also Ex Parte Harris*, No. 2007-0325, 2009 WL 86719, *5 (B.P.A.I. Jan. 13, 2009) (stating, in dicta, that the recitation of an electronic network would not tie a process to a particular machine). Applying these cases to the '253 Patent, neither the "Internet" in claim 14 nor the more general "global communications network" in the independent claims ties the '253 Patent to a "particular machine or apparatus" under *Bilski*.

Moreover, while claim 30 recites the use of a "computer server" and claim 12 recites the use of a "master controller" (construed by the Court as a "computer server, centralized server, operation controller, or content server for managing transactions" (Order, 32)), the recitation of general computer hardware such as servers does not tie a process to a "particular machine" –

---

[1] Although the Supreme Court granted certiorari for *Bilski* in June 2009, and heard arguments on November 9, the Federal Circuit's machine-or-transformation test remains the governing test for section 101 patentability pending a decision by the Supreme Court. *See, e.g., Prometheus Labs., Inc. v. Mayo Collaborative Serv's*, 581 F.3d 1336 (Fed. Cir. 2009).

especially when the claims do not specify how this computer hardware is programmed. *See, e.g., H & R Block Tax Serv's, Inc. v. Jackson Hewitt Tax Serv., Inc.*, No. 08-37, at 11 (E.D. Tex. Nov. 10, 2009) ("Plaintiff argues that the present recitation of a computer imposes meaningful limits on the scope of the claim . . . The Court disagrees. The computer component is not a particular, special-purpose machine; it is capable of no more than storing and retrieving data memorializing associations"); *Dealertrack, Inc. v. Huber*, __ F.R.D. __, 2009 WL 2020761, *4 (C.D. Cal. July 7, 2009) (holding that a "central processor . . . programmed in some unspecified manner" was not a particular machine); *Ex Parte Johnson*, No. 2009-000470, 2009 WL 1719521, *5 (B.P.A.I. June 10, 2009) (holding that a "server process" was not tied to a particular machine). *See generally Ex Parte Greene*, No. 2008-4073, 2009 WL 1134839, *7 (B.P.A.I. April 24, 2009) ("merely adding a nominal recitation of conventional computer hardware . . . cannot, by itself, render the claim statutory"). Accordingly, the asserted claims of the '253 Patent are not tied to a "particular machine" and fail to meet the first prong of the *Bilski* test.

### B. The Asserted Claims of the '253 Patent Do Not Transform a Particular Article Into a Different State or Thing.

The asserted claims of the '253 Patent also fail the second prong of the *Bilski* test: they do not "transform[] a particular article into a different state or thing." *Bilski*, 545 F.3d at 954. The allegedly inventive step in the '253 Patent is scaling the price of a product based on the buyer's performance in a PDA. (*See* Order, 11 ("the 'scaling' limitation was disclosed as the point of novelty during prosecution"); *see also* Ex. B, 17 ("The invention describes a method for conducting business that allows buyers to reduce the price of the selected product or service based on the buyer's performance during a collateral activity.").) Yet *Bilski* squarely held that "[p]urported transformations or manipulations simply of public or private legal obligations or relationships, business risks, or other such abstractions cannot meet the [transformation] test because they are not physical objects or substances, and they are not representative of physical objects or substances." *See Bilski*, 545 F.3d at 963. Thus, adjusting the price of a product does not "transform a particular article or thing" under *Bilski*.

4

In its interrogatory responses, Plaintiff contends that the '253 Patent "transform[s] specified particular types of data (e.g., data representing a request to buy a product, data representing a request to participate in a PDA, data representing a price range) . . . into a different type of data (i.e., data representing the actual price of the product)." (Ex. C, 8.) This does not satisfy the transformation prong of *Bilski*. The data cited by Plaintiff does not represent "physical objects or substances." Instead, requests to buy a product, requests to participate in a PDA, price ranges, and prices are all abstractions or legal obligations, not physical objects, and transforming the data representing these abstractions or legal obligations cannot satisfy the transformation prong of *Bilski*. *See H & R Block*, No. 08-37, at 13 (holding that the manipulation of data representing money did not satisfy the "transformation" prong because "[a]lthough tangible in some forms, money is simply a representation of a legal obligation or abstract concept"); *Fort Properties, Inc. v. Am. Master Lease, LLC*, 609 F.Supp. 2d 1052, 1056 (C.D. Cal. 2009) (holding that the creation of "deedshares" does not satisfy the transformation prong of *Bilski* because a deedshare represents "an arrangement of legal rights," not a physical object or substance).

Moreover, the threshold step of "communicating to a buyer . . . a description of a product" (claim 1) or "communicating to a buyer . . . data representing a plurality of products" (claim 18) does not meet the "transformation" test because there is no indication that the product or its underlying data is <u>transformed</u>. Rather, this data is simply presented to the user. In this regard, the '253 Patent claims are similar to the claims rejected under Section 101 by the Federal Circuit in *In re Schrader*, which included the step of "offering [a] plurality of items to a plurality of bidders." 22 F.3d 290, 294 (Fed. Cir. 1994).

### C. The '253 Patent's Invalidity Under Section 101 Extends to "System" Claim 30 As Well As "Method" Claims 1, 2, 12-15, 18, and 20-23.

Claim 30 simply recites "[a] system for conducting e-commerce over a global communications network, comprising: a computer server having access to the global communications network, and being programmed to" perform the steps of method claim 18. A

5

patentee cannot turn an unpatentable method into a patentable system merely by employing a generic computer component (such as a "computer server") to perform the steps of the method. For instance, in *H & R Block*, two of the patents-in-suit recited a "computerized system" which performed various steps. *See id.* at 2, 4. Yet the Court held that these "computerized system" claims should be analyzed under the *Bilski* test – and invalidated the claims under this test. *See id.* at 10-13. Similarly, in *CyberSource*, claim 2 of the patent-in-suit recited "a computer-readable medium" that performed the steps of method claim 3. *Id.* at 1071. The Court held that claim 2 was invalid under the *Bilski* test and was not exempt from that test simply because it recited a physical medium that performed the claimed method. *See id.* at 1080 ("[S]imply appending 'A computer readable media including program instructions ...' to an otherwise non-statutory process claim is insufficient to make it statutory.") *See also Every Penny Counts, Inc. v. Bank of Am. Corp.*, No. 07-042, at 2 (M.D. Fla. May 27, 2009) (invalidating "system" claim under *Bilski*); *Ex Parte Cornea-Hasegan*, 89 U.S.P.Q.2d 1557, 1561 (B.P.A.I. 2009) (same).

Just as the recitation of a "computerized system" did not save the *H & R Block* claims from invalidity, and just as the recitation of "a computer-readable media" did not save the *CyberSource* claim from invalidity, the recitation of a "computer server" cannot save claim 30 from invalidity in this case. At most, the inclusion of a "computer server" limits claim 30 to the field of computers, as opposed to non-computerized global communications networks. But "mere field-of-use limitations are generally insufficient to render an otherwise-ineligible process claim patent-eligible." *Bilski*, 545 F.3d at 957.

Thus, just as method claim 18 is invalid under section 101, so too is "system" claim 30. The fact that claim 30 requires the patented method to be performed by a computer server does not save claim 30 from invalidity under section 101.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion for summary judgment that the asserted claims of the '253 Patent are invalid under 35 U.S.C. § 101.

DATED: November 18, 2009                    Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

By   /s/ Jamie L. Lisagor
    Charles K. Verhoeven, *pro hac vice*
    charlesverhoeven@quinnemanuel.com
    Attorney In Charge
    David A. Perlson, *pro hac vice*
    davidperlson@quinnemanuel.com
    Jamie L. Lisagor, *pro hac vice*
    jamielisagor@quinnemanuel.com
    Antonio R. Sistos, *pro hac vice*
    antoniosistos@quinnemanuel.com
    Emily C. O'Brien, *pro hac vice*
    emilyobrien@quinnemanuel.com
    Joshua L. Sohn, *pro hac vice*
    joshuasohn@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

BECK REDDEN & SECREST, L.L.P.
   David J. Beck
   Michael Ernest Richardson
One Houston Center
1221 McKinney St. Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
jbeck@brsfirm.com
mrichardson@brsfirm.com

Attorneys for Defendants Google Inc. and
AOL LLC

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 18th day of November, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

By     /s/ Jamie L. Lisagor
                  Jamie L. Lisagor