# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERFORMANCE PRICING, INC.<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., AOL LLC, MICROSOFT CORPORATION, YAHOO! INC., IAC SEARCH & MEDIA, INC., AND A9.COM, INC.,<br><br>Defendants. | CASE NO. 2:07-CV-432 (LED)<br><br>**Jury Trial Demanded** |

## Plaintiff Performance Pricing, Inc.'s response to Defendant Google, Inc.'s second set of interrogatories (interrogatory no. 2)

Plaintiff Performance Pricing, Inc. provides the following objections and response to Google Inc.'s second set of interrogatories.

### Objections to Definitions and Instructions

Performance Pricing objects to Google's definition of the terms "Performance Pricing," "you," "your," and "Plaintiff" on the ground that these terms are redefined far beyond any ordinary or reasonable definition to include many separate and disparate concepts. The definition proposed by Google creates proposed discovery that exceeds the scope of permissible discovery, which is limited to "any matter, not privileged that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The extreme breadth also means that proposed discovery using these terms imposes a burden or expense that outweighs its likely benefit. Performance Pricing will interpret each of these terms to mean or refer to Performance Pricing and its officers, managers, and employees.

1

combinations of devices (including, for example, computer servers and end-user computers). Indeed, because the claimed subject matter would have utility without being tied to a "global communications network," this tie poses a meaningful limitation on the processes falling within the scope of the claims. In claim 1, the system "communicate[s] [over the] global communications network" and "receive[s] data from the buyer over the global communications network." '253 patent, 9:3-4, 9:41-42. Dependent claim 2 adds the additional limitation, "accepting payment information over the global communications network." '253 patent, 9:48-49. Dependent claim 12 further specifies that a "master controller" accepts requests and data from the buyer. In its preliminary claim construction order, the Court construed "master controller" as "a computer server, centralized server, operation controller, or content server for managing transactions." Order at 6. Dependent claim 14 further ties the process to a machine by limiting the "global communications network" exclusively to "the Internet." In claim 18, the buyer communicates its "acknowledgement" to the system over the "global communications network." Dependent claim 20 further specifies that payment is accepted over the "global communications network."

==Asserted method claims 1, 2, 9-15, 18, 20-23 also all transform specified particular types of electronic data (e.g., data representing a request to buy a product, data representing a request to participate in a PDA, data representing a price range) that is obtained in a specified and particular way (e.g., communicated over a global communications network) into a different type of data (i.e., data representing the actual price of the product).== This transformation into a different thing (i.e., a different type of data) is central to the claimed processes.