IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERFORMANCE PRICING, INC.,<br><br>               Plaintiff,<br>v.<br><br>GOOGLE INC., AOL LLC, MICROSOFT CORPORATION, YAHOO! INC., IAC SEARCH & MEDIA, INC., and A9.COM, INC.,<br><br>               Defendants. | Case No. 2:07-cv-432 (LED)<br><br>**JURY TRIAL DEMANDED** |

**Plaintiff's Reply re: Motion to Compel the Deposition of Michelle Lee**

**I.    Defendants' arguments fail.**

    **A.    *Bright Response.***

Google argues that the deposition is barred by *Bright Response*. That argument fails because the order in *Bright Response* has no application to the deposition topics at issue here. The issue in *Bright Response* was the discoverability of "information pertaining to Google's lobbying activities and political contributions through the deposition of Michelle Lee." *See Bright Response v. Google*, Civil Action No. 2:07-cv-371, dkt. 210 (E.D. Tex. September 29, 2009), attached as exh. A to Defs.' Opp. at 1. What was important was not the witness being deposed, but the information that plaintiff was seeking – information about lobbying activities and political contributions. *Bright Response* did not create a blanket protection against depositions of Michelle Lee – instead, it stated that Michelle Lee could not be deposed regarding "lobbying activities," except as they applied to the patent-in-suit. *Id.* at 3-4.

1

Here, in contrast, Plaintiff seeks to depose Michelle Lee, not about Google's political contributions or lobbying, but about Google's patent policies. It is clear that Ms. Lee has information on this topic, because she was thrice identified on Google's initial disclosures as having information about "Google's patent licensing practices and policies relating to AdWords." *See* Cho decl. to Plaintiff's Motion to Compel, dkt. 248, at ¶¶2-4; exhibits 1-3 of Plaintiff's Motion to Compel, dkt. 248. Plaintiff has repeatedly informed Google that it seeks to ask Michelle Lee about Google's patent policies, including procedures and policies regarding patent infringement, patent licensing, non-practicing entities, and clearance searches – not lobbying efforts. Cho decl. to Plaintiff's Motion to Compel, dkt. 248, at ¶¶3, 14, 10; exh. 5 to Plaintiff's Motion to Compel, dkt. 248. Since Plaintiff is not seeking to ask Michelle Lee about topics covered by the First Amendment, *Bright Response* has no relevance to this motion.

**B.**     **The timing of the deposition notice**.

Google also argues that the timing of the deposition notice supports denial of Plaintiff's motion. Opp. at 4 ("PLAINTIFF SEEKS MS. LEE'S DEPOSITION DAYS AFTER A GOOGLE MOTION FOR PROTECTIVE ORDER IS GRANTED IN ANOTHER CASE."). This argument must be rejected.

<u>First</u>, there is no requirement that Plaintiff serve all of its depositions notices early in the discovery process. Plaintiff served its notice of deposition on October 5, 2009, more than one month prior to the close of discovery.[1] Because it was well within the discovery cutoff, the timing was proper.

---

[1] Although the close of discovery was November 13, 2009, the parties have in fact agreed to take a number of depositions after that deadline. It is expected that all depositions will be completed by the end of January 2010.

Such a rule – that Plaintiff notice all of its depositions at the outset of discovery – would be absurd, and would effectively shorten the discovery window. Indeed, Google seems to concede that the timing of Plaintiff's discovery was appropriate, since it also served a number of deposition notices days later. For example, it served deposition notices for Performance Pricing's CEO Paul Ryan, and President Chip Harris on October 6, 2009, the day after Plaintiff served the notice of deposition of Michelle Lee. It also served a notice of deposition on third-party Ed Roseberry on October 7, 2009. Thus, Google's suggestion that Plaintiff's deposition notice was too late in the discovery process must be rejected.

*Second*, Google's suggestion that Plaintiff's deposition notice was somehow tied to activity in another Google case, *Bright Response*, is contrary to the facts. Michelle Lee was identified through Google's initial disclosures, not through any activity in *Bright Response*. Neither Plaintiff, nor Plaintiff's counsel, is involved in the *Bright Response* case, and Plaintiff first became aware of the *Bright Response* order only when it was sent along by Google's counsel – *after* Plaintiff sent its notice of deposition of Michelle Lee. Thus, the suggestion that the notice of deposition in this case is somehow related to activity in *Bright Response*, is false.

### C. Substituting Eric Schulman is insufficient.

Google next argues that it does not have to produce Michelle Lee because it chose to substitute Eric Schulman. This argument fails.

First, there is no support, either in the case law or Federal Rules, for Google's argument that it can pick which witnesses Plaintiff deposes. Second, Google does not dispute that Michelle Lee has knowledge relevant to this litigation regarding Google's patent policies. In addition, Google provides no reason for its substitution of Mr. Schulman for Ms. Lee, aside from the fact that it prefers to do so.

Google does not dispute that:

- Ms. Lee has relevant information regarding patent policies;
- Ms. Lee was identified by Google as having relevant information;
- Mr. Schulman does not appear on any of the documents produced by Google.

Google also fails to assert that Mr. Schulman has as much knowledge as Ms. Lee regarding patent policies (i.e. that he is as good as, or better a witness than, Ms. Lee). In fact, in his deposition, Mr. Schulman provided *no information* on the subject. Plaintiff has requested that Google meet and confer regarding the Schulman deposition, and, if Google declines to correct Mr. Schulman's inability to respond, another motion to compel may result. Google also fails to provide any explanation why Ms. Lee was suddenly pulled from the initial disclosures list.

Based on these facts, it must be inferred that Michelle Lee had information that was more helpful to Plaintiff, and which would be perceived as more probative to the jury. Google provides no basis for its argument that it can pick and choose which witnesses Plaintiff chooses to depose.

### D. The deposition limit.

Google next asserts that Plaintiff is over the deposition limit because it has taken nine Google depositions.[2] For the reasons explained in Plaintiff's opening brief, the Rule 30(b)(6) depositions should not count against the presumptive deposition limit.

Moreover, two of the depositions listed by Google should not count against the limit. As explained in Plaintiff's motion, the Silverman deposition and the Furrow deposition took place because Google refused to respond to other methods of discovery served by Plaintiff. This

---

[2] Plaintiff's opening brief lists eight depositions, because the deposition of Eric Schulman had not yet taken place at the time that motion was filed.

4

resulted in motion practice, and this Court ordered Google to produce witnesses in addition to responding to discovery.

Google's opposition does not dispute (1) that Plaintiff initially sought the information in the Silverman deposition and Furrow deposition by requesting documents and interrogatory responses (and not depositions), (2) that Google refused to respond to the requested discovery, (3) that Google's refusal resulted in motions practice, (4) that this resulted in the Court-ordered Silverman and Furrow depositions, and (5) that these two depositions would have been avoided, had Google appropriately responded to the interrogatories and requests for documents.

In light of the circumstances, the Silverman and Furrow depositions should not count against Plaintiff's limit of eight under any interpretation. This would reduce Plaintiff's total depositions to seven even by Google's count, allowing Plaintiff to proceed with the deposition of Michelle Lee.

Finally, if this Court decides that Plaintiff is over the presumptive limit on depositions, Plaintiff requests leave to seek the deposition of Ms. Lee based on the circumstances.

## II. Conclusion

Based on the foregoing, Plaintiff's motion to compel should be granted.

Dated: December 17, 2009        By:    /s/ Christin Cho

                                          Christin Cho
                                          CA State Bar No. 238173
                                          Email: christin@dovellaw.com
                                          Gregory S. Dovel
                                          CA State Bar No. 135387
                                          Email: greg@dovellaw.com
                                          Sean Luner
                                          CA State Bar No. 165443
                                          Email: sean@dovellaw.com
                                          Dovel & Luner, LLP
                                          201 Santa Monica Blvd., Suite 600

Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, L.L.P.
Energy Centre
1127 Judson Road, Ste 220
P. O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: capshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

Robert M. Parker
State Bar No. 15498000
Email: rmparker@cox-internet.com
Robert Christopher Bunt
State Bar No. 00787165
Email: cbunt@cox-internet.com
Parker & Bunt, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone: 903/531-3535
Facsimile: 903/533-9687

ATTORNEYS FOR PLAINTIFF
PERFORMANCE PRICING, INC.

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing document was served, via the Court's CM/ECF system per Local Rule CV-5(a)(3), on counsel for Defendants this 17th day of December, 2009.

/s/ Christin Cho
Christin Cho