UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERFORMANCE PRICING, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC. AND AOL LLC, <br><br> Defendants. | Civil Action No. 2-07-CV-432-RRR <br> (Eastern District of Texas) <br><br><br> **JURY TRIAL DEMANDED** |

# DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF PATENTABILITY UNDER 35 U.S.C. § 101

**INTRODUCTION**

Plaintiff's motion for summary judgment of patentability under 35 U.S.C. § 101 makes no attempt to explain why the patent-in-suit, U.S. Patent No. 6,978, 253 ("the '253 Patent") claims patentable subject matter under Section 101. Rather, Plaintiff's motion simply refers to a yet-to-be-filed opposition brief to Defendants' Motion for Summary Judgment of Invalidity under Section 101. Because Plaintiff's motion makes no substantive argument, it should be denied on this basis alone.

In any event, Plaintiff admits that there are no disputed factual issues regarding the '253 Patent's validity or invalidity under Section 101. For the reasons stated in Defendants' Motion for Summary Judgment of Invalidity under Section 101 (Dk. 251), summary judgment should be granted in Defendants' favor.

**STATEMENT OF ISSUES TO BE DECIDED BY THE COURT**

1. Whether the '253 Patent fails to claim patentable subject-matter under Section 101.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS**

1. Undisputed. Plaintiff has accused Google AdWords and AOL Search Marketplace of infringing claims 1, 2, 12-15, 18, 20-23, and 30 of the '253 Patent.

2. Undisputed. Claims 1, 2, 12-15, 18, and 20-23 are process claims.

3. Undisputed. Claims 1, 2, 12-15, 18, and 20-23 recite a "global communications network."

4. Undisputed. Claim 14 recites the "Internet."

5. Undisputed. Claim 12 recites a "master controller," which the Court has construed as a "computer server, centralized server, operation controller, or content server for managing transactions."

6. Undisputed. Claim 30 is phrased as a system claim, although it merely recites a "computer server" programmed to perform a business method.

7. Undisputed. Claim 30 reads: "a system a system for conducting e-commerce over a global communications network, comprising: a computer server having access to the global communications network, and being programmed to . . . ."

8. Undisputed. Claims 1, 2, 12-15, 18, 20-23, and 30 do not claim phenomena of nature.

9. Disputed. Claims 1, 2, 12-15, 20-23, and 30 are drawn to a fundamental principle, such as a mental process, because the claims are not tied to a particular machine or apparatus, nor do they transform a particular article into a different state or thing.

10. Disputed. Claims 1, 2, 12-15, 20-23, and 30 are drawn to a fundamental principle, such as an abstract idea, because they are not tied to a particular machine or apparatus, nor do they transform a particular article into a different state or thing.

11. Plaintiff's statement about the presumption of validity is a legal argument, not a factual assertion, and thus does not require a response.

## ARGUMENT

Local Rule CV-7(c) states that any briefing in support of a motion "shall contain a concise statement of the reasons in support of the motion." Plaintiff provides no "statement of reasons" for why the '253 Patent satisfies Section 101. Instead, Plaintiff simply refers the Court to a yet-to-be-filed opposition brief to Defendants' § 101 summary judgment motion.[1] Because Plaintiff's motion makes no argument, it should be denied.

---

[1] Plaintiff elected not to disclose its patentability arguments until it filed its opposition brief to Defendants' Section 101 summary judgment motion. Defendants will therefore respond to Plaintiff's arguments in their Reply Brief to Defendants' motion for summary judgment under Section 101.

In any event, Plaintiff's motion acknowledges that patentability under Section 101 is a pure question of law and is ripe for decision by summary judgment in this case. (Dk. 257, 2). Leaving aside the procedural defects of Plaintiff's motion, the '253 Patent is unpatentable under Section 101 as a matter of law for the reasons set forth in Defendants' Motion for Summary Judgment of Invalidity. (Dk. 251). Accordingly, summary judgment of invalidity under Section 101 is appropriate and Plaintiff's motion for summary judgment of patentability should be denied.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion for summary judgment of patentability under 35 U.S.C. § 101.

DATED: December 30, 2009

Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Emily C. O'Brien
Charles K. Verhoeven, *pro hac vice*
charlesverhoeven@quinnemanuel.com
Attorney In Charge
David A. Perlson, *pro hac vice*
davidperlson@quinnemanuel.com
Jamie L. Lisagor, *pro hac vice*
jamielisagor@quinnemanuel.com
Antonio R. Sistos, *pro hac vice*
antoniosistos@quinnemanuel.com
Emily C. O'Brien, *pro hac vice*
emilyobrien@quinnemanuel.com
Joshua L. Sohn, *pro hac vice*
joshuasohn@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Michael E. Jones
State Bar No. 10929400
Potter Minton, A Professional Corporation
110 North College, Suite 500

Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
mikejones@potterminton.com

Attorneys for Defendants Google Inc. and AOL LLC

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 30th day of December, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

By /s/ Emily C. O'Brien
Emily C. O'Brien