# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PERFORMANCE PRICING, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., AOL LLC, MICROSOFT CORPORATION, YAHOO! INC., IAC SEARCH & MEDIA, INC., and A9.COM, INC., <br><br> Defendants. | Case No. 2:07-cv-432 (LED) <br><br> **JURY TRIAL DEMANDED** |

**Plaintiff Performance Pricing's reply brief
for its motion for summary judgment re:
no defense of written description under section 112**

Defendants' written description defense is aimed solely at the element of the price-determining activity ("PDA"). Satisfying this requirement in section 112 "requires that the written description actually or inherently disclose the claim element." *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1306 (Fed. Cir. 2008). It is undisputed that the '253 written description expressly discloses the PDA element. *See, e.g.*, '253 at 2:66-3:1 ("price to be determined … while participating in a Price-determining-activity (PDA)"). Accordingly, summary judgment is appropriate.

Defendants do not contest the above law or facts. Instead, Defendants argue that the specification does not contain an example "in which a PDA may be the creation and submission of ad text in a transaction involving the purchase of the same online advertising." Opp. at 1. This argument fails as a matter of law because the specification need not expressly disclose Defendants' specific implementation. *LizardTech, Inc. v. Earth Res. Mapping, Inc.*, 424 F.3d 1336, 1345 (Fed. Cir. 2005) (section 112 does not require the specification to "contain examples explicitly covering the full scope of the claim language"); *Falkner v Inglis*, 448 F.3d 1357, 1366 (Fed. Cir. 2006) ("we hold … examples are not necessary to support the adequacy of a written description").

The sole evidence Defendants provide is a declaration that the inventor did not have "possession of the invention to include PDAs that [are] <u>non-collateral activities</u>." Shamos ¶ 12 (emphasis added). That declaration is conclusory and therefore insufficient to meet Defendants' burden of proof. More significantly, it is irrelevant because it addresses the wrong issue. The Court adopted a construction of PDA (which Defendants agreed to) that includes <u>only</u> collateral activities. Markman 8. Accordingly, the relevant question is whether the written description shows the inventor to be in possession of PDAs that are collateral activities. The answer is yes. *See, e.g*. 2:23-25 ("price … is determined based upon … participating in a collateral activity"). Defendants present <u>no contrary evidence</u>.

For the forgoing reasons, Plaintiff's motion should be granted in its entirety.

Respectfully submitted,

Dated: January 19, 2010      By:   /s/ Richard E. Lyon
    Richard E. Lyon
    CA State Bar No. 229288
    Email: rick@dovellaw.com
    Gregory S. Dovel
    CA State Bar No. 135387
    Email: greg@dovellaw.com
    Sean Luner
    CA State Bar No. 165443
    Email: sean@dovellaw.com
    Dovel & Luner, LLP
    201 Santa Monica Blvd., Suite 600
    Santa Monica, CA 90401
    Telephone: 310-656-7066
    Facsimile: 310-657-7069

    S. Calvin Capshaw
    State Bar No. 03783900
    Elizabeth L. DeRieux
    State Bar No. 05770585
    Brown McCarroll, L.L.P.
    1127 Judson Road, Suite 220
    Longview, TX 75601
    Telephone: (903) 236-9800
    Facsimile: (903) 236-8787
    Email: capshaw@mailbmc.com
    Email: ederieux@mailbmc.com

    Robert M. Parker
    State Bar No. 15498000
    Email: rmparker@cox-internet.com
    Robert Christopher Bunt
    State Bar No. 00787165
    Email: cbunt@cox-internet.com
    Parker & Bunt, P.C.
    100 East Ferguson, Ste. 1114
    Tyler, TX 75702
    Telephone: 903/531-3535
    Facsimile: 903/533-9687

    ATTORNEYS FOR PLAINTIFF
    PERFORMANCE PRICING, INC.

## CERTIFICATE OF SERVICE

  I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on January 19, 2010, with a copy if this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Richard E. Lyon
Richard E. Lyon

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

  This is to certify that the motion should be filed under seal because it contains material covered by the protective approved and entered in this case as the Agreed Protective Order of July 13, 2008, Docket No. 123.

/s/ Richard E. Lyon
Richard E. Lyon
