IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERFORMANCE PRICING, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC. and AOL LLC,<br><br>Defendants. | Case No. 2:07-cv-432-RRR<br>(Eastern District of Texas)<br><br>**JURY TRIAL REQUEST** |

### AGREED ORDER MAKING PUBLIC PORTIONS OF CERTAIN BRIEFS, DECLARATIONS, AND EXHIBITS FILED UNDER SEAL

This Order supersedes Dkt. No. 353.

On this day came Plaintiff Performance Pricing, Inc. ("Plaintiff") and Defendants Google Inc. and AOL LLC (collectively "Defendants"), by counsel, move to make public certain portions of certain briefs, declarations, and exhibits filed under seal during the course of the above-captioned matter for purposes of Performance Pricing, Inc. v. Google Inc and AOL LLC, Appeal No. 2010-1306, now pending before the U.S. Court of Appeals for the Federal Circuit and for all other purposes, as required by Federal Circuit Rule 11(d).  It appearing to the Court that:

1. This Court granted Defendants' Motion for Summary Judgment of Non-Infringement on March 17, 2010 in a public Order and Opinion ("Summary Judgment Order"), and a Final Judgment was entered on March 22, 2010.

2. On April 6, 2010, Plaintiff filed a Notice of Appeal and is in the process of appealing the decision of this Court to the United States Court of Appeals for the Federal Circuit (the "Appeal").  Federal Circuit Rule 11(d) required that the parties promptly review the record

Case 2:07-cv-00432-RRR   Document 352-1   Filed 06/01/10   Page 2 of 6

in the district court to determine whether portions subject to a protective order need to remain protected on appeal and, if a party determines that some portions no longer need to be protected, that party must seek an agreement with the other party and present any such agreement to the trial court, which may issue an appropriate order.

3. This Court entered a Protective Order ("Protective Order") in the above-captioned case on July 13, 2008. Plaintiff and Defendants each filed certain briefing, declarations, and exhibits under seal ("Materials Under Seal") pursuant to the Protective Order.

4. Pursuant to Federal Circuit Rule 11(d), Defendants reviewed the Materials Under Seal and determined that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ some of the portions of the Materials Under Seal no longer contain "Protected Information," as defined by the Protective Order.

5. Defendants further notified Plaintiff that portions of the following briefing, declarations, and exhibits of the Materials Under Seal should be deemed public for purposes of the Appeal now pending before the U.S. Court of Appeals for the Federal Circuit and for all other purposes, with the exception of the portions described herein that shall remain confidential (A-O below designated collectively as "Portions of Materials To Be Made Public"):

> A. Defendants' Motion for Summary Judgment of Non-Infringement [Dkt. 253], except for page 8, lines 9-11; page 10, lines 9-10; page 11, lines 9-10 & 13-15; page 19, lines 1-2 & 4-7; and page 20, line 9, which shall remain confidential;
>
> B. Exhibits A, C-F, I to Defendants' Motion for Summary Judgment of Non-Infringement [Dkt. 253];

C.   Exhibit B to Defendants' Motion for Summary Judgment of Non-Infringement [Dkt. 253], except for page 39, lines 29-30; page 43, lines 9-26 & 38-48 (paragraphs 2, 3, 6, & 7); page 72, lines 8-9 (second and third lines of first full paragraph); page 145, last 5 lines on page; and page 146, all lines except last 3 lines on page, which shall remain confidential;

D.   Exhibit G to Defendants' Motion for Summary Judgment of Non-Infringement [Dkt. 253], except for page 105, lines 24-25; page 106, lines 1-25; page 107, lines 1-25; page 108, lines 1-25; and page 109, lines 1-25, which shall remain confidential;

E.   Proposed Order; [Dkt. 253]

F.   Declaration of Jonathan G. Alferness in Support of Defendants' Motion for Summary Judgment of Non-Infringement [Dkt. 253], except for page 3, paragraph 9; page 4, lines 13-15 (last three lines of paragraph 14); page 7, lines 8-9 & 11-13 (first two and last three lines of paragraph 23), and Exhibit 1 to the Declaration, which shall remain confidential;

G.   Plaintiff's Opposition to Defendants' Motion for Summary Judgment of Non-Infringement [Dkt. 279], except for page 12, lines 7-11 (first full paragraph); page 14, line 1; and page 21, lines 5-10 (second full paragraph), which shall remain confidential;

H.   Exhibits 1-3, 5-6, 9-13 to ▬▬▬ Plaintiff's Opposition to Defendants' Motion for Summary Judgment of Non-Infringement [Dkt. 279];

I.  Exhibit 4 to Plaintiff's Opposition to Defendants' Motion for Summary Judgment of Non-Infringement [Dkt. 279], except for page 47, lines 4-8 & 18-25; page 69, lines 22-25; page 78, lines 1-10; page 188, lines 5-7 & 10-17 & 19-25; and page 189, lines 1-25, which shall remain confidential;

J.  Exhibit 7 to Plaintiff's Opposition to Defendants' Motion for Summary Judgment of Non-Infringement [Dkt. 279], except for page 68, lines 1-25; page 69, lines 1-25; page 107, lines 1-25; and page 108, lines 1-11, which shall remain confidential;

K.  Exhibit 8 to Plaintiff's Opposition to Defendants' Motion for Summary Judgment of Non-Infringement [Dkt. 279], except for page 247, lines 9-25; page 248, lines 2-5; page 269, lines 4-13; page 283, lines 6-25; page 284, lines 1-25; and page 341, lines 3-17, which shall remain confidential;

L.  Defendants' Reply in Support of Motion for Summary Judgment of Non-Infringement [Dkt. 294], except for page 4, lines 26-27 (second and third lines from bottom of page) which shall remain confidential;

M.  Exhibits J and K to Defendants' Reply in Support of Motion for Summary Judgment of Non-Infringement [Dkt. 294];

N.  Declaration of Yannis Bakos, Ph.D. submitted in support of Plaintiff's Motion for Summary Judgment of Infringement [Dkt. 256.1], except for page 38, all deposition testimony; page 39, lines 1-23 (first paragraph and all deposition testimony); page 40, lines 9-14 (second full

paragraph); page 42, lines 8-25 (second full paragraph); page 52, lines 11-12; page 53, Vallaeys Depo. 88:4-13, 88:25-89:3; page 56, lines 8-26 (paragraph 118 to end of page); page 57, all lines except 3-5; page 58, all lines; page 59, all lines except Alferness Depo. 47:14-17; page 60, all lines except Alferness Depo. 51:3-13; page 61, all lines except last line on page; page 63, lines 7-35; page 64, Alferness Depo. 180:3 & Vallaeys Depo. 67:13-21; page 67, lines 14-34 (last full paragraph and all deposition testimony); page 68, Varian Depo. 100:19, 118:10-119:4; page 77, Alferness Depo. 164:6-10; page 92, lines 16-20; page 93, lines 7-8; page 113, Alferness Depo. 6:7-18, 11:20; page 114, lines 1-23; page 115, all lines; page 116, all lines; page 118, lines 2-5; page 158, all lines except 1-2; page 159, lines 1-2 & 14-35; page 160, all lines; page 161, all lines from paragraph 413; page 162, chart; page 163, lines 3-7; page 165, lines 23-29; page 166, all lines; page 167, all deposition testimony; page 168, all lines; page 169, all lines; page 170, all deposition testimony; page 179, lines 25-27 (last three lines); page 180, lines 1-2 & 16-22; page 183, all deposition testimony; page 194, last line; page 195, Varian Depo. 243:13-244:20; page 199, lines 7-38; page 200, all deposition testimony; page 217, lines 5-15 & Alferness Depo. 47:18-22 & paragraph 566; page 218, lines 1-6 & 8-23 & 27; page 219, lines 1-4 & 25-26; and page 221, lines 10-12 (paragraph 579), which shall remain confidential; and

O.      Declaration of Yannis Bakos, Ph.D. submitted in support of Plaintiff's Opposition to Defendants' Motions for Summary Judgment of

Case 2:07-cv-00432-RRR   Document 352-1   Filed 06/01/10   Page 6 of 6

Invalidity [Dkt. 279.2], except for page 50, line 26 to page 51, line 2; page 58, line 23 to page 59, line 32 (last paragraph and deposition testimony); and page 62, lines 8-32 (paragraph 221 & Varian depo 100:2-19), which shall remain confidential.

6. Plaintiff has agreed that the Portions of Materials To Be Made Public described herein are no longer Confidential and should be deemed public as described herein.

7. Pursuant to Federal Circuit Rule 11(d), Defendants and Plaintiff submitted this Agreed Order to the Court requesting the Portions of Materials To Be Made Public be deemed public as described herein for purposes of the Appeal and all other purposes.

Based on the foregoing, the joint representation of counsel, and for good cause shown, the Court FINDS and ORDERS that:

The Portions of Materials To Be Made Public no longer contain "Protected Information" as defined in the Protective Order and therefore shall be deemed public as described herein for purposes of the Appeal and all other purposes.

It is SO ORDERED.

SIGNED this 16th day of June, 2010.

*/s/ Randall R. Rader*

RANDALL R. RADER

UNITED STATES CIRCUIT JUDGE (sitting by designation)